THOMAS H. ZELLERBACH (State Bar No. 154557)
tzellerbach@orrick.com
DIANA RUTOWSKI (State Bar No. 233878)
drutowski@orrick.com
CATHY SHYONG (State Bar No. 288537)
cshyong@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:	+1 650 614 7400
Facsimile:	+1 650 614 7401

NATHAN SHAFFER (State  Bar No. 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone:	+1 415 773 5700
Facsimile:	+1 415 773 5759

Attorneys for Plaintiff
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Apple Inc.,<br><br>           Plaintiff,<br><br>     v.<br><br>Mobile Star LLC, a New York Limited Liability Company, and Does 1-50,<br><br>           Defendants. | Case No. 3:16-cv-06001<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.  Apple brings this action to protect its customers from dangerous counterfeit power products such as power adapters and charging cables that Amazon.com LLC ("Amazon.com") sourced from Defendant Mobile Star LLC ("Mobile Star") and sold through its internet-based e-commerce platform located at www.amazon.com.  Mobile Star also supplied Groupon, Inc./Groupon Goods, Inc. ("Groupon") with dangerous counterfeit Apple power products that

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

1. Groupon then sold to consumers through Groupon's e-commerce platform. Counterfeit power products, such as those supplied by Mobile Star, pose an immediate threat to consumer safety because, unlike genuine Apple products, they are not subjected to industry-standard consumer safety testing and are poorly constructed with inferior or missing components, flawed design, and inadequate electrical insulation. These counterfeits have the potential to overheat, catch fire, and deliver a deadly electric shock to consumers while in normal use. A white paper recently published by the consumer product safety and testing organization UL (formerly Underwriters Laboratories) reported that counterfeit Apple charging products often "lack the safety features necessary to protects users from shock and fire hazards," and UL tested twelve counterfeit Apple power adapters that "were so poorly designed and constructed that they posed a risk of lethal electrocution to the user."[1] The safety of Apple's customers is of paramount importance to Apple, and Apple devotes significant resources to ensuring its power products meet industry safety standards and are subjected to rigorous testing for safety and reliability. Apple brings this suit to stop Mobile Star from any further distribution of counterfeit Apple products to the public.

2. Apple's customers associate Apple's famous and well-known trademarks, including, among others, APPLE®, the Apple Logo "®," IPHONE®, IPAD®, MACBOOK®, MACBOOK AIR®, MAGSAFE®, and LIGHTNING® exclusively with Apple and Apple's products and services. When consumers encounter these marks and decide to purchase goods and services identified by these marks, they expect to receive genuine Apple products that have been produced by Apple.

3. Apple recently purchased a number of Apple power adapters and charging and syncing cables (collectively "power products") that were directly sold by Amazon.com – not a third party seller – and determined that they were counterfeit. Amazon.com informed Apple that Mobile Star was its source for the majority of these counterfeit Apple products. Amazon.com turned over to Apple additional inventory of Apple power products that Amazon.com had purchased from Mobile Star, and Apple determined that the vast majority of these products were

---

[1] UL, "Counterfeit iPhone Adapters," September 16, 2016, http://library.ul.com/wp-content/uploads/sites/40/2016/09/10314-CounterfeitiPhone-WP-HighRes_FINAL.pdf.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

counterfeit as well.

4.  In June 2016, Fortune Magazine announced that Amazon.com is the most "influential" and most "trustworthy" company amongst U.S. adults.[2] For three years in a row, 2014-2016, Amazon.com has been ranked as the "most reputable" American company by the Reputation Institute, as reported by Forbes Magazine.[3]

5.  Apple purchased the power products identified above (ASIN B012YEWP2K)



Amazon.com Standard Identification Number ("ASIN") B012YEWP2K

from Amazon.com and determined that they were counterfeit. Apple was informed by Amazon.com, and upon that basis is informed and believes, that Mobile Star was the source of those particular counterfeit power products purchased by Apple.

6.  Consumers, relying on Amazon.com's reputation, have no reason to suspect the power products they purchased from Amazon.com are anything but genuine. This is particularly true where, as here, the products are sold directly "by Amazon.com" as genuine Apple products using Apple's own product marketing images. Consumers are likewise unaware that the counterfeit Apple products that Amazon.com sourced from Mobile Star have not been safety certified or properly constructed, lack adequate insulation and/or have inadequate spacing between low voltage and high voltage circuits, and pose a significant risk of overheating, fire, and electrical shock. Indeed, consumer reviews of counterfeit Apple power adapters purchased from

---

[2] http://fortune.com/2016/06/07/fortune-500-amazon-survey-monkey-poll/
[3] http://www.forbes.com/sites/karstenstrauss/2016/03/29/americas-most-reputable-companies-2016-amazon-tops-the-list/#4ad632881c58

Amazon.com and from the above ASIN report that the counterfeit products overheat, smolder, and in some cases catch fire:




Product Review from ASIN B012YEWP2K

7. Consistent with consumers' experiences with and comments about counterfeit power products, the counterfeit Apple power products that Amazon.com sourced from Mobile Star pose a danger to consumer safety. Among other things, they lack adequate insulation and/or have inadequate spacing between low voltage and high voltage circuits, creating risks of overheating, fire, and electrical shock.

8. Apple makes great efforts to combat the distribution and sale of counterfeit Apple products bearing its trademarks. Despite Apple's efforts, fake Apple products continue to flood Amazon.com. Each month, Apple identifies and reports many thousands of listings for counterfeit and infringing Apple products to Amazon.com under its notice and takedown procedures. Over the last nine months, Apple, as part of its ongoing brand protection efforts, has purchased well over 100 iPhone devices, Apple power products, and Lightning cables sold as genuine by sellers on Amazon.com and delivered through Amazon's "Fulfillment by Amazon" program. Apple's internal examination and testing for these products revealed almost 90% of these products are counterfeit. Apple is concerned that consumers are being deceived into purchasing counterfeit products on Amazon.com and elsewhere in the mistaken belief that they are purchasing genuine Apple products. In addition to Apple's significant safety concerns for its

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

consumers, these products, which are consistently poorly constructed, are unlikely to function as well as genuine Apple products. As a result, consumers will erroneously come to think that Apple's products are of inferior quality and lose trust in the Apple brand, damaging the enormous goodwill associated with the Apple trademarks.

9. To stop the ongoing injury to Apple and its reputation and to protect consumers of Apple products, Apple brings this action against Mobile Star and Does 1-50 (each a "Doe Defendant" and collectively "Doe Defendants") (Defendant and Doe Defendants collectively "Defendants"), and alleges as follows:

## I. JURISDICTION AND VENUE

10. This is a Complaint for a preliminary and permanent injunction, damages, and other appropriate relief to stop Defendants from infringing Apple's trademarks and copyrights by advertising and selling counterfeit products bearing Apple's trademarks and copyrighted artwork, and from representing that these counterfeit products are genuine Apple products. In this action, Apple alleges: (1) Counterfeiting and Trademark Infringement (15 U.S.C. § 1114); (2) False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A); (3) Copyright Infringement, 17 U.S.C. § 501 *et seq.*; and (4) Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

11. This Court has subject matter jurisdiction over Apple's claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 (Federal Question Jurisdiction), 1367 (Supplemental Jurisdiction), 1338(a)-(b) (Trademark, Copyright, and Unfair Competition Jurisdiction).

12. This Court has personal jurisdiction over Defendants, who have engaged in business activities in this district, directed business activities to this district, and have committed tortious acts with knowledge that the effects of their acts would be felt by Apple in this district.

13. Venue is proper in this Court because Defendants "may be found" within this judicial district as that term is used in 28 U.S.C. § 1400(a). Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Apple's claims occurred in this judicial district.

## II. THE PARTIES

14. Plaintiff Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.

15. On information and belief, Mobile Star is a New York Limited Liability Company with a principal place of business in New Jersey located at 250 Liberty St, Metuchen, NJ 08840. Mobile Star advertises, distributes, offers for sale, and sells counterfeit products and packaging bearing registered Apple trademarks and trade dress throughout the United States and, on information and belief, reproduces, displays, and distributes unauthorized copies of copyrighted works of Apple.

16. Apple is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 50 but alleges on information and belief that each of them is in some way legally responsible for the wrongs alleged herein. Apple will amend this Complaint to plead their true names and capacities when ascertained.

17. Apple is informed and believes, and thereupon alleges, that each of the Defendants is, and at all times mentioned herein was, the agent of each of the other Defendants in that all times herein mentioned, each of the Defendants was authorized and empowered by each of the other Defendants to act, and did act, as the principal or agent of each of the other Defendants. Apple further alleges that each and every allegation regarding Defendants contained herein was done by each Defendant in the scope of said agency and in the capacity of and as principal or agent for, each of the other Defendants and with the permission and consent of each Defendant.

## III. APPLE'S BUSINESS AND INTELLECTUAL PROPERTY

18. **Apple's Business.**  Incorporated in California in 1977, Apple designs, manufactures, markets, distributes, makes available, and sells or licenses a wide range of mobile communication and media devices, personal computers, and portable digital music players, as well as sells or licenses a variety of related software, services, peripherals, and network solutions, and third party digital content and applications. Among Apple's many product offerings are the iconic iPod®, iPhone®, iPad®, MacBook®, and Apple Watch®, as well as related software and services. Apple also offers a range of accessories for charging and syncing its devices, including

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

1  Apple and MagSafe® power adapters and Lightning® cables (collectively, the "Apple Products").
2  Apple sells Apple Products worldwide through its extensive distribution network consisting of
3  online stores, its brick and mortar retail stores, its direct sales force, cellular network carriers, and
4  authorized third-party wholesalers, retailers, and value-added resellers.  Relevant consumers
5  associate the Apple Products with Apple through the use of Apple's well-known trademarks on
6  such products, the products' unique designs, Apple's recognized distribution network, and
7  Apple's distinguished service-oriented shopping experience that it provides for those interested in
8  purchasing Apple's products.

9      19.    Apple has become one of the most well-known and valuable brands in the world.
10 Industry publications and market-research firms have consistently recognized the fame, value and
11 source-identifying power of Apple's brand.  The "Top 100 Global Brands" published by BrandZ,
12 the world's largest brand asset research database, ranked Apple's brand No. 1 on the list in 2011,
13 2012, 2013, and 2015 and No. 2 in 2014 and 2016.  Interbrand, a leading brand assessment
14 company, has ranked Apple within the top 50 most valuable brands in the world each year since
15 2001 and as the most valuable brand each year since 2013.  In 2016, the most recent report,
16 Interbrand ranked Apple as the most valuable brand, with a value of more than $175 billion
17 dollars.  Apple has also been recognized as one of the most respected, admired, and innovative
18 companies in the world.  For instance, Fortune magazine ranked Apple as the "World's Most
19 Admired Company" every year from 2006 to 2016.  Forbes, which publishes an annual study of
20 the world's most valuable brands, has ranked Apple first for the sixth consecutive year since
21 Forbes began its study in 2010.

22      20.    **Apple's registered trademarks.**  Apple owns registrations for a number of
23 trademarks that it uses to identify its products and services in the marketplace.  Among the
24 trademarks owned by Apple are numerous registered trademarks listed below in paragraph 21 of
25 this Complaint (collectively the "Apple Marks"), including well-known marks such as the APPLE
26 word mark and the registered Apple Logo, both in use since at least 1977.  The APPLE word
27 mark and Apple Logo are two of the most famous and widely recognized marks in the world.
28 They are an integral part of Apple's corporate business and are of enormous value to the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

1  company. Other widely recognized Apple marks include IPHONE, MACBOOK, MACBOOK
2  AIR, MAGSAFE, and LIGHTNING. Apple has spent hundreds of millions of dollars promoting
3  the goods and services associated with the Apple Marks, and millions of Apple's customers use
4  goods and services associated with those marks.

5       21. Apple owns the following United States Registered Trademarks used in
6  connection with power adapters and accessories for various Apple products, which as listed
7  below reflect any updates made through statutory maintenance filings:

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| 3,679,056 | 9/8/2009 |  | Computers; computer hardware; computer peripherals; handheld computers; handheld mobile digital electronic devices for recording, organizing, transmitting, manipulating, and reviewing text, data, image, audio, and audiovisual files, for the sending and receiving of telephone calls, electronic mail, and other digital data, for use as a digital format audio player, handheld computer, personal digital assistant, electronic organizer, electronic notepad, camera, and global positioning system (GPS) electronic navigation device; digital audio and video recorders and players; personal digital assistants; electronic organizers; cameras; telephones; mobile phones; satellite navigational systems, namely, global positioning systems (GPS); electronic navigational devices, namely, global positioning satellite (GPS) based navigation receivers; computer game machines for use with external display screens, monitors, or televisions; a full line of accessories and parts for the aforementioned goods; stands, covers, cases, holsters, power adaptors, and wired and wireless remote controls for the aforementioned goods; computer memory hardware; computer disc drives; optical disc drives; computer networking hardware; computer monitors; flat panel display monitors; computer keyboards; computer cables; modems; computer mice; electronic docking stations; set top boxes; batteries; battery chargers; electrical connectors, wires, cables, and adaptors; devices for hands-free use; headphones; earphones; ear buds; audio |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| | | | speakers; microphones; and headsets; a full line of computer software for business, home, education, and developer use; user manuals for use with, and sold as a unit with, the aforementioned goods. downloadable audio and video files, movies, ring tones, video games, television programs, pod casts and audio books via the internet and wireless devices featuring music, movies, videos, television, celebrities, sports, news, history, science, politics, comedy, children's entertainment, animation, culture, current events and topics of general interest. *See* Ex. A. |
| 3,229,791 | 4/17/2007 | MAGSAFE | Power adapters for computers. *See* Ex. B. |
| 4,891,107 | 1/26/2016 | EARPODS | Headphones; microphones; remote control for controlling audio and video players and mobile phones; sound reproducing apparatus. *See* Ex. C. |
| 3,870,782 | 11/2/2010 | IPHONE | Full line of parts for mobile telephones; mobile phone accessories, namely, mobile telephone covers, mobile telephone cases, batteries, rechargeable batteries, battery chargers, chargers for electric batteries, headphones, stereo headphones, in-ear headphones, stereo speakers, audio speakers for home, personal stereo speaker apparatus, microphones, car audio adapters, headsets, remote controls, connection cables, power adapters, docking stations, and adapter plugs. *See* Ex. D. |
| 3,669,402 | 8/18/2009 | iPhone | Handheld mobile digital electronic devices for the sending and receiving of telephone calls, electronic mail, and other digital data, for use as a digital format audio player, and for use as a handheld computer, personal digital assistant, electronic organizer, electronic notepad, and camera. *See* Ex. E. |
| 3,928,818 | 3/8/2011 | APPLE | Includes: …batteries; rechargeable batteries, battery chargers, battery packs; power adapters for computers; electrical connectors, wires, cables, and adaptors. . .mobile telephone batteries, mobile telephone battery chargers. . . . *See* Ex. F for complete list, which is incorporated herein. |
| 4,537,934 | 5/27/2014 | IPAD | Computer components and accessories; blank computer storage media; computer software and |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| | | | firmware; pre-recorded computer programs for personal information management; database management software, character recognition software, telephony management software, electronic mail and messaging software, mobile telephone software for the sending and receiving of telephone calls; database synchronization software, computer programs for accessing, browsing and searching online databases, computer hardware and software for providing integrated telephone communication with computerized global information networks; telephones; handheld and mobile digital electronic devices for the sending and receiving of telephone calls and faxes; parts and accessories for mobile telephones; cameras, video cameras; telephone-based information retrieval software and hardware; computer software for the redirection of messages, Internet e-mail, and/or other data to one or more electronic handheld devices from a data store on or associated with a personal computer or a server; computer software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer game and electronic game programs; mouse pads; batteries; battery chargers; headphones; audio speakers; microphones; digital music and/or video players; radios; audio, video, and digital sound mixers; bags and cases adapted or shaped to contain hand held computers and tablet computers; all of the aforesaid excluding integrated circuits and software for integrated circuits.  *See* Ex. G |
| 3,222,089 | 3/27/2007 | MACBOOK | Computers, notebook computers, computer hardware, computer operating system software. *See* Ex. H. |
| 3,522,328 | 10/21/2008 | MACBOOK AIR | Computers, notebook computers, computer hardware, computer operating system software, computer peripherals.  *See* Ex. I. |
| 4,726,001 | 4/28/2015 | LIGHTNING | Electrical and electronic connectors, cables, chargers, and adapters for use with computers, digital format audio players, digital audio recorders, digital video recorders and players, telephones, computer peripheral devices, and |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| | | | handheld mobile digital electronic devices capable of providing access to the Internet and for the sending, receiving, and storing of telephone calls, faxes, electronic mail, and other digital data.  See Ex. J. |
| 4,726,738 | 4/28/2015 | (Color Scheme) | Adapters for use with computers, computer peripherals, consumer electronics, portable and handheld digital electronic devices, digital media players, handheld computers, tablet computers, mobile phones, electronic book readers, electronic personal organizer, personal digital assistant, electronic calendar, and global positioning system (GPS) devices.  See Ex. K. |
| 4,604,456 | 7/1/2014 | DESIGNED BY APPLE IN CALIFORNIA | Computers; computer hardware; computer monitors; computer peripheral devices; handheld digital electronic devices for Internet access, for use as a handheld computer, digital format audio and video player, personal digital assistant, electronic organizer, electronic notepad, electronic book reader, global positioning system (GPS) device, and camera, and for sending, receiving, and storing telephone calls and/or electronic mail and other digital data; digital format audio and video players; computer operating system software; wireless communication devices for voice, data, image, and multimedia transmission; computer hardware for communication between multiple computers and between computers and local and global computer networks; set top boxes; computer hardware for the reproduction, processing, playing and streaming of audio, video, images, and multimedia content, for controlling the operation of multimedia devices, and for viewing, searching, storing, and playing audio, video, images, and multimedia content; computer keyboards; computer mice; remote controls, electronic connectors, cables, chargers, docks, and adapters for use with computer and handheld digital electronic devices; cases for computers; batteries; battery chargers; headphones.  See Ex. L. |

Each of the above-listed registrations is valid and subsisting and was valid and subsisting at the time of all acts alleged herein.  Apple has and had the exclusive right to use and license the

1  trademarks identified in each of the registrations.  Registration Nos. 3,679,056, 3,229,791,

2  3,870,782, 3,669,402, 3,222,089, and 3,522,328 are incontestable under 15 U.S.C. § 1065.

3    22.   Each of the Apple Marks identified by registration number above is a distinctive

4  mark that is recognized by consumers as a brand identifier for Apple's goods and services

5  provided under the mark.

6    23.   The Apple Marks, as well as other trademarks owned by Apple, are used in

7  interstate commerce by Apple in connection with the sale, offering for sale, distribution, and

8  advertising of Apple's products and services.  As a result of Apple's enormous investment in

9  developing ground-breaking and high-quality products under the Apple Marks, the Apple Marks

10 have acquired extensive goodwill in the market.  The Apple Marks are extremely valuable and

11 important to Apple and form a cornerstone for Apple's business.

12   24.   **Apple's registered Copyrights.**  Apple regularly creates graphic and textual

13 works that are protected by registered copyrights.  For example, images and text on some product

14 packaging such as Apple's Lightning Packaging are protected by registered copyright.

### IV.   DEFENDANTS' UNLAWFUL ACTIONS

16   25.   Defendants' course of illegal conduct includes the distribution and sale of

17 counterfeit Apple products that Defendants falsely represent are genuine Apple products.  As part

18 of their scheme to deceive consumers, Defendants also use Apple's trademarks, trade dress, and

19 copyrighted works to create the impression that Defendants' inferior and often dangerous

20 products are original Apple products.

21   26.   **Apple's Investigation.**  Through Apple's ongoing efforts to remove counterfeit

22 goods from listings on Amazon.com, Apple purchased from Amazon.com Apple-branded

23 products associated with 12 Amazon.com Standard Identification Numbers ("ASINs"):

24 B015JWKU2G, B010W7NQL0, B00UBL277C, B00KPZEUC4, B00KML141G,

25 B00O5DXXAM, B0097BEFYA, B00VGKN2N0, B0161AB6IW, B012YEWP2K,

26 B0117PL9RY, and B013EUO616.

27   27.   Each of the 12 offers was for an Apple power product such as an Apple 5W or

10W power adapter, cable, or combination of two or more such products. The products were listed as "sold by Amazon.com" and were identified in the Amazon.com listings as genuine Apple products, often using Apple's copyrighted marketing images. Upon careful examination of the products, Apple determined that, although the products bore the Apple Marks and were sometimes in packaging bearing Apple's copyrighted works, the products were not genuine Apple products at all but were counterfeit.



Sold by Amazon.com on ASIN B00KPZEUC4 and sourced from Mobile Star



Sold by Amazon.com on ASIN B012YEWP2K and sourced from Mobile Star

28. Apple informed Amazon.com that it had purchased a number of counterfeit Apple products directly from Amazon.com associated with the 12 different ASINs in correspondence that took place from April 2016 through June 2016. Amazon.com identified Mobile Star as the supplier of the products purchased by Apple and agreed to turn over to Apple its additional inventory of those particular products it had purchased from Mobile Star. In letters dated June 7, 2016 and June 14, 2016, Apple demanded Mobile Star cease distribution of counterfeit Apple

products and to provide basic information about the distribution and source of the counterfeit products. After first failing even to respond to Apple, Mobile Star finally claimed it had bought the goods from "reputable suppliers" but refused to provide any information about those suppliers or about anything else concerning Mobile Star's sale of the counterfeit products.

29. Defendants go to great lengths to associate their counterfeit goods with the goodwill accrued by Apple in the Apple Marks. Defendants imprint the Apple Logo () on their counterfeit goods and make false claims that the goods were DESIGNED BY APPLE IN CALIFORNIA® in order to falsely convey that their counterfeit goods are instead genuine Apple, Lightning cables and MagSafe and USB power adapters. Defendants also use Apple's distinctive packaging and trade dress, including Apple's copyrighted material, for certain of their counterfeit products in order to further conceal the counterfeit nature of their goods. Fake Apple serial numbers are also applied.

30. Apple tested a number of the Mobile Star -supplied power adapters it had purchased and each one failed the Hipot Test (high potential (high voltage) test), also known as the Dielectric Withstanding Voltage test, confirming that the products lack sufficient insulation and/or spacing between the high voltage and low voltage component and have the potential to overheat or deliver a lethal electric shock to a user of the device. Visual inspection of counterfeit adapters that Apple disassembled showed the counterfeits have improper soldering of internal wiring and some even lack critical safety fuses to protect against overheating in the event of a power surge. To conceal the dangers that these Mobile Star products pose to consumers, many also bear a phony UL safety certification.

31. Mobile Star's distribution of counterfeit Apple products is ongoing and extends beyond Amazon.com as shown by Apple's purchase of 10 counterfeit Apple products directly from Groupon in December 2015. The counterfeit Apple products were sold as product bundles associated with Groupon UPC/SKU numbers 885909627306 and 885909627450. Groupon recently identified Mobile Star as the supplier of those counterfeit products.

32. In addition, an Apple investigator recently purchased counterfeit Apple EarPods® headphones and Lightning® cables directly from Mobile Star, showing that Mobile Star is

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 14 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

1  brazenly continuing to sell counterfeit Apple products even after learning that Apple was on to it.

2      33.    As a result of Defendants' unlawful conduct, Apple's business has been harmed.
3  Sales of counterfeit Apple products hurt the sales of genuine Apple products.  In addition, the
4  goodwill associated with Apple's marks and also Apple's reputation are damaged as consumers
5  likely equate Defendants' defective and dangerous products with Apple because they believe
6  incorrectly the counterfeit products are genuine Apple products.

7      34.    The public interest will also be harmed if Defendants' unlawful conduct is
8  permitted to continue.  Consumers who believe they purchased a world-class product designed
9  consistent with Apple's commitment to quality and safety instead face potentially grave safety
10 risks associated with Defendants' counterfeit power products.  At the least, consumers will spend
11 hard-earned money on Defendants' inferior counterfeit goods under the false belief they are
12 purchasing a genuine Apple product.

**FIRST CLAIM FOR RELIEF**
(Trademark Counterfeiting and Infringement Under § 32(l) of the Lanham Act)

15     35.    Apple hereby realleges and incorporates herein the allegations set forth in
16 paragraphs 1-34 of this Complaint.

17     36.    The Apple Marks were in use by Apple at all times relevant to the allegations
18 herein.

19     37.    Defendants used in commerce reproductions, counterfeits, and/or copies of the
20 Apple Marks in connection with the sale, offering for sale, distribution, or advertising of goods in
21 a manner that is likely to cause confusion, or to cause mistake, or to deceive.  The copies of the
22 Apple Marks used by Defendants are identical to or substantially indistinguishable from the
23 genuine Apple Marks.

24     38.    Defendants applied without authorization counterfeit and/or copied versions of the
25 Apple Marks to labels, wrappers, and products intended to be used in commerce and in
26 connection with the sale, offering for sale, distribution, and/or advertising of goods or services in
27 a manner that is likely to cause confusion, or to cause mistake, and/or to deceive. Defendants
28 applied counterfeit versions of the Apple Marks to the classes of products that the Apple Marks

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 15 -

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF
CASE NO. 3:16-cv-06001

are registered for use with the U.S. Patent & Trademark Office.

39.     Defendants acted with knowledge that their use of the Apple Marks was intended to cause confusion, or to cause mistake, or to deceive.

40.     Apple has suffered damages and irreparable harm as a result of Defendants' counterfeiting and infringement and will continue to suffer irreparable injury unless Defendants and their officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of 32(l) of the Lanham Act, 15 U.S.C. § 1114(1).

**SECOND CLAIM FOR RELIEF**
(False Designation of Origin under § 43(a)(1)(A) of the Lanham Act)

41.     Apple hereby realleges and incorporates herein the allegations set forth in paragraphs 1-40 of this Complaint.

42.     Defendants are using in commerce the Apple Marks in connection with the distribution, marketing, and sale of competing products in a manner that is likely to cause confusion, or mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Apple.

43.     The acts of Defendants constitute trademark infringement and false designation of origin in violation of Apple's rights under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Defendants acted willfully and knowingly in engaging in their acts of infringement.

45.     Apple has suffered damages and irreparable harm as a result of Defendants' false designation of origin and will continue to suffer irreparable injury unless Defendants and their officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**THIRD CLAIM FOR RELIEF**
(Copyright Infringement under 17 U.S.C. § 501 *et seq.*)

46.     Apple hereby realleges and incorporates herein the allegations set forth in

paragraphs 1-45 of this Complaint.

47. Apple has created works comprising images and/or text that constitute copyrightable subject matter under the Copyright Act (the "Works").

48. Apple is the exclusive owner of all rights to the Works.

49. Apple has registered with the United States Copyright Office various copyrights for the Works.  One of the Works comprises text and graphics and is titled "Lightning Packaging."  Apple registered the copyright for the Lightning Packaging work, which bears Copyright Registration No. VA0001871759.  A copy of this registration is attached as Exhibit M.

50. Defendants from time to time have copied Apple's copyrighted Lightning Packaging without authorization and from time to time have used and without authorization distributed those unauthorized copies as the packaging for their counterfeit Apple products.

51. Defendants' reproduction and distribution of Apple's copyrighted Lightning Packaging has been and continues to be knowing and willful.

52. Defendants' reproduction and distribution of Apple's copyrighted Lightning Packaging violates Apple's exclusive rights under 17 U.S.C. § 106.

53. Defendants have realized and will continue to realize unjust profits, gains, and advantages as a proximate result of their infringement.

54. Apple has suffered damages and irreparable harm as a result of Defendants' copyright infringement and will continue to suffer irreparable injury unless Defendants and their officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of 17 U.S.C. § 501 *et seq.*

**FOURTH CLAIM FOR RELIEF**
(Unfair Competition under Cal. Bus. & Prof. Code § 17200, *et seq.* and Cal. Common Law)

55. Apple hereby realleges and incorporates herein the allegations set forth in paragraphs 1-54 of this Complaint.

56. The acts described above constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

57. Apple has suffered damages and irreparable harm as a result of Defendants' unfair competition and will continue to suffer irreparable injury unless Defendants and their officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

## V. PRAYER FOR RELIEF

58. WHEREFORE, Apple respectfully requests that the Court enter judgment against Defendants as follows:

1. That the Court issue temporary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors, and assignees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

   a. infringing Apple's trademarks;

   b. infringing Apple's copyrights;

   c. using Apple's trade names, trademarks, or any version thereof, in connection with the description marketing, promotion, advertising, or sale of products or services not approved in writing by Apple;

   d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a. through c.

2. That the Court order the forfeiture and destruction of all counterfeit products bearing the Apple Marks or intended for use with genuine Apple products in Defendants' possession;

3. That the Court award Apple all damages caused by Defendants' unlawful actions;

4. That the Court award Apple treble damages as provided by law;

5. That the Court award Apple all gains, profits, and advantages derived by Defendants from their unlawful acts;

6. That the Court award Apple treble the gains, profits, and advantages derived by Defendants from their unlawful acts;

7. That the Court award Apple statutory damages of up to $150,000, for each registered copyright Defendants infringed;

8. That the Court award statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold by defendants;

9. That the Court enter an award of all just and appropriate restitution;

10. That the Court enter an award of punitive damages as provided by law;

11. That the Court award Apple its attorneys' fees and all other costs associated with this action; and

12. That the Court grant Apple all other relief to which it is entitled and such other or additional relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Apple hereby demands a trial by jury in this action.

Dated: October 17, 2016         ORRICK, HERRINGTON & SUTCLIFFE LLP


By:     */s/ Thomas H. Zellerbach*
THOMAS H. ZELLERBACH
DIANA RUTOWSKI
NATHAN SHAFFER
CATHY SHYONG
Attorneys for Plaintiff
Apple Inc.