THOMAS H. ZELLERBACH (SBN 154557)
tzellerbach@orrick.com
DIANA M. RUTOWSKI (SBN 233878)
drutowski@orrick.com
CATHY C. SHYONG (SBN 288537)
cshyong@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:	+1-650-614-7400
Facsimile:	+1-650-614-7401

NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
405 Howard St
San Francisco, CA 94105
Telephone:	+1-415-773-5700
Facsimile:	+1-415-773-5759

Attorneys for Plaintiff
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MOBILE STAR LLC, a New York Limited Liability Company, and Does 1-50 <br><br> Defendants. | Case No. 3:16-cv-06001-WHO <br><br> **APPLE INC.'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY** <br><br> Dept:   Courtroom 2, 17th Floor <br> Judge: Hon. William H. Orrick <br> Date:   November 30, 2016 <br> Time:  2:00 p.m. |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT ........................................... 1

I.    INTRODUCTION ................................................................................................................ 2

II.    BACKGROUND .................................................................................................................. 3

    A.    Identification Of The Counterfeit Products and Mobile Star as Their Source ........ 3

    B.    Apple's Communications With Mobile Star .............................................................. 4

    C.    The Nature Of The Counterfeit Products ................................................................... 5

III.    THE COURT SHOULD ORDER EXPEDITED DISCOVERY ...................................... 5

    A.    Legal Standard ............................................................................................................. 6

    B.    Discussion ..................................................................................................................... 7

        1.    Expedited Discovery Will Provide a More Complete Record ................... 7

        2.    Expedited Discovery Is Necessary To Identify Counterfeit Products In The Market And To Protect Consumers ................................................. 8

        3.    Mobile Star, Groupon, and Amazon.com Will Not Be Unduly Burdened By Limited Expedited Discovery ............................................... 9

IV.    CONCLUSION .................................................................................................................. 10

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- i -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AT & T Corp. v. Vision One Sec. Sys.*,
   914 F. Supp. 392 (S.D. Cal. 1995) .................................................................................................8

*Coen Co. v. Pan Int'l, Ltd.*,
   No. 14–cv–03392–JST, 2014 WL 3924636 (N.D. Cal. Aug. 8, 2014) ........................................9

*Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*,
   No.: SA CV 16-0969, 2016 WL 3545524 (C.D. Cal. June 28, 2016) ....................................7, 8

*N. Atl. Operating Co. v. Evergreen Distribs., LLC*,
   293 F.R.D. 363 (E.D.N.Y. 2013) .................................................................................................9

*SATA GmbH & Co. Kg v. Wenzhou New Century Int'l, Ltd.*,
   No. CV 15–08157, 2015 WL 6680807 (C.D. Cal. Oct. 19, 2015) ..............................................7

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
   208 F.R.D. 273 (N.D. Cal. 2002) .................................................................................................7

*Signeo USA, LLC v. SOL Republic, Inc.*,
   No. 5:11–cv–06370-PSG, 2012 WL 2050412 (N.D. Cal. June 6, 2012) ....................................8

*Stanley Black & Decker, Inc. v. D & L Elite Invs., LLC*,
   No. 12–4516 SC, 2013 WL 3799583 (N.D. Cal. July 19, 2013) ................................................9

*SuccessFactors, Inc. v. Softscape, Inc.*,
   No. C 08-1376 CW, 2008 WL 686105 (N.D. Cal. Mar. 13, 2008) ............................................8

*SunL Group (L.A.), Inc. v. Seaseng, Inc.*,
   No. EDCV 07-807-VAP, 2007 WL 4144992 (C.D. Cal. Sept. 14, 2007) ..................................8

**Other Authorities**

Federal Rule of Civil Procedure 26 ..................................................................................... 1, 7, 10

Federal Rule of Civil Procedure 30(b)(6) .................................................................................. 6, 7

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that the following Motion For Expedited Discovery will be heard on November 30, 2016, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2, 17th Floor of this Court located at 450 Golden Gate Avenue, San Francisco, California, the Honorable William H. Orrick presiding.

Plaintiff Apple Inc. will, and hereby does, move this Court, pursuant to Fed. R. Civ. P. 26(d) for an order granting limited expedited discovery as set forth in the proposed order and the attachments thereto.  This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the Declaration of David Doan in Support of Apple's Motion for Preliminary Injunction, the Declaration of Marianne David in Support of Apple's Motion for Preliminary Injunction, the Declaration of Robert Pearson in Support of Apple's Motion for Preliminary Injunction, the Declaration of Paul Stone-Jansen in Support of Apple's Motion for Preliminary Injunction, the Declaration of Nathan Shaffer in Support of Apple's Motions for Preliminary Injunction and Expedited Discovery, the materials attached thereto; the record in this matter; and such other and further papers, evidence, and argument as may be submitted in connection with this Motion.

Dated: October 19, 2016                                   Orrick, Herrington & Sutcliffe LLP

By:     */s/ Thomas H. Zellerbach*
THOMAS H. ZELLERBACH
Attorneys for Plaintiff
Apple Inc.

## I. INTRODUCTION

Concurrent with this motion for expedited discovery, Apple Inc. ("Apple") is filing a motion for preliminary injunction against Defendant Mobile Star LLC ("Mobile Star") to stop it from distributing counterfeit Apple products. There is urgency to both of Apple's motions. There is urgency to Apple's motion for preliminary injunction because Mobile Star has been distributing counterfeit Apple power adapters and cables ("Apple power products") that pose a serious risk of overheating, catching fire, and delivering potentially lethal electric shocks to consumers. There is urgency to Apple's motion for expedited discovery because Apple does not know to what downstream distributors and customers, other than Amazon.com LLC ("Amazon.com") and Groupon, Inc./Groupon Goods, Inc. ("Groupon"), Mobile Star has been distributing these dangerous products, who are Mobile Star's upstream suppliers who are continuing to churn out dangerous products, and what are all the other counterfeit Apple products Mobile Star is distributing. Mobile Star refuses to cooperate with Apple. Given the danger the counterfeit Apple power products pose, Apple did not believe it should wait for normal discovery to file its motion for preliminary injunction. At the same time, Apple needs to better understand the scope of Mobile Star's counterfeiting so that it can provide the Court a fuller record of that activity and seek an injunction that provides meaningful relief.

In addition to expedited discovery from Mobile Star, Apple also needs expedited discovery from third parties Amazon.com and Groupon because Groupon and Amazon.com have not told Apple what other Apple-branded and likely counterfeit products Mobile Star has been supplying to them. Their records are also needed to corroborate and supplement those that Mobile Star may produce. In addition, while both Amazon and Groupon have unequivocally identified Mobile Star as their source for the counterfeit products that Apple purchased, Mobile Star has stonewalled Amazon on the pretext that Amazon.com somehow must be mistaken. Accordingly, Apple seeks source records and sworn testimony from Amazon and Groupon to further corroborate Mobile Star's involvement.

The expedited discovery that Apple needs right now is limited and narrow in scope; much of the discovery that Apple will eventually need from Mobile Star, Amazon.com, and Groupon in

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

this case can wait. But just as there is urgency to Apple's motion for preliminary injunction, so is there urgency for Apple to obtain the requested information without delay. As shown below, the good cause standard in the Ninth Circuit for expedited discovery is met in this case.

## II.  BACKGROUND

### A.  Identification Of The Counterfeit Products and Mobile Star as Their Source

***The Amazon Purchases.***  As part of its ongoing brand protection and enforcement program, Apple purchased a number of purported Apple power products from December 2015 through June 2016 sold by Amazon.com on the Amazon.com website. Declaration of David Doan ("Doan Decl.") ¶¶ 3-43. Each of the purchased Apple power products was sourced by Amazon.com, offered for sale by Amazon.com under an Amazon Standard Identification Number ("ASIN"),[1] advertised by Amazon.com on its website, and sold directly to consumers by Amazon.com.[2] Doan Decl. ¶ 3. Each of the products Apple purchased from Amazon.com was sold in connection with and marked with or comprised a registered trademark of Apple. All were purportedly genuine Apple products. Except they weren't. Apple carefully examined the products it bought from Amazon.com and determined they were fake Apple products. Doan Decl. ¶¶ 3, 6-43. Although Mobile Star has been on notice about the counterfeits being sold to Amazon.com, an investigator for Apple recently purchased Apple-branded EarPods® and Lightning® cables directly from Mobile Star. Declaration of Paul Stone-Jansen ("Stone-Jansen Decl.") ¶¶ 5-6. They, too, were counterfeit. Doan Decl. ¶¶ 50-54. Just recently, Apple received confirmation from Groupon that the counterfeit Apple power products sold to Apple by Groupon were also sourced from Mobile Star. Declaration of Robert Potter ("Potter Decl.") ¶¶ 15-16.

Between April 22, 2016 and June 13, 2016 Apple reported to Amazon.com that it had purchased counterfeit Apple products directly from Amazon.com sold via 22 separate ASINs and requested, among other things, that Amazon.com cease sales of these counterfeit products and

---

[1] Because every unique type of product sold on Amazon.com is assigned a specific ASIN, Apple's reference to ASINs refers to and includes the products sold under those ASINs.

[2] While some products on Amazon.com are sold to consumers by third parties, these ASINs were not. Amazon.com and not a third party sold these Mobile Star-sourced counterfeit products to Apple and consumers.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

provide source and inventory information for these counterfeit sales.  Apple also requested that Amazon.com identify other Apple-branded products it had sourced from Mobile Star.  In correspondence dated between May 27, 2016 and June 13, 2016, Amazon.com identified Mobile Star as Amazon.com's source of products for 12 of the 22 counterfeit product listings and indicated that it had additional units of Apple products sourced from Mobile Star remaining in its inventory.  While the information provided by Amazon.com was key in identifying Mobile Star as its primary source of counterfeit Apple power products that Amazon.com was selling, Amazon.com to date has refused to identify other Apple-branded products it has received from Mobile Star.  *See* Declaration of Marianne David ("David Decl.") ¶ 9.

***The Groupon Purchases.***  Also as part of its brand protection and enforcement program, Apple made purchases of purported Apple power products through Groupon's website at groupon.com.  The purchases included four power adapters and six Lightning cables, which were sold in multi-product bundles associated with two different Groupon UPC/SKUs.  Doan Decl. ¶¶ 55-61.  After carefully examining those products, Apple determined they were all counterfeit.  Doan Decl. ¶¶ 57, 60.  Groupon recently informed Apple that the products were sourced from Mobile Star.  Potter Decl. ¶¶ 15-16.  The information provided by Groupon is limited to those products that Apple, through its own efforts, has been able to identify as counterfeit.  Groupon has not identified other Apple-branded products it sourced from Mobile Star.  *See* Potter Decl. ¶ 16.

### B.   Apple's Communications With Mobile Star

Upon learning from Amazon.com that Mobile Star was the primary source of the counterfeit products purchased by Apple, Apple corresponded directly and repeatedly with Mobile Star and its attorneys to try to get Mobile Star to stop distributing the counterfeits and to provide information about Mobile Star's acquisition and distribution of the counterfeits.  After first stonewalling and refusing to respond at all to an Apple letter dated June 7, 2016, Mobile Star responded to a follow-up Apple letter with only a promise that it would get back to Apple.  When Mobile Star finally offered a response on July 8, 2016, it stated only that it had obtained the products from "reputable suppliers"—without providing any information whatsoever about who

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

are the "reputable suppliers," tried to shift the blame to Amazon.com, and challenged Apple to identify the specific accused products notwithstanding that Apple had *already identified* the products in its June 7th and June 14th letters to Mobile Star.  Nonetheless, Apple responded to Mobile Star on July 13, 2016 and provided it with, among other things, photographs of the counterfeit Apple products, including packaging and labeling, that Apple had purchased from Amazon.com.  Apple also repeated its demand for the information that Apple had requested over a month earlier.  Mobile Star refused to provide any of the requested information.  As evidenced in subsequent communications as recently as September 22, 2016, Mobile Star continues to withhold the information Apple has reasonably requested.  Potter Decl. ¶¶ 3-11, Exs. A-G.  It is clear to Apple that Mobile Star will neither voluntarily provide that information nor voluntarily stop distributing counterfeit Apple products.  Indeed, despite Apple having put Mobile Star on notice that it has been distributing counterfeit Apple products, an Apple investigator recently purchased additional counterfeit Apple products directly from Mobile Star.  Stone-Jansen Decl. ¶¶ 5-6.

### C. The Nature Of The Counterfeit Products

The counterfeit Apple power products associated with the 12 ASIN's and 2 UPC/SKUs attributed to Mobile Star by Amazon.com and Groupon are products that consumers use to deliver electricity to Apple products such as iPads®, iPhones®, and Apple laptops such as MacBooks®. Doan Decl. ¶¶ 3-43, 55-61.  They include chargers/adapters and power cables that are supposed to reliably and safely convert high voltage to low voltage and deliver low voltage to consumers' Apple devices.  As detailed in greater detail in Apple's concurrently-filed motion for a preliminary injunction, all of the counterfeit adapters tested and examined by Apply pose serious risk of delivering a lethal electric shock, overheating, or causing a fire.  This is because they lack such important necessities as proper insulation, adequate spacing between circuits, proper soldering of internal wiring, or safety fuses.  Declaration of Robert Pearson ¶¶ 7-9.

### III. THE COURT SHOULD ORDER EXPEDITED DISCOVERY

The narrow expedited discovery sought by Apple is reasonable and bears directly on Apple's motion for preliminary injunction.  Apple seeks discovery to learn the identity of the

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

upstream source(s) of the dangerous products and other downstream distributors of them. Apple also seeks to learn what other Apple-labeled and likely counterfeit products Mobile Star has been distributing to Amazon.com and Groupon. Apple also seeks testimony and source records from Amazon.com and Groupon that further corroborates Mobile Star has been the supplier of the counterfeit products that Apple bought from them in the event that Mobile Star continues its "Amazon is confused" excuse. Apple's proposed expedited discovery requests are attached to this memorandum as Exhibits A-D, and as Exhibits A-D to the proposed order submitted in support of this motion. In sum, Apple seeks the following:

**Mobile Star:** (1) Requests for production of documents and interrogatories pertaining to the identification of (i) all Apple-branded products acquired or sold by Mobile Star in the past three years; (ii) the sources of those products; (iii) downstream distributors to whom those products were sold or distributed; (iv) all transactions and relevant communications involving those products, sources and entities, and (v) Mobile Star's current inventory of Apple-branded products; and (2) a Fed. R. Civ. P. 30(b)(6) deposition limited to the above topics.

**Amazon.com:** (1) Documents pursuant to subpoena pertaining to: (i) Amazon.com's purchase or acquisition of Apple-branded products from Mobile Star in the past three years, and (ii) records substantiating that Mobile Star was the source of the products that Apple bought and identified as counterfeit; and (2) a Fed. R. Civ. P 30(b)(6) deposition pursuant to subpoena limited to the above topics.

**Groupon:** (1) Documents pursuant to subpoena pertaining to: (i) Groupon's purchase or acquisition of Apple-branded products from Mobile Star in the past three years, and (ii) records substantiating that Mobile Star was the source of the products that Apple bought and identified as counterfeit; and (2) a Fed. R. Civ. P 30(b)(6) deposition pursuant to subpoena limited to the above topics.

Good cause exists for the Court to order this expedited discovery.

**A.   Legal Standard**

"In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." "Good cause may be found

where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "[G]ood cause is frequently found in cases involving claims of infringement and unfair competition." *Id.* "Courts may consider the following factors when determining whether good cause exists: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *SATA GmbH & Co. Kg v. Wenzhou New Century Int'l, Ltd.*, No. CV 15–08157, 2015 WL 6680807, at *11 (C.D. Cal. Oct. 19, 2015) (quotation marks omitted). These factors support the limited expedited discovery that Apple seeks in this case.

### B. Discussion

#### 1. Expedited Discovery Will Provide a More Complete Record

Where "cheap, low-quality counterfeit products" compete in the market against trademark-protected genuine products, good cause exists to order expedited discovery in advance of a preliminary injunction hearing. *See Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*, No. SA CV 16-0969, 2016 WL 3545524, at *6, *8 (C.D. Cal. June 28, 2016) (ordering expedited discovery "to aid and enable Plaintiffs to present this Court with a full record … of the counterfeiting activity"); *SuccessFactors, Inc. v. Softscape, Inc.*, No. C 08-1376 CW, 2008 WL 686105, at *1-*2 (N.D. Cal. Mar. 13, 2008) (granting expedited discovery in advance of preliminary injunction hearing in trademark infringement case); *AT & T Corp. v. Vision One Sec. Sys.*, 914 F. Supp. 392, 396 (S.D. Cal. 1995) (holding in trademark infringement action that "[expedited] discovery was necessary to the Court's determination of the preliminary injunction motion"); *cf. Signeo USA, LLC v. SOL Republic, Inc.*, No. 5:11–cv–06370-PSG, 2012 WL 2050412, at *1 (N.D. Cal. June 6, 2012) (granting expedited discovery on issue of actual confusion for preliminary injunction hearing in non-counterfeiting case).

The discovery Apple seeks is narrowly tailored to the issues relevant to preliminary relief, and expedited discovery should be granted to enable the Court to fashion an appropriate injunction if it grants Apple's pending preliminary injunction motion. In order to obtain the full

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

scope of appropriate preliminary relief, Apple must identify all purported Apple products sold by Mobile Star. Apple likewise needs to know Mobile Star's current inventory of counterfeit products in order to ensure compliance with any preliminary relief entered by the Court.

Expedited discovery is also necessary to ensure that evidence is not "secreted, concealed, destroyed, sold off, or otherwise disposed of." *Hand & Nail Harmony*, 2016 WL 3545524, at *8. Mobile Star has repeatedly stonewalled Apple's inquiries into the matter and has never provided Apple with the information it requested. Without expedited discovery, Mobile Star will have more time to sell or otherwise dispose of any counterfeit inventory that Apple is currently unaware of before formal discovery can begin.

### 2. Expedited Discovery Is Necessary To Identify Counterfeit Products In The Market And To Protect Consumers

Identification of counterfeit goods is "good cause" sufficient to grant expedited discovery. *See SunL Group (L.A.), Inc. v. Seaseng, Inc.*, No. EDCV 07-807-VAP (OPx), 2007 WL 4144992, at *7 (C.D. Cal. Sept. 14, 2007) (allowing physical inspection of defendant's warehouse to identify counterfeit goods). The only means by which Apple can timely identify additional counterfeit goods distributed by Mobile Star, additional downstream distributors of the counterfeit goods, and the ultimate source of the counterfeit goods is through limited discovery of relevant records of Mobile Star, Groupon, and Amazon.com. The ability to cross-reference Mobile Star's records with Groupon's and Amazon.com's will help ensure that the information obtained is accurate, complete, and a sufficient basis upon which the Court can craft meaningful preliminary relief.

Good cause for expedited discovery also exists because expedited discovery is necessary to protect consumers. *See Stanley Black & Decker, Inc. v. D & L Elite Invs., LLC*, No. 12–4516 SC, 2013 WL 3799583 (N.D. Cal. July 19, 2013). In *Stanley*, the court issued a temporary restraining order against the sale or distribution of counterfeit batteries designed for consumer products. *Id.* at *1. The batteries, like counterfeit Apple power products, suffered from "significant safety hazards, including an explosion risk." *Id.* at *2. The court approved expedited discovery on a five-day timeline, including document requests, interrogatories, and depositions.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

1  *Stanley Black & Decker, Inc. v. D & L Elite Invs., LLC*, No. 12–4516 SC, Order at ECF No. 26
2  (N.D. Cal. Sept. 5, 2012). The order also authorized expedited discovery on third parties. *Id.*
3  For the same reasons expedited discovery was appropriate in *Stanley*, it is appropriate here. *See*
4  *also Coen Co. v. Pan Int'l, Ltd.*, No. 14–cv–03392–JST, 2014 WL 3924636, at *5 (N.D. Cal.
5  Aug. 8, 2014) (granting expedited discovery where necessary to "to forestall an imminent harm").

6  Consumers are likely to be confused because the counterfeit goods are being offered as
7  genuine Apple products, appear to be identical products, bear Apple's registered trademarks,
8  contain false statements that the products were "Designed by Apple in California," and are
9  sometimes packaged in materials replicating Apple's distinctive packaging. Doan Decl. ¶¶ 3-61.
10 *N. Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 369-370 (E.D.N.Y. 2013)
11 (ordering expedited discovery where counterfeit products were "nearly identical to authentic
12 [products] in appearance" because expedited discovery would "provide Plaintiffs the information
13 necessary to identify and stop continued unlawful activity."). Identification of the counterfeit
14 goods and removal from the market will protect consumers by ensuring they are not duped into
15 spending hard-earned money on cheap and dangerous knock-off products.

16 The sooner Apple can find additional counterfeit products obtained and/or distributed by
17 Mobile Star and take steps to prevent them from reaching the market, the safer the public will be.

### 3. Mobile Star, Groupon, and Amazon.com Will Not Be Unduly Burdened By Limited Expedited Discovery

20 The records that Apple seeks are within Mobile Star's, Groupon's, and Amazon.com's
21 respective control and should be maintained as part of the companies' daily business activities. It
22 is unlikely that Mobile Star, Groupon, or Amazon.com would need to conduct a significant search
23 or seek out difficult to obtain records or information. Apple's requests are few and narrowly
24 drawn and reasonably seek information related to relevant sales and the current inventory of
25 products of the type counterfeited by Mobile Star.[3] Mobile Star will have to produce this basic
26 information in this litigation in any event, and Groupon and Amazon.com will also be subject to

---

[3] Given the very narrow scope of the expedited discovery that Apple seeks from Mobile Star, Groupon, and Amazon.com, Apple reserves its rights to take broader discovery from them following the Rule 26 conference pursuant to the Federal Rules of Civil Procedure.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO

1  third-party discovery. Producing the requested information on an expedited basis will not
2  meaningfully impact either company's burdens or obligations.

3  **IV.    CONCLUSION**

4     While expedited discovery would be appropriate in any case where the inauthenticity of
5  products is beyond serious dispute, it becomes an imperative where, as here, public safety is at
6  stake. As Apple has shown good cause for expedited discovery, the Court should grant Apple's
7  motion.

8  

9  Dated: October 19, 2016                              Orrick, Herrington & Sutcliffe LLP

11                                                    By:  */s/ Thomas H. Zellerbach*
                                                          THOMAS H. ZELLERBACH
12                                                         Attorneys for Plaintiff
                                                          Apple Inc.

SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

APPLE'S MOT. & MEM. ISO EXPEDITED
DISCOVERY
CASE NO. 3:16-cv-06001-WHO