Pages 1 -21

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ORRICK

APPLE, INC.,                      )
                                  )
              Plaintiff,          )
                                  )
  VS.                             ) NO. C 16-6001 WHO
                                  )
MOBILE STAR, LLC,                 )
                                  )  San Francisco, California
              Defendant.          )  Wednesday
                                  )  November 9, 2016
_____  )  2:00 p.m.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff**:          ORRICK, HERRINGTON & SUTCLIFFE
                            1000 Marsh Road
                            Menlo Park, California  94025
                    **BY:  THOMAS H. ZELLERBACH, ESQ.**

                            ORRICK, HERRINGTON & SUTCLIFFE
                            The Orrick Building
                            405 Howard Street
                            San Francisco, California  94105
                    **BY:  NATHAN D. SHAFFER, ESQ.**


**For Defendant**:          GREENBERG GLUSKER FIELDS CLAMAN &
                              MACHTINGER, LLP
                            1900 Avenue of the Stars
                            Suite 2100
                            Los Angeles, California 90067
                    **BY:  AARON JOSEPH MOSS, ESQ.**


          **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
                *Official Reporter - US District Court*
                *Computerized Transcription By Eclipse*

1   **APPEARANCES:   (CONTINUED)**

2

    **For Defendant:**                TUCKER, ELLIS, LLP
3                                     515 South Flower Street
                                      42nd Floor
4                                     Los Angeles, California 90071
                        **BY:   BRIAN K. BROOKEY, ESQ.**
5

6                                     -   -   -

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2  **Reported By:**    ***Debra L. Pas, CSR 11916, CRR, RMR, RPR***
3                  *Official Reporter - US District Court*
                 *Computerized Transcription By Eclipse*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**P R O C E E D I N G S**

**November 9, 2016**                                              **3:15 p.m.**

      **THE CLERK:**  Calling Civil Matter 16-6001, Apple, Incorporated versus Mobile Star, LLC.

    Counsel, please come forward and state your appearance.

      **MR. ZELLLERBACH:**  Good morning, your Honor.  Tom Zellerbach from Orrick, Herrington and Sutcliffe for the plaintiff, Apple, Inc.

    I also have with me Nathan Shaffer from the firm as well.

      **THE COURT:**  Good afternoon.

      **MR. MOSS:**  Good afternoon, your Honor.  Aaron Moss, Greenberg, Glusker, for, the defendant Mobile Star.

    With me, Brian Brookey, Tucker Ellis, also for the defendant.

      **THE COURT:**  Good afternoon.

      **MR. BROOKEY:**  Good afternoon.

      **THE COURT:**  So I'm inclined to allow some form of expedited discovery because of the evidence of counterfeiting. I don't understand Apple's timing here.  So the reply on the P.I., I guess, is due tomorrow.

      **MR. ZELLERBACH:**  It's tonight, I believe.

      **THE COURT:**  Or tonight.  It's the 9th, that's right. I'm focused on the 8th, but it's the 9th.

    The hearing is on December 7th.  So none of the documents or evidence that Apple is seeking is really available for the

1    P.I. hearing since the briefing is already done.

2        So what I'm thinking of is doing one of two things, and
3    I'm interested in your view.

4        One is to give Mobile Star 45 days to respond to the
5    discovery and get all the discovery and the depositions.  That
6    takes us out to about December 19th.  And then to set a
7    briefing schedule for the preliminary injunction hearing to
8    occur sometime in January.  So that's -- that's my first and
9    maybe best idea.

10       But my second idea is to hold the preliminary injunction
11   hearing based on what you filed on December 7th and then maybe
12   I'll expedite discovery because of -- for enforcement purposes
13   or otherwise.

14       And I haven't read what you filed on the P.I. hearing, so
15   I have no idea how complete the information is.  I think a
16   five-day expedited discovery period is just unreasonable,
17   particularly since there is no TRO and what Apple is seeking
18   isn't going to be easy to produce or to respond to.

19       So that's -- those are the things that I was thinking
20   about.  Mr. Zellerbach, I'll let you go ahead.

21           **MR. ZELLERBACH:**  Certainly.

22       One of the options, and an option that's frequently
23   employed when there is expedited discovery and a P.I. pending
24   at the same time, is to have very short supplemental brief; you
25   know, five pages and declarations put in shortly before the

1   hearing.  So that's another option.

2       If the Court not north going to consider that as an

3   option --

4          **THE COURT:**  I'm not inclined to do that just

5   because the -- because you didn't try to get a TRO in the first

6   instance.  So I haven't really come to -- I haven't landed even

7   in a preliminary way on the merits.  You've produced some

8   evidence with respect to -- allegations with respect to

9   counterfeiting, which look like maybe there is something to

10  them.

11      But then it makes more sense to me to get -- to either

12  have a complete record or maybe you have enough in your P.I.

13  briefing and then I can order discovery afterwards if I -- if I

14  end up granting the preliminary injunction.

15      So I'm not inclined to do the first thing that you

16  suggested.

17          **MR. ZELLERBACH:**  All right.  Certainly, we would --

18  between the other two options, we would have you continue the

19  time and push out the motion -- or the hearing on the

20  preliminary injunction.

21      There is some very important evidence that we -- that

22  Apple cannot get without a subpoena, probably the only big

23  issue in dispute in this case, although is -- Mobile Star

24  basically disputes that Amazon.com and Groupon know where their

25  merchandise comes from.

1        So Apple does have evidence from Amazon.com that Mobile
2    Star is the source of the counterfeit products, or many of the
3    counterfeit products that Apple bought.  And in spite of that
4    Mobile Star disputes it in their papers.
5        During the entire period when Apple was trying to get
6    Mobile Star's cooperation and Mobile Star kept saying:  We're
7    looking into it.  We're looking into it.  They finally --
8    Mobile Star finally took the position:  Well, you know, we
9    don't think that Amazon knows where it's coming from and prove
10   to us that Amazon.com got the materials from us.  So,
11   obviously, Apple can't make that proof.  All the records are
12   with Amazon.com.
13       Amazon.com has indicated to us that they will respond to a
14   subpoena and they will supply the information that will
15   corroborate that Mobile Star is the source of it, but that's --
16   that is important information.  In their papers they have
17   objected to the evidence that Apple has put in as far as
18   hearsay.  And the Court, of course, has discretion to accept
19   hearsay on a preliminary injunction motion.  I don't know that
20   you would or will.  And this is important enough that Apple
21   wants to get corroboration from Amazon.com.  Hopefully, from
22   Groupon as well.
23           **THE COURT:**  Okay.
24           **MR. ZELLERBACH:**  That will absolutely put this issue
25   to rest.

1      Mobile Star has said:  Prove to us that Amazon.com is

2  correct.  And that's basically what we want with the

3  third-party discovery.  And I would think if this is such an

4  urgent issue and burning issue of dispute with Mobile Star,

5  they would want that information also.

6          **THE COURT:**  Okay.  So let's hear from Mobile Star.

7          **MR. MOSS:**  Thank you, your Honor.

8      I do have a couple of thoughts and ideas, but if I could

9  just very briefly back up.

10     I think there has been a real misconception that has been

11  created in Apple's papers about who Mobile Star is and what it

12  does as a company.  Mobile Star does not manufacture any of the

13  products at issue.  It acquires the products from various

14  companies that get excess inventory from cell phone carriers.

15  It then sells to companies like Groupon and Amazon.  And so in

16  that respect it's very similar to a Groupon and an Amazon,

17  except just one link up in the chain of distribution.

18     And even if we assume that Mobile Star purchased an item

19  and then sold that item and it turned out to be counterfeit,

20  there has really been no suggestion, let alone evidence, that

21  Mobile Star knew or suspected that that was, in fact, the case.

22     And, of course, this is going to come out in discovery.  I

23  think, you know, we all recognize that this is discoverable

24  information.  The question really is when?  When do we do this?

25     And early discovery is not the norm.  It is not even

1   automatic in preliminary injunction cases, as several of the

2   citations that we gave your Honor indicate.

3        In discovery the issue that I have with it is that it is

4   extremely overbroad and, frankly, not necessary for a

5   determination on this particular motion.  It really goes to the

6   merits of the case.

7        As your Honor pointed out, the motion will be fully

8   briefed as of today.  Ready for hearing on the 7th.  Apple

9   filed hundreds of pages of evidence.  Six different supporting

10  declarations.  Did not seek to alter the briefing schedule,

11  even though it filed its motion for expedited discovery on the

12  same day as the motion for preliminary injunction.

13       And there has really been no showing as to why Apple can't

14  wait until the normal course of discovery.  There really needs

15  to be a need has opposed to a desire for early discovery and a

16  showing that irreparable harm would result in delaying that

17  discovery, which has not been shown.

18       So I also want to briefly address this lack of cooperation

19  issue because it really goes to the heart of the discovery

20  issue.  We want to cooperate because, frankly, it's going to

21  exonerate Mobile Star to -- for us to demonstrate that we get

22  our products not from some Chinese counterfeit outfit, but

23  rather from reputable U.S. resellers.

24       But the fact is is that the cooperation that Apple has

25  sought would require Mobile Star to hand over voluminous

1  documents, really, you know, every transaction record for the

2  past three years, opening up its business records to Apple

3  without any assurance that at the end of the day that is going

4  to satisfy Apple.

5      And so I think that the first issue is that it wants all

6  documents evidencing all transactions, not simply the power

7  products that it alleges in the complaint were sold and were

8  counterfeit, all Apple products.  And what I would suggest is

9  that Mobile Star provide the identities of the suppliers.

10      I would also offer that Mobile Star provide a

11  representative invoice for each of the suppliers of the goods

12  at issue; not every transaction, but an invoice so that there

13  is -- at least Apple can see that there is indicia here that we

14  purchase from reputable companies.

15      To the extent that we have the Amazon and Groupon issue, I

16  do want to correct a misstatement that was in papers.  There is

17  absolutely evidence, and you'll see it when you read the

18  opposition to the preliminary injunction motion, that Amazon

19  commingled goods and that there is really no way to determine

20  exactly from what seller they came.  That is not the case for

21  Groupon.  One thing that we can do is, again, try to provide a

22  representative invoice.

23      I would like to be cooperative.  I do think that

24  ultimately it will exonerate us, but I'm also sensitive to the

25  fact that this discovery is wide ranging.  We have a hearing on

1  the 7th.  And I think, frankly, it's just not needed given what

2  they are seeking and what evidence that they put on so far.

3          **THE COURT:**  All right.  Mr. Zellerbach.

4          **MR. ZELLERBACH:**  Thank you, your Honor.

5     Let me put a few things in perspective.  Apple knows at

6  this time that Mobile Star sells six different Apple branded

7  product types.  Apple doesn't know what their other products

8  are.

9     Apple also knows that Mobile Star has distributed

10  thousands and evidence suggests tens of thousands of these

11  counterfeit products.  Most of these counterfeit products

12  are -- or a large percentage of these counterfeit products are

13  power charges that convert high voltage to low voltage.  And

14  these are dangerous products.  Apple has tested them.

15  Underwriter Laboratory has tested them.  They place consumers

16  at a high risk of electrical shock, electrocution, of starting

17  fires.  There is evidence in the papers that that happens.

18     One of the reasons that discovery is important is to find

19  the upstream suppliers and, hopefully, cut those off.  I don't

20  think a representative invoice is going to do it.  There are so

21  many -- Mobile Star --

22          **THE COURT:**  Can you limit your discovery to the power

23  charging or the power products that you're concerned about, as

24  opposed to the other five products?

25          **MR. ZELLERBACH:**  Those certainly are the most

1  important.

2      But the injunction Apple seeks is that Mobile Star simply

3  stop selling counterfeit Apple products.  Apple knows of other

4  products.  Apple made a direct buy through an investigator of

5  other products.  And the -- Apple believes the injunction

6  should cover all of them.  Mobile Star -- Mobile Star shouldn't

7  be allowed to --

8          **THE COURT:**  That's what the injunction is about.  The

9  question is:  What do you need in order to make your case and

10 be able to rebut the -- whatever case, whatever defense that

11 Mobile Star has?

12     So here is what I'm going to suggest.  Let me make a

13 suggestion to you and then you can add something.

14     Why don't you go up to the 18th floor to the Attorney

15 Lounge and sit together for an hour and talk about what's

16 reasonable for Mobile Star to produce during -- in a shortened

17 period and what a good schedule would be for the preliminary

18 injunction hearing that gives me at least 11 days to -- after

19 the reply is in to look at the issues.

20     Okay?  So that -- that's my idea.  Then come back here at

21 4:30 and I'll talk with you.  If you're unable to agree on

22 things, then I'll just make a unilateral decision on that.

23         **MR. MOSS:**  Your Honor, I think it's a good suggestion

24 and we'll, obviously, comply with that.

25     One thing I should just note, though, is that two of the

1   pieces of discovery are third-party subpoenas.  Obviously,

2   those parties aren't here.  They are not -- they may well have

3   something to say about this.  I don't know.

4        **THE COURT:**  I understand that.  And I don't intend to

5   put any limits on when that happens.  I would think that you

6   would want to give them more than five days.

7        **MR. ZELLERBACH:**  Certainly.  If your Honor is pushing

8   out the schedule, we absolutely will.

9        **MR. MOSS:**  I don't know if there is going to be

10  objections or -- I just don't know.

11       **THE COURT:**  I understand.  That's a problem.  But I'm

12  more concerned about the documents that Mobile Star is able to

13  produce that will give a clear picture to what's going on.  And

14  if there is -- I can't imagine that you need to -- anything

15  from Apple, but if there was something that you thought was

16  important, you know, you should raise that with Mr. Zellerbach.

17       Then come back here at about 4:30 and I will -- I'll come

18  out here at about 4:30 and then we'll see where we're at.

19       **MR. ZELLERBACH:**  Your Honor, just so I'm clear.  The

20  schedule you're proposing, obviously, 11 days between when you

21  get the last papers and hearing and --

22       **THE COURT:**  Here is the -- I mean, you've already

23  briefed the bulk of things.  So what you're going to be adding

24  in are the facts that you gather in discovery.  So that should

25  allow you to truncate your briefing.  But the two of you -- or

 1  three -- four of you can figure that out.

 2      I'm thinking of a hearing, oh, maybe February 1st, which

 3  would mean that the briefing would be done January 20th and

 4  that would give you ample time.  But if you wanted to agree to

 5  a different schedule, as long as I had that period of time,

 6  those 11 days, I'll be satisfied.

 7          **MR. ZELLERBACH:**  Your Honor, do you envision both

 8  parties then submitting supplemental briefs?

 9          **THE COURT:**  I envision both parties submitting

10  supplemental briefs -- you should talk about what's going to be

11  the most effective thing, but if you've briefed the -- I would

12  think that you would each want to submit a supplemental brief

13  saying this is what -- this is what we've learned.  In addition

14  to all those reasons why we were right before, here is what --

15  here are even more.

16          **MR. ZELLERBACH:**  Thank you, your Honor.

17          **MR. MOSS:**  Thank you, your Honor.

18          **MR. BROOKEY:**  Thank you, your Honor.

19          **THE COURT:**  All right.  So I will be back here at

20  4:30 to see you.  Thank you.

21      (Whereupon there was a recess in the proceedings

22      from 3:32 p.m. until 4:28 p.m.)

23          **THE CLERK:**  We are recalling Case No. 16-6001, Apple,

24  Incorporated versus Mobile Star, LLC.

25      Counsel, if you'll please approach.

1          **MR. ZELLERBACH:**  Your Honor, we made a lot of

2  progress.

3          **THE COURT:**  Did you?  Good.

4          **MR. MOSS:**  We did.

5          **MR. ZELLERBACH:**  We still have a little bit more

6  meeting-and-conferring, but it's going to apply to the search

7  terms on certain documents.  And we'll talk and we'll each have

8  input on what search terms will be appropriate on that.

9      There is one outstanding issue, which is -- we understood

10  the Court and we think it's appropriate since both sides are

11  going to be taking evidence.  Mobile Star will also be taking

12  the deposition of Amazon.com.  That both parties put in a fact

13  focused -- their own fact focused brief on the same day.

14          **THE COURT:**  Okay.  That's -- there is a disagreement?

15          **MR. ZELLERBACH:**  Right.  There is a disagreement.

16  Since this is an argument, both sides are basically explaining

17  the facts, we think that's the fairest and most efficient way.

18          **MR. MOSS:**  Right.  So our feeling on that is that,

19  you know, obviously, the facts can be argued a lot of different

20  ways.  And given that it is Apple's burden, I feel that we

21  ought to have the ability, rather than try to predict what they

22  are going to say the evidence shows and then rebut that

23  prediction, which may or may not be correct, to actually see

24  what they are going to say?

25          **THE COURT:**  I agree.  So let's do -- we can do

1  responsive briefs on that.

2       **MR. MOSS:**  So I think that the thinking was that --

3  so that your Honor would have 11 days, is that we would file

4  our brief, the reply brief, on January 20th for a February 1st

5  hearing.  That would give you, I think, 12 days maybe.  That we

6  would have eight days to do our reply, so Apple would file its

7  brief on January 12th.  That's the briefing.

8       With respect to the discovery, we would deem Apple's

9  discovery of Mobile Star as modified by our agreement to be

10  served today.  We would produce documents and responses to

11  interrogatories within 30 days of today.  My client, I believe,

12  is going to be available that following week.  So this would be

13  30 days.  I think it's around December 8th.  The deposition of

14  the Mobile Star 30(b)6 witness would be that following week;

15  sometime 13th, 14th around there.  And then that way, that

16  would all -- all the Mobile Star discovery would be completed

17  well before of the holidays.

18       What we don't yet know -- I'm sorry.  With regard to the

19  third-party discovery, we are going to serve Amazon and Groupon

20  on this coming Monday, which is November 13.  Mobile Star is

21  going to prepare some short -- just a few document requests of

22  its own and some 30(b)6 topics.  We will agree that we're both

23  going to serve them on the same day.  We will set, you know,

24  plenty of time for Amazon and Groupon to respond, at least 30

25  days.

```
 1        The only question then is going to be their deponent, and
 2   I think that at least in the initial instance we would notice
 3   that deposition for maybe January 5th, 6th.  I mean, we'll have
 4   to talk about it because they are in different places, but that
 5   can be worked out.
 6        And then --
 7            MR. ZELLERBACH:  We're not asking you to order the
 8   dates, obviously, when the depositions are going to occur.
 9   We'll have to work that out.
10            THE COURT:  Okay.
11            MR. ZELLERBACH:  And with the third parties.
12            THE COURT:  I assume that you've already had some
13   conversations with Amazon anyway.  So you know who you're
14   dealing with and you should let them know that I'm very
15   interested in having this done cooperatively and within the
16   time frames that you're suggesting generally.
17            MR. MOSS:  And then with respect to the actual -- the
18   Mobile Star requests, Apple has agreed -- so we are going to
19   extend it to all -- we have agreed, Mobile Star, to extend it
20   to all Apple products that we have bought or sold, not simply
21   the ones at issue in the complaint; that we will produce all
22   invoices and shipping records for those products for the last
23   two years.
24            MR. ZELLERBACH:  And orders as well.
25            MR. MOSS:  And orders, right.  So 2015 and 2016.  Can
```

1  we just say starting January 1st, 2015?

2      The communications, we will not be producing all

3  communications with the sellers and buyers, but we will be

4  producing any communications that bear on the issue of the

5  genuineness or lack thereof.

6      We will agree to search terms, synonyms of that concept

7  and search any communications either with our sources or with

8  our buyers on that subject.

9          **MR. ZELLERBACH:**  Actually, just two things.  We

10  have -- we didn't agree to go from three to two years.  I know

11  that's what you want.

12          **MR. MOSS:**  That was my -- my --

13          **MR. ZELLERBACH:**  But our sense is if they are culling

14  out records by computer, it's no more burdensome to put in

15  three years than it is two years.  And that, actually, seems a

16  more reasonable window to get a sense of the products, a sense

17  of where they have gone, if they are still around.

18          **MR. MOSS:**  I mean, the idea, from our perspective,

19  was that this was going to be a compromise and right now we're

20  giving them everything that they've asked for other than all

21  communications, which I think was inherently burdensome.

22      So the only other concession we're asking for is a slight

23  narrowing.  And in exchange for that we are willing to produce

24  in 30 days, as opposed to 45 days, where we start to really get

25  jammed up, you know, with the holidays.

```
 1          THE COURT:  All right.  I'm -- I think two years is
 2  going to get you what you need with respect to the preliminary
 3  injunction.  It may be a waste of Mobile Star's time to reduce
 4  it in that way, but I'm -- two years is, I think, appropriate
 5  for a preliminary injunction if that's what Mobile Star wants
 6  to do.
 7          MR. MOSS:  We're willing to do two years.
 8          MR. ZELLERBACH:  If Apple, obviously, needs more
 9  discovery well after the preliminary injunction --
10          THE COURT:  You definitely will and you'll be
11  entitled.  I agree with you.  Three years is a reasonable
12  period.  It's just a question of, you know, what's the burden
13  between now and the time of the preliminary injunction hearing
14  and I think two years is sufficient.
15          MR. MOSS:  Were there any other open issues?
16          MR. ZELLERBACH:  No I think that's it.
17          MR. MOSS:  And we'll, obviously, continue to
18  meet-and-confer on both the search terms.  And we know that
19  we're going to serve the subpoenas on the third parties this
20  coming Monday, but we'll talk about a date you know for those
21  depositions, obviously, subject to their availability and
22  whatever response they may have to this.
23          THE COURT:  All right.  Mr. Zellerbacher.
24          MR. ZELLERBACH:  Yes, your Honor.
25      Just that we would request that the Court issue an order
```

1  granting leave for this discovery so that if we run into any

2  issues with Amazon and Groupon.

3        **THE COURT:**  So I am now going to say "so ordered,"

4  but here is what I want to you do because this happens from

5  time to time, where everybody goes upstairs and they come down

6  and they all have reached agreement and the next day or a week

7  later it's fuzzier.

8       So what I would like you to do is to reduce this to

9  writing in the form of a stip and order and I will sign it.

10  And I would like it -- I'd like it tomorrow.  But if that's

11  unreasonable, then I definitely want it by Monday.  So that --

12  then there shouldn't be any question.

13        **MR. MOSS:**  Okay.

14        **THE COURT:**  Okay?  So is there anything else that we

15  need to do at this point?

16        **MR. MOSS:**  I think just formally then the hearing --

17  I'm sorry.  There is actually two other things.

18       So given that the supplemental briefing is going to be

19  just dealing with the facts as they were developed in

20  discovery, we've agreed that -- a shorter page limit.  So were

21  thinking 10 pages, if that's all right with the Court.

22        **THE COURT:**  That sounds like a lovely idea.  I should

23  have thought of it myself.

24        **MR. MOSS:**  That's number one, the page limit.

25       And then consistent with the fact that it is just designed

1  to deal with that discovery, Apple's reply continues to be due

2  today.  And so that way as of tonight --

3       **THE COURT:**  Yes.  That's exactly right.  So sort of

4  the legal issues that are at play at the moment, I understand

5  that maybe some other ones will be raised by the facts, but

6  let's get that completed.  And, yeah.  So you should go ahead.

7       **MR. ZELLERBACH:**  Just one point of clarification,

8  your Honor.  The 10-page limit would be briefs.  Obviously, if

9  they are declarations that are authenticating evidence, that

10  would be two pages.

11       **THE COURT:**  Exactly right.

12       **MR. MOSS:**  I think finally just for housekeeping,

13  we're going to be taking the preliminary injunction hearing

14  that is currently set for December 7th and taking that off

15  calendar.

16       **THE COURT:**  Yes.  We are continuing that until

17  February 1st.

18       **MR. MOSS:**  Okay.

19       **THE COURT:**  Thank you.  Thank you for sitting down

20  together.  It is the best way to resolve everything.

21       **MR. MOSS:**  Thank you.

22       **MR. BROOKEY:**  Thank you, your Honor.

23      (Proceedings adjourned.)

24

25

## <u>CERTIFICATE OF OFFICIAL REPORTER</u>

    I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Monday, November 14, 2015