Pages 1 - 14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ORRICK, JUDGE

| | | |
|---|---|---|
| APPLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-06001-WHO |
| | ) | |
| MOBILE STAR, LLC, | ) | |
| | ) | |
| Defendant. | ) | San Francisco, California |
| _____ | ) | Tuesday, February 21, 2017 |

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
OF PROCEEDINGS**

FTR 2:12 p.m. - 2:32 p.m. =  20 minutes

**APPEARANCES**:

For Plaintiff:         Orrick, Herrington & Sutcliffe
                       1020 Marsh Road
                       Menlo Park, California  94025
                  BY:  **THOMAS H. ZELLERBACH, ESQ.**
                       **NATHAN D. SHAFFER, ESQ.**

For Defendant:         Greenberg Glusker Fields Claman
                         & Machtinger LLP
                       1900 Avenue of the Stars #2100
                       Los Angeles, California  90067
                  BY:  **AARON JOSEPH MOSS, ESQ.**

Transcribed by:        Leo T. Mankiewicz, Transcriber
                       leomank@gmail.com
                       (415) 722-7045

<u>Tuesday, February 21, 2017</u>

<u>2:12 p.m.</u>

P R O C E E D I N G S

**THE CLERK:** Calling civil matter 16-6001, Apple, Incorporated versus Mobile Star, LLC.

Counsel, please come forward and state your appearance.

**MR. ZELLERBACH:** Good afternoon, your Honor. Tom Zellerbach from Orrick for Apple. With me is Nathan Shaffer from Orrick also, and we also have Heather Grenier from Apple sitting behind the bar.

**THE COURT:** Welcome.

**MR. MOSS:** Good afternoon, your Honor. Aaron Moss, Greenberg Glusker, for the defendant Mobile Star.

**THE COURT:** Welcome. All right, so there were a few things that I saw. So you filed the stip today on the mediation. Have you -- you haven't selected the mediator by the time that you filed that stip. Have you done that now?

**MR. ZELLERBACH:** No, we haven't done that. We're working on that this week. We expect to talk toward the end of the week about candidates who we're going to select.

**THE COURT:** Finish it this week. Finish your discussions, and get on that person's calendar, because you'll want to have somebody who's good. They're going to be tied up. So please do that by the end of the week.

1     And then you'll obviously want to focus your discovery
2 accordingly, so that you can just get the stuff that you need
3 in order to have effective mediation.  Just focus on that.
4     With respect to other discovery in general, if you
5 want to do something more than what the Federal Rules generally
6 allow, you'll have to prove to me that this is a case that
7 needs 20 depositions, for example.  So if you can't agree on
8 who's going to get deposed and what the numbers are, send me a
9 joint letter, and I'll figure it out for you.  I don't know
10 that this -- I don't know why this is a case that would require
11 more than ten, but maybe it does, and you can educate me then.
12 You don't have to educate me now.
13     And then, scheduling.  So I have two alternatives for
14 you.  You have asked for a January 29th trial date, 2018, which
15 I could give you, but if I did that, I would change the last
16 date for hearing of the dispositive motion and move it back to
17 November 1st, so that I would have enough time between -- I'd
18 like to have about three months between that and the time of
19 trial.
20     **MR. MOSS:**  It's fine with us, your Honor.
21     **THE COURT:**  That works for you.
22     What about you, Mr. Zellerbach?
23     **MR. ZELLERBACH:**  I'm sorry, your Honor, could I get
24 you to --
25     **THE COURT:**  We could keep the January 29th trial date

1  if you want it, but we would then change the last day for
2  hearing a dispositive motion to November 1st.  I think that
3  should give you time, given how quickly you're intending to do
4  fact discovery, but I will wait for you.
5          **MR. ZELLERBACH:**  Well, the November 1st date could be
6  problematic, your Honor, because we have a number of September
7  deadlines for disclosure of experts, disclosure of rebuttal
8  experts toward the end of September, and if those are needed to
9  file a dispositive motion, I don't think November 1st would
10 work.
11         **THE COURT:**  I think that that's right, if you need
12 those expert dates.  So that the other possibility is, I have
13 February 26th, and then I could -- we could keep the remaining
14 dates as you had them.
15         **MR. ZELLERBACH:**  That would be fine, your Honor.
16         **THE COURT:**  Would that work for both sides?
17         **MR. MOSS:**  Yeah, your Honor, that's fine.
18         **THE COURT:**  All right.  So February 26 will be the
19 trial date.  We'll set a pretrial conference for January 29th,
20 and keep the remaining dates the way that they are in the CMC
21 statement.  So the last possible hearing date for the
22 dispositive motions will be December 6th.
23         **MR. MOSS:**  So, your Honor, excuse me, on
24 February 26th, is that...?
25         **THE COURT:**  February 26 for trial.

1     **MR. MOSS:**  May I be heard on the timing regarding the
2  mediation?
3     **THE COURT:**  Sure.
4     **MR. MOSS:**  So the parties did have alternate proposals
5  with regard to that, as well.
6     **THE COURT:**  And I probably didn't pay attention to it.
7     **MR. MOSS:**  So Apple proposed that the mediation be
8  completed within 90 days.  Mobile Star has requested that the
9  mediation be completed within 60 days, and that the discovery
10 actually be stayed during those 60 days, and I would just like
11 to very briefly be heard on that.
12     The last time we were before your Honor was about
13 three and a half months ago, and so while certainly there was
14 early discovery, I don't think in any stretch it could have
15 been called expedited, and certainly not limited.  There were
16 depositions in four different cities, New York, Chicago,
17 Seattle, San Francisco.  Mobile Star produced over 350,000
18 pages of documents, at great burden and expense.
19     And what these past three and a half months have
20 revealed is that contrary to Apple's initial suspicions, Mobile
21 Star is not, you know, the kingpin of a Chinese counterfeit
22 operation, and in fact, there are a number of suppliers that
23 Mobile Star -- that -- I'm sorry -- Apple would like to take
24 discovery from and potentially add as defendants in the case.
25 They listed, I believe, 20 suppliers in their initial

1   disclosures.
2       And my concern on behalf of Mobile Star is that we
3   don't want to be just along for the ride, and I don't think
4   that there would be anything precluding, given that they were
5   named as Does for Apple, to settle with Mobile Star and
6   continue against what are now Does but would later be actual
7   named suppliers.
8       But from my client's perspective, the amount of
9   resources that we have had to put into this case and the amount
10  of discovery that has already been provided, I'm really looking
11  for a way to try to have a good-faith settlement discussion
12  sooner rather than later, before we spend even more money and
13  produce another 500,000 pages of documents, which seems to be
14  the road that Apple is going down.
15      So I wanted to at least broach that subject, a stay of
16  discovery, a mediation on a shorter leash, and at least see if
17  there's a way to resolve it.
18      **MR. ZELLERBACH:** Thank you, your Honor.  As a
19  threshold matter, discovery has been extremely limited.  Apple
20  served only four RFPs, only five interrogatories.  The
21  depositions were limited to very, very narrow topics.
22      I think your Honor directed us to focus on the
23  discovery that is important, or the discovery with Mobile Star
24  that is important to the mediation.  At this point, Apple
25  doesn't have information by which it can assess the degree of

1  damages that it may have suffered, the amount of profits that
2  Mobile Star may have acquired, because the discovery really was
3  focused to preliminary injunctions.  So we have no idea of
4  profits with respect to Groupon, where they distributed over
5  three-quarters of a million AirPods alone.  We don't even have
6  revenue figures.
7       So we need to get some discovery, so that we can sit
8  down and have a meaningful mediation.  Look, if we can get this
9  and be in a position to do mediation sooner, we can, but
10 I think two months is unrealistic.  I think three months is
11 realistic.
12      **MR. MOSS:**  Your Honor, just the fact that Apple would
13 characterize, you know, the production of 350,000 pages as
14 extremely limited discovery I think just gives me even greater
15 pause that we're going to really open up the floodgates now.
16 If that was four interrogatories, I shudder to think what
17 general discovery is going to look like.
18      **THE COURT:**  Well, so I mean, here's the problem.  If
19 you want to sit down and have an effective mediation, both of
20 you have to know the things that are important to your clients
21 before they're going to be willing to resolve things.  If that
22 wasn't the case, the two of you should just go sit down and be
23 like the maritime lawyers and exchange information and see
24 whether you can't work it out yourselves, but if you need a
25 mediator, the damages information, for example, every plaintiff

1  wants before they give up a case.

2  So what my suggestion is, I think this discovery
3  between -- I'm not going to say no discovery.  The discovery
4  needs to be limited to what people really need to know for this
5  mediation, and if it is profit figures and those sorts of
6  revenue things, that's fairly limited -- that's a fairly
7  limited universe of things.  It may be things that Mobile Star
8  doesn't want to give up, but --

9  **MR. MOSS:**  No, that's not the issue.  I guess my
10  concern is that that can be done a number of different ways.
11  You know, for example, you could have an interrogatory response
12  or a spreadsheet or some way of displaying that information,
13  but if on the other hand it's, you know, every piece of paper
14  that would be, you know, used to reverse-engineer and, you
15  know, that now we're getting into very burdensome --

16  **THE COURT:**  I agree with you.

17  So Mr. Zellerbach, be very targeted in what you ask
18  for.  Get the -- and this is -- won't be the last discovery you
19  get to do.  If you decide you're not going to settle, then the
20  information that Mobile Star gives you will be tested, and
21  that's as it should be, but if there is a good-faith
22  opportunity to get this done, and since both sides have
23  stipulated that they want to do private mediation promptly,
24  I think there probably is a good-faith desire to get it done,
25  let's not burden anybody.

1    **MR. ZELLERBACH:**  It's not Apple's intention to burden
2  Mobile Star, and Apple's intention is, with respect to Mobile
3  Star, to go after the information that it needs to sit down and
4  have a meaningful settlement.
5    **THE COURT:**  And maybe my favorite thing to do now at
6  these sessions is to send people upstairs to the Attorneys'
7  Lounge while you're here, and just talk about what that is, and
8  how you can do it in as narrow a way as possible.
9    So I would suggest that you do that after this, and
10  just identify those things, understanding that you'll probably
11  want to tweak the language, but get to a place where you're
12  just talking about a manageable amount of things, so that you
13  can get whichever mediator you choose, you get on that person's
14  calendar.
15    **MR. MOSS:**  I was going to suggest that, your Honor.
16  It doesn't do anybody any good if there's a whole slew of
17  discovery requests that we wait 30 days to object to and then
18  you have meet-and-confers and eat up all the time.
19    I would much prefer knowing now what it is that Apple
20  would like, so that I can go back to my clients and we can
21  figure out how to do it.  Hopefully, it is manageable, in which
22  case I would even try to do it, you know, in a shorter amount
23  of time.
24    But at this point, I fear that there will be a dispute
25  about -- let's just say I think the parties will differ as to

1  what discovery is necessary in order to go to a mediation, and
2  I think that we ought to be trying to resolve that sooner
3  rather than later.
4          **THE COURT:** So let's do it now.  Go upstairs and sort
5  that out.
6          **MR. ZELLERBACH:** That's fine, your Honor.
7          **THE COURT:** Okay.  So did you have -- you had
8  something on your mind.
9          **MR. ZELLERBACH:** Yes, very important.  There's one
10 other disagreement in the case management conference, and that
11 is a disagreement over by when Doe defendants or additional
12 defendants need to be named.
13         We're talking about a very, very large counterfeit
14 operation, and Apple very much needs to take discovery of
15 vendors to determine whether and which ones need to be added
16 here.
17         We have, I believe, 14 subpoenas ready to be served
18 tomorrow to get information and documents from those suppliers,
19 which we believe will provide adequate information to identify
20 whether, and if so, which suppliers need to be added.
21         **THE COURT:** Where are the --
22         **MR. ZELLERBACH:** Many of these are located in New
23 Jersey.
24         **THE COURT:** Okay.
25         **MR. ZELLERBACH:** And the problem is that while Mobile

1  Star identified suppliers of different products, Mobile Star
2  doesn't have a tracking mechanism.  So for example, they
3  identified 11 different suppliers for Lightning -- no, excuse
4  me -- 11 different suppliers for AirPods, 10 different
5  suppliers for Lightning cables, but they're not able to say
6  that the counterfeit products that Apple bought came from a
7  particular one of these 10 or these particular 11.
8         So we need to take some discovery, and Apple has
9  proposed that it name any additional Doe defendants by the end
10 of May, and we think, given the 30 days by which they have to
11 produce documents, honestly, I expect Apple's going to have to
12 compel some of these parties to actually produce these
13 documents.
14        We don't see -- we think anything earlier than the end
15 of May for that deadline would be unrealistic, and would not
16 give Apple the opportunity to bring in very culpable and very
17 significant parties.
18        **THE COURT:**  Okay.
19        **MR. MOSS:**  Your Honor, am I correct that should the
20 parties reach an agreement at a mediation to resolve the case,
21 that the presence of these placeholder Doe defendants would
22 permit you to retain jurisdiction over the case?
23        **THE COURT:**  I would think that there is -- there would
24 have to be ways, if that happens, and that Mobile Star isn't
25 further burdened by the cost.

1      **MR. MOSS:** And if that's case, and I suspect -- and
2  we, I think, both agree that that should be the case --
3  I really don't have a problem with May.
4      I think the, again, concern is that, this is the first
5  time hearing they have 14 subpoenas going out tomorrow.
6  I don't know if, for example, that would fall within the
7  category of information needed before one can engage in
8  meaningful settlement discussions.  I hope not, because as
9  Mr. Zellerbach says, I don't know to what extent they're going
10 to need to move to compel.
11     I'm just looking to try to at least find a path,
12 should the parties be able to figure out a way to resolve it,
13 where they can go off and, you know, go after the big fish and
14 cut us out.
15     **THE COURT:** I mean, you are -- you don't have to do
16 anything.  You can just -- you don't even have to read the
17 subpoenas that go out to those guys if you don't want to, and
18 it does seem like they ought to be pursued as quickly as
19 possible, and the two of you are about to find out, when you go
20 upstairs, exactly what's going to be necessary and what isn't.
21     And I think the -- I mean, I think from Apple's
22 perspective, it -- already know what the connection is that you
23 have with the suppliers and whether that has any -- will have
24 any role, in their view, of your damages or not, but that's
25 something that you can talk about, and I don't need to listen

1    to, I don't think, at least at this point.
2            **MR. ZELLERBACH:**  I think that's correct, your Honor.
3            **THE COURT:**  All right, and then if this case doesn't
4    settle, we'd have a further case management conference on
5    August 29th.
6            So those were all the things that were on my mind.
7    And so we'll do the last day to amend at May 31st.
8            **MR. MOSS:**  And then is there a date that your Honor
9    has for the mediation completion?
10           **THE COURT:**  Well, so I liked your 60 days idea, but
11   why don't you -- once you know exactly what the discovery is,
12   and then who you're going to use and what that person's
13   schedule is, you may not be able to do it within 60 days.  It
14   may just not be possible on that person's schedule.
15           So within 90 days, certainly.  I'd prefer 60, but
16   I won't yell at you like I did the people on the telephone if
17   you don't get it done within that.
18           **MR. ZELLERBACH:**  We're going to work together in good
19   faith, too, to bring this about.
20           **MR. MOSS:**  And I have a couple of names that I'm
21   prepared to give Mr. Zellerbach today, so hopefully we can get
22   that going.
23           **THE COURT:**  You know, I remember times where it would
24   just take -- we'd trade names back and forth, it would go for
25   weeks and weeks, and it's just not worth it.  And I used to

```
 1   choose the other --
 2      (Momentary audio silence from 2:31:56 p.m. to 2:32:02 p.m.)
 3            THE COURT:  Let's go back.  Everybody's got their own
 4   style, so....  Well -- all right, well, thank you both for
 5   coming --
 6            MR. ZELLERBACH:  Thank you, your Honor.
 7            THE COURT:  -- all for coming in.  Thank you for being
 8   here.
 9                                                         2:32 p.m.
10                              ---o0o---
```

1
2
3   **CERTIFICATE OF TRANSCRIBER**
4
5        I, Leo Mankiewicz, certify that the foregoing is a
6   true and correct transcript, to the best of my ability, of the
7   above pages of the official electronic sound recording provided
8   to me by the U.S. District Court, Northern District of
9   California, of the proceedings taken on the date and time
10  previously stated in the above matter.
11       I further certify that I am neither counsel for,
12  related to, nor employed by any of the parties to the action in
13  which this hearing was taken; and, further, that I am not
14  financially nor otherwise interested in the outcome of the
15  action.
16
17  _____  05/01/2017
18       Signature of Transcriber        Date
19
20
21
22
23
24
25