THOMAS H. ZELLERBACH (SBN 154557)
tzellerbach@orrick.com
VICKIE FEEMAN (SBN 177487)
vfeeman@orrick.com
FRANCES S. CHEEVER (SBN 287585)
fcheever@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:	+1-650-614-7400
Facsimile:	+1-650-614-7401

NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105
Telephone:	+1-415-773-5700
Facsimile:	+1-415-773-5759

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MOBILE STAR, LLC, a New York Limited Liability Company, *et al.*, <br><br> Defendants. | Case No. 3:16-cv-06001-WHO <br><br> **APPLE INC.'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> Date:	August 16, 2017 <br> Time:	2 p.m. <br> Dept:	Courtroom 2, 17th Floor <br> Judge:	Hon. William H. Orrick |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

APPLE'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT
CASE NO. 3:16-cv-06001-WHO

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

PLEASE TAKE NOTICE that on August 16, 2017, at 2 p.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable William H. Orrick, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Apple Inc. ("Apple") will, and hereby does, move the Court pursuant to Federal Rule of Civil Procedure 15(a), and in accordance with ECF No. 88, for an order granting Apple leave to file a First Amended Complaint naming Doe Defendants and ordering that the First Amended Complaint submitted with this motion be deemed filed.  Concurrently herewith Apple has filed an Administrative Motion for Clarification of May 19 Order Granting Apple's Motion to Continue Deadlines requesting that the Court clarify or confirm that the May 19, 2017 Order granted Apple leave to file an amended complaint adding Doe Defendants.  If that motion is granted, the instant motion is moot and will be withdrawn.  Apple also has filed a concurrent Ex Parte Motion to Shorten Time for consideration of the instant motion in the event that its Motion for Clarification is not granted.

This Motion is based on this Notice, the following memorandum of points and authorities, Apple's Amended Complaint filed herewith, the Proposed Order, all the files and records of this action, and such evidence and argument as may be presented at any hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Since the inception of this case, Apple made clear that it believed a number of additional parties upstream from Defendant Mobile Star were involved in trafficking in the same counterfeit Apple-branded products that Apple caught Mobile Star selling through retail platforms such as Amazon.com and Groupon.  Because Apple did not know the identities of those additional parties, Apple included unnamed Doe Defendants 1–50 in its complaint.  Apple diligently sought and continues to seek to identify those Doe Defendants, and to develop the necessary factual bases to bring them into this action, including by seeking discovery from Mobile Star, Amazon.com and Groupon and subpoenaing discovery from sixteen vendors of Apple-branded products.  Apple now has sufficient information to name seven additional defendants in place of the Doe Defendants.  The Court recently set July 12 as the deadline by which Apple must amend its complaint to include

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

APPLE'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT
CASE NO. 3:16-cv-06001-WHO

additional parties. ECF No. 88. Apple requests that the Court hereby grant leave for Apple to amend, and order that the First Amended Complaint attached as Exhibit A is deemed filed.

## I. BACKGROUND

Apple filed an initial complaint against Mobile Star LLC ("Mobile Star") and 50 Doe defendants in October 2015, asserting causes of action based on Trademark Counterfeiting and Infringement under § 32(l) of the Lanham Act, False Designation of Origin under § 43(a) of the Lanham Act, Copyright Infringement under 17 U.S.C. § 501 *et seq.*, and Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq.* and California Common Law. ECF No. 1 at 15-17. At the outset of the case, Apple sought discovery from Mobile Star's purchasers, Amazon.com and Groupon. Decl. of Thomas H. Zellerbach ("Zellerbach Decl.") ¶ 2. Subsequently, after Mobile Star and Apple stipulated to a preliminary injunction, Apple diligently sought discovery from Mobile Star's vendors. *Id.* ¶ 3.

Apple issued subpoenas to sixteen of Mobile Star's vendors to learn about each of their upstream suppliers and the origin of counterfeit Apple products sold by Mobile Star. *Id.* Despite efforts by some of the vendors to evade, and thus delay, service, Apple was finally able to serve all of its subpoenas. Two vendors readily complied with their subpoena. Many others, however, used multiple tactics to avoid producing documents highly relevant to this case. *Id.* ¶ 4. The delays created by vendors, as well as the restricted focus of any other discovery until the mediation was completed, necessitated Apple to request a reasonable extension of time to complete its discovery, including compelling a number of the vendors to comply with the subpoenas. ECF No. 85. On May 19, the Court granted Apple's request to extend the case deadlines, including extending the deadline for adding Doe Defendants to July 12. ECF No. 88. Apple has since continued to perform its due diligence in seeking discovery from the third party vendors and now seeks, within the Court's deadline, to add seven of them as named defendants.

## II. THE COURT SHOULD GRANT APPLE LEAVE TO AMEND

"Under Rule 15(a), the court should freely give leave to amend a pleading when justice so requires." *BlackBerry Ltd. v. Typo Prod. LLC*, No. 14-CV-00023-WHO, 2014 WL 6989423, at *1 (N.D. Cal. Dec. 9, 2014) (citing Fed. R. Civ. P. 15(a)(2)) (internal quotations and brackets omitted).

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

- 2 -

APPLE'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT
CASE NO. 3:16-cv-06001-WHO

1  "This policy is to be applied with extreme liberality." *Id.* (quoting *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003)). "In determining whether to grant leave to amend, courts consider the following five factors: (i) undue delay; (ii) bad faith; (iii) undue prejudice; (iv) repeated failure to cure deficiencies by amendments previously allowed; and (v) futility of amendment." *Id.* "Prejudice is the touchstone of the inquiry under Rule 15(a); of the five factors, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* (internal quotations omitted). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Sanzone-Ortiz v. Aetna Health of California, Inc.*, No. 15-CV-03334-WHO, 2016 WL 7732624, at *2 (N.D. Cal. May 9, 2016) (emphasis in original) (quoting *Eminence Capital*, 316 F.3d at 1052).

Apple did not unduly delay in identifying the Doe Defendants and discovering the facts needed to add them to the case. Apple explained in detail the substantial efforts it had undertaken to discover that evidence, as well as the actions it still needed to undertake, in its Motion to Continue Deadlines filed on May 17. *See* ECF No. 85. In response, the Court extended the deadline for adding Doe Defendants to July 12, 2017. ECF No. 88 at 1. Now that Apple has discovered and analyzed sufficient facts to support naming the additional defendants, Apple seeks to amend its complaint before expiration of the Court-ordered deadline. Accordingly, there has been no undue delay. *See e.g.*, *McFall v. Stacy & Witbeck, Inc.*, No. 14-CV-04150-JSC, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016) ("Because Plaintiff moved expeditiously to amend upon receipt of the emails and he did so prior the expiration of any case deadlines (other than the discovery deadline which he sought to extend prior to its expiration), there was no undue delay.")

Moreover, Apple has acted in good faith. "A motion is brought in bad faith when the party engages in dilatory tactics such as adding a defendant merely to 'destroy diversity and to destroy the jurisdiction of this court,' [] or seeks to amend late in the litigation to avoid or mitigate an adverse ruling." *BlackBerry Ltd. v. Typo Prod. LLC*, No. 14-CV-00023-WHO, 2014 WL 6989423, at *3 (N.D. Cal. Dec. 9, 2014) (quoting *Sorosky v. Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir. 1987); *Bonin v. Calderon,* 59 F.3d 815, 846 (9th Cir. 1995)). Apple is not trying to destroy diversity or jurisdiction, or to avoid or mitigate an adverse ruling. To the contrary, Apple's good-faith motive

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

APPLE'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT
CASE NO. 3:16-cv-06001-WHO

in seeking to add additional defendants has been clear since the beginning of this case when it named the Doe Defendants. Apple is seeking to hold accountable those parties responsible for trafficking in counterfeit Apple-branded products, many of them potentially dangerous. Each of the new defendants Apple seeks to add is part of the network of counterfeiters who supply product to Mobile Star. *See e.g.*, First Amended Complaint ¶ 2.

With respect to undue prejudice, "[t]he party opposing amendment bears the burden of showing prejudice." *PNY Techs., Inc. v. SanDisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 294855, at *4 (N.D. Cal. Jan. 27, 2014)) (quoting *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987)). Mobile Star cannot demonstrate that it will be prejudiced because (1) Apple's motion is timely; (2) Mobile Star has had notice since the beginning of this case that Apple would seek to amend the Complaint to name Doe Defendants; (3) Apple is not asserting any new claims against Mobile Star; and (4) the Court already set a different deadline for Mobile Star discovery versus discovery involving the additional defendants in order to prevent prejudice to Mobile Star, ECF No. 88 at 1 (Order setting discovery schedule). Nor should Mobile Star be heard to argue that the vendors are prejudiced by the timing of the amendment as each of the newly-named defendants has been aware of this case and Apple's potential claims against them since at least when Apple served discovery requests on them.

Finally, the proposed amended complaint is not futile. A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *BlackBerry Ltd. v. Typo Prod. LLC*, No. 14-CV-00023-WHO, 2014 WL 6989423, at *2 (N.D. Cal. Dec. 9, 2014) (quoting *Sweaney v. Ada Cnty., Idaho,* 119 F.3d 1385, 1393 (9th Cir. 1997)). Here, Apple has properly pled that this Court has jurisdiction over each of the additional defendants, that joinder is proper, and that each of the additional defendants has violated Apple's intellectual property rights or otherwise engaged in unfair competition. *See* First Amended Complaint.

If the Court were to deny Apple's motion, such denial will result in significant prejudice to Apple as the protective order entered in the case currently prevents Apple from using discovery obtained in this action for other purposes. Denial would thus allow many of the Doe Defendants

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

APPLE'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT
CASE NO. 3:16-cv-06001-WHO

to continue selling the dangerous counterfeit Apple-branded products that are at issue in this case.

### III. CONCLUSION

For the reasons set forth above, Apple respectfully requests the Court grant Apple's Motion for Leave to File Amended Complaint and order that the First Amended Complaint submitted with this motion be deemed filed.

Dated: July 12, 2017
ORRICK, HERRINGTON & SUTCLIFFE, LLP

By: */s/ Thomas H. Zellerbach*
THOMAS H. ZELLERBACH
VICKIE FEEMAN
NATHAN SHAFFER
FRANCES S. CHEEVER

Attorneys for Plaintiff
APPLE INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

APPLE'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT
CASE NO. 3:16-cv-06001-WHO