1    THOMAS H. ZELLERBACH (SBN 154557)
     tzellerbach@orrick.com
2    VICKIE FEEMAN (SBN 177487)
     vfeeman@orrick.com
3    FRANCES S. CHEEVER (SBN 287585)
     fcheever@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA  94025
     Telephone:      +1-650-614-7400
6    Facsimile:      +1-650-614-7401

7    NATHAN SHAFFER (SBN 282015)
     nshaffer@orrick.com
8    ORRICK, HERRINGTON & SUTCLIFFE LLP
     405 Howard Street
9    San Francisco, CA 94105
     Telephone:      +1-415-773-5700
10   Facsimile:      +1-415-773-5759

11   Attorneys for Plaintiff
     APPLE INC.

12

13                  UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16   APPLE INC.,                          Case No. 3:16-cv-06001-WHO

17            Plaintiff,                   **FIRST AMENDED COMPLAINT FOR
                                           DAMAGES AND EQUITABLE RELIEF**
18            v.
                                           **DEMAND FOR JURY TRIAL**
19   MOBILE STAR, LLC, a New York Limited
     Liability Company, BUYRITE18, INC., a New    **REDACTED VERSION
20   York Corporation; DGL GROUP, LTD, a New      OF DOCUMENT SOUGHT
     York Corporation; OEM WORLD, INC., a         TO BE SEALED**
21   New York Corporation; SUPPLIER A
     SUPPLIER B
22   ; TOP 10 CELL TRADING,
     INC., a New York Corporation; and
23   VENTURECOM DISTRIBUTION, INC., a
     California Corporation,
24
              Defendants.
25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.     Apple brings this action to protect its customers from dangerous counterfeit power products such as power adapters and charging cables that Amazon.com LLC ("Amazon.com") sourced from Defendant Mobile Star LLC ("Mobile Star").  Amazon.com sold counterfeits obtained from Mobile Star through its internet-based e-commerce platform located at www.amazon.com.   Mobile Star also supplied Groupon, Inc./Groupon Goods, Inc. ("Groupon") with dangerous counterfeit Apple power products that Groupon then sold to consumers through Groupon's e-commerce platform.

2.     Discovery obtained from Mobile Star and from third parties identified by Mobile Star in this litigation has revealed that Mobile Star's supply chain includes entities that are known counterfeiters and infringers of Apple's intellectual property and source large quantities of Apple-branded products directly from entities based in China with which Apple has no relationship. Discovery has revealed that Mobile Star was purchasing counterfeit Apple products of the types it sold to Amazon.com and Groupon directly from Defendants DGL Group Ltd. ("DGL"), Top 10 Cell Trading Inc. ("Top10Cell"), BuyRite18, Inc. ("BuyRite18"), OEM World Inc. ("OEM World") and Venturecom Distribution, Inc. ("Venturecom").  DGL, in turn, was sourcing the same types of Apple-branded products from Defendants SUPPLIER A and SUPPLIER B . Mobile Star, DGL, Top10Cell, BuyRite18, Venturecom, SUPPLIER A, and SUPPLIER B are hereinafter collectively referred to as "Defendants."

3.     Counterfeit power products, such as those bought and sold by Defendants, pose an immediate threat to consumer safety because, unlike genuine Apple products, they are not subjected to industry-standard consumer safety testing and are poorly constructed with inferior or missing components, flawed design, and inadequate electrical insulation.  These counterfeits have the potential to overheat, catch fire, and deliver a deadly electric shock to consumers while in normal use.  A white paper published by the consumer product safety and testing organization UL (formerly Underwriters Laboratories) reported that counterfeit Apple charging products often "lack the safety features necessary to protects users from shock and fire hazards," and UL tested

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

twelve counterfeit Apple power adapters that "were so poorly designed and constructed that they posed a risk of lethal electrocution to the user."[1]  The safety of Apple's customers is of paramount importance to Apple, and Apple devotes significant resources to ensuring its power products meet industry safety standards and are subjected to rigorous testing for safety and reliability.  Apple brings this suit to stop Defendants from any further distribution of counterfeit Apple products to the public.

4.    Apple's customers associate Apple's famous and well-known trademarks, including, among others, APPLE®, the Apple Logo "®," IPHONE®, IPAD®, MACBOOK®, MACBOOK AIR®, MAGSAFE®, EARPODS®, and LIGHTNING® exclusively with Apple and Apple's products and services.  When consumers encounter these marks and decide to purchase goods and services identified by these marks, they expect to receive genuine Apple products that have been produced by Apple.

5.    Apple purchased a number of Apple power adapters and charging and syncing cables (collectively "power products") that were directly sold by Amazon.com – not a third party seller – and determined that they were counterfeit.  Amazon.com informed Apple that Mobile Star was its source for the majority of these counterfeit Apple products. Amazon.com turned over to Apple additional inventory of Apple power products that Amazon.com had purchased from Mobile Star, and Apple determined that the vast majority of these products were counterfeit as well.

6.    In June 2016, Fortune Magazine announced that Amazon.com is the most "influential" and most "trustworthy" company amongst U.S. adults.[2]  For three years in a row, 2014-2016, Amazon.com has been ranked as the "most reputable" American company by the Reputation Institute, as reported by Forbes Magazine.[3]

---

[1] UL, "Counterfeit iPhone Adapters," September 16, 2016, http://library.ul.com/wp-content/uploads/sites/40/2016/09/10314-CounterfeitiPhone-WP-HighRes_FINAL.pdf.

[2] http://fortune.com/2016/06/07/fortune-500-amazon-survey-monkey-poll/

[3] http://www.forbes.com/sites/karstenstrauss/2016/03/29/americas-most-reputable-companies-2016-amazon-tops-the-list/#4ad632881c58

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

7.      Apple purchased the power products identified below (ASIN B00UBL277C) from Amazon.com and determined that they were counterfeit.  Amazon.com has identified Mobile Star as the source of those particular counterfeit power products purchased by Apple.



Amazon.com Standard Identification Number ("ASIN") B00UBL277C

8.      Consumers, relying on Amazon.com's reputation, have no reason to suspect the power products they purchased from Amazon.com are anything but genuine.  This is particularly true where, as here, the products are sold directly "by Amazon.com" as genuine Apple products using Apple's own product marketing images.  Consumers are likewise unaware that the counterfeit Apple products that Amazon.com sourced from Mobile Star have not been safety certified or properly constructed, lack adequate insulation and/or have inadequate spacing between low voltage and high voltage circuits, and pose a significant risk of overheating, fire, and electrical shock.  Indeed, consumer reviews of counterfeit Apple power adapters purchased from

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

Amazon.com and from the below ASIN report that the counterfeit products overheat, smolder, and in some cases catch fire:



Product Review from ASIN B00KML141G

9.     Consistent with consumers' experiences with and comments about counterfeit power products, the counterfeit Apple power products that Amazon.com sourced from Mobile Star (and Mobile Star sourced from most of the other Defendants) pose a danger to consumer safety.  Among other things, they lack adequate insulation and/or have inadequate spacing between low voltage and high voltage circuits, creating risks of overheating, fire, and electrical shock.

10.    Apple makes great efforts to combat the distribution and sale of counterfeit Apple products bearing its trademarks.  Despite Apple's efforts, fake Apple products continue to flood Amazon.com.  Each month, Apple identifies and reports many thousands of listings for counterfeit and infringing Apple products to Amazon.com under its notice and takedown procedures. Over the last year, Apple, as part of its ongoing brand protection efforts, has purchased well over 100 iPhone® devices, Apple power products, and Lightning® cables sold as genuine by sellers on Amazon.com and delivered through Amazon's "Fulfillment by Amazon" program.  Apple's internal examination and testing for these products indicated almost 90% of these products are counterfeit.  Apple is concerned that consumers are being deceived into purchasing counterfeit products on Amazon.com and elsewhere in the mistaken belief that they are purchasing genuine Apple products.  In addition to Apple's significant safety concerns for its consumers, these products, which are consistently poorly constructed, are unlikely to function as well as genuine Apple products. As a result, consumers will erroneously come to think that

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

Apple's products are of inferior quality and lose trust in the Apple brand, damaging the enormous goodwill associated with the Apple trademarks.

11.     To stop the ongoing injury to Apple and its reputation and to protect consumers of Apple products, Apple brings this action against Defendants, and alleges as follows:

## I.     JURISDICTION AND VENUE

12.     This is a Complaint for a preliminary and permanent injunction, damages, and other appropriate relief to stop Defendants from infringing Apple's trademarks and copyrights by advertising and selling counterfeit products bearing Apple's trademarks and copyrighted artwork, and from representing that these counterfeit products are genuine Apple products.  In this action, Apple alleges: (1) Counterfeiting and Trademark Infringement (15 U.S.C. § 1114) against all Defendants; (2) False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A) against all Defendants; (3) Copyright Infringement, 17 U.S.C. § 501 *et seq.,* against Mobile Star; (4) Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California against all Defendants; and (5) Breach of Contract against DGL.

13.     This Court has subject matter jurisdiction over Apple's claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 (Federal Question Jurisdiction), 1367 (Supplemental Jurisdiction), and 1338(a)-(b) (Trademark, Copyright, and Unfair Competition Jurisdiction).

14.     This Court has personal jurisdiction over Defendants, who have engaged in business activities in this district, directed business activities to this district, and have committed tortious acts with knowledge that the effects of their acts would be felt by Apple in this district.

15.     Venue is proper in this Court because Defendants "may be found" within this judicial district as that term is used in 28 U.S.C. § 1400(a).  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Apple's claims occurred in this judicial district.

16.     DGL has expressly consented to venue and jurisdiction in this district in a written settlement agreement with Apple, which is the basis for Apple's Fifth Cause of Action for Breach of Contract.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

## II.   THE PARTIES

17.     Plaintiff Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.

18.     On information and belief and Mobile Star's admissions, Mobile Star is a New York Limited Liability Company with a principal place of business in New Jersey located at 250 Liberty St, Metuchen, NJ 08840.  Mobile Star advertises, distributes, offers for sale, and sells counterfeit products and packaging bearing registered Apple trademarks and trade dress throughout the United States and, on information and belief, reproduces, displays, and distributes unauthorized copies of copyrighted works of Apple.

19.     On information and belief, DGL is a New York Corporation with a principal place of business in New Jersey located at 195 Raritan Center Parkway, Edison, NJ 08837.  DGL distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

20.     On information and belief, SUPPLIER A is a New York Corporation with a principal place of business in New York ███████████ ██████████████. SUPPLIER A distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

21.     On information and belief, SUPPLIER B is a New York Corporation with a principal place of business in New York ███████████ ██████████████. SUPPLIER B distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

22.     On information and belief, BuyRite18 is a New York corporation with a principal place of business in New York located at 2232 McDonald Avenue, Brooklyn, NY 11223.  BuyRite18 distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

23.     On information and belief, OEM World is a New York corporation with a principal place of business in New York.  OEM World distributes, offers for sale, and sells

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

counterfeit products bearing registered Apple trademarks and trade dress in the United States.

24.     On information and belief, Venturecom is a California corporation with a principal place of business in California located at 21541 Nordhoff Street Suite D, Chatsworth, CA 91311. Venturecom distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

25.     On information and belief, Top10Cell is a New York Corporation with a principal place of business in New York.  Top10Cell distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

### III.     APPLE'S BUSINESS AND INTELLECTUAL PROPERTY

26.     **Apple's Business.**  Incorporated in California in 1977, Apple designs, manufactures, markets, distributes, makes available, and sells or licenses a wide range of mobile communication and media devices, personal computers, and portable digital music players, as well as sells or licenses a variety of related software, services, peripherals, and network solutions, and third party digital content and applications.  Among Apple's many product offerings are the iconic iPod®, iPhone®, iPad®, MacBook®, and Apple Watch®, as well as related software and services.  Apple also offers a range of accessories for charging and syncing its devices, including Apple and MagSafe® power adapters and Lightning® cables (collectively, "Apple Products").  Apple sells Apple Products worldwide through its extensive distribution network consisting of online stores, its brick and mortar retail stores, its direct sales force, cellular network carriers, and authorized third-party wholesalers, retailers, and value-added resellers.  Relevant consumers associate the Apple Products with Apple through the use of Apple's well-known trademarks on such products, the products' unique designs, Apple's recognized distribution network, and Apple's distinguished service-oriented shopping experience that it provides for those interested in purchasing Apple's products.

27.     Apple has become one of the most well-known and valuable brands in the world. Industry publications and market-research firms have consistently recognized the fame, value and source-identifying power of Apple's brand.  The "Top 100 Global Brands" published by BrandZ,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

the world's largest brand asset research database, ranked Apple's brand No. 1 on the list in 2011, 2012, 2013, and 2015 and No. 2 in 2014, 2016, and 2017.  Interbrand, a leading brand assessment company, has ranked Apple within the top 50 most valuable brands in the world each year since 2001 and as the most valuable brand each year since 2013.  In 2016, the most recent report, Interbrand ranked Apple as the most valuable brand, with a value of more than $175 billion dollars.  Apple has also been recognized as one of the most respected, admired, and innovative companies in the world.  For instance, Fortune magazine ranked Apple as the "World's Most Admired Company" every year from 2006 to 2017.  Forbes, which publishes an annual study of the world's most valuable brands, has ranked Apple first for the seventh consecutive year since Forbes began its study in 2010.

28.     **Apple's registered trademarks.**  Apple owns registrations for a number of trademarks that it uses to identify its products and services in the marketplace.  Among the trademarks owned by Apple are numerous registered trademarks listed below in paragraph 21 of this Complaint (collectively the "Apple Marks"), including well-known marks such as the APPLE word mark and the registered Apple Logo, both in use since at least 1977.  The APPLE word mark and Apple Logo are two of the most famous and widely recognized marks in the world. They are an integral part of Apple's corporate business and are of enormous value to the company.  Other widely recognized Apple marks include IPHONE, MACBOOK, MACBOOK AIR, MAGSAFE, and LIGHTNING.  Apple has spent hundreds of millions of dollars promoting the goods and services associated with the Apple Marks, and millions of Apple's customers use goods and services associated with those marks.

29.     Apple owns the following United States Registered Trademarks used in connection with power adapters and accessories for various Apple products, which as listed below reflect any updates made through statutory maintenance filings:

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

| Reg. No. | Reg. Date | Mark | Goods and Services |
|----------|-----------|------|--------------------|
| 3,679,056 | 9/8/2009 |  | Computers; computer hardware; computer peripherals; handheld computers; handheld mobile digital electronic devices for recording, organizing, transmitting, manipulating, and reviewing text, data, image, audio, and audiovisual files, for the sending and receiving of telephone calls, electronic mail, and other digital data, for use as a digital format audio player, handheld computer, personal digital assistant, electronic organizer, electronic notepad, camera, and global positioning system (GPS) electronic navigation device; digital audio and video recorders and players; personal digital assistants; electronic organizers; cameras; telephones; mobile phones; satellite navigational systems, namely, global positioning systems (GPS); electronic navigational devices, namely, global positioning satellite (GPS) based navigation receivers; computer game machines for use with external display screens, monitors, or televisions; a full line of accessories and parts for the aforementioned goods; stands, covers, cases, holsters, power adaptors, and wired and wireless remote controls for the aforementioned goods; computer memory hardware; computer disc drives; optical disc drives; computer networking hardware; computer monitors; flat panel display monitors; computer keyboards; computer cables; modems; computer mice; electronic docking stations; set top boxes; batteries; battery chargers; electrical connectors, wires, cables, and adaptors; devices for hands-free use; headphones; earphones; ear buds; audio speakers; microphones; and headsets; a full line of computer software for business, home, education, and developer use; user manuals for use with, and sold as a unit with, the aforementioned goods. downloadable audio and video files, movies, ring tones, video games, television programs, pod casts and audio books via the internet and wireless devices featuring music, movies, videos, television, celebrities, sports, news, history, science, politics, comedy, children's entertainment, animation, culture, current events and topics of general interest. *See* Ex. A. |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| 3,229,791 | 4/17/2007 | MAGSAFE | Power adapters for computers.  *See* Ex. B. |
| 4,891,107 | 1/26/2016 | EARPODS | Headphones; microphones; remote control for controlling audio and video players and mobile phones; sound reproducing apparatus.  *See* Ex. C. |
| 3,870,782 | 11/2/2010 | IPHONE | Full line of parts for mobile telephones; mobile phone accessories, namely, mobile telephone covers, mobile telephone cases, batteries, rechargeable batteries, battery chargers, chargers for electric batteries, headphones, stereo headphones, in-ear headphones, stereo speakers, audio speakers for home, personal stereo speaker apparatus, microphones, car audio adapters, headsets, remote controls, connection cables, power adapters, docking stations, and adapter plugs.  *See* Ex. D. |
| 3,669,402 | 8/18/2009 | iPhone | Handheld mobile digital electronic devices for the sending and receiving of telephone calls, electronic mail, and other digital data, for use as a digital format audio player, and for use as a handheld computer, personal digital assistant, electronic organizer, electronic notepad, and camera.  *See* Ex. E. |
| 3,928,818 | 3/8/2011 | APPLE | Includes: …batteries; rechargeable batteries, battery chargers, battery packs; power adapters for computers; electrical connectors, wires, cables, and adaptors. . .mobile telephone batteries, mobile telephone battery chargers. . . .  *See* Ex. F for complete list, which is incorporated herein. |
| 4,537,934 | 5/27/2014 | IPAD | Computer components and accessories; blank computer storage media; computer software and firmware; pre-recorded computer programs for personal information management; database management software, character recognition software, telephony management software, electronic mail and messaging software, mobile telephone software for the sending and receiving of telephone calls; database synchronization software, computer programs for accessing, browsing and searching online databases, computer hardware and software for providing integrated telephone communication with computerized global information networks; telephones; handheld and mobile digital |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| | | | electronic devices for the sending and receiving of telephone calls and faxes; parts and accessories for mobile telephones; cameras, video cameras; telephone-based information retrieval software and hardware; computer software for the redirection of messages, Internet e-mail, and/or other data to one or more electronic handheld devices from a data store on or associated with a personal computer or a server; computer software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer game and electronic game programs; mouse pads; batteries; battery chargers; headphones; audio speakers; microphones; digital music and/or video players; radios; audio, video, and digital sound mixers; bags and cases adapted or shaped to contain hand held computers and tablet computers; all of the aforesaid excluding integrated circuits and software for integrated circuits. *See* Ex. G |
| 3,222,089 | 3/27/2007 | MACBOOK | Computers, notebook computers, computer hardware, computer operating system software. *See* Ex. H. |
| 3,522,328 | 10/21/2008 | MACBOOK AIR | Computers, notebook computers, computer hardware, computer operating system software, computer peripherals.  *See* Ex. I. |
| 4,726,001 | 4/28/2015 | LIGHTNING | Electrical and electronic connectors, cables, chargers, and adapters for use with computers, digital format audio players, digital audio recorders, digital video recorders and players, telephones, computer peripheral devices, and handheld mobile digital electronic devices capable of providing access to the Internet and for the sending, receiving, and storing of telephone calls, faxes, electronic mail, and other digital data.  *See* Ex. J. |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 12 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| 4,726,738 | 4/28/2015 | (Color Scheme) | Adapters for use with computers, computer peripherals, consumer electronics, portable and handheld digital electronic devices, digital media players, handheld computers, tablet computers, mobile phones, electronic book readers, electronic personal organizer, personal digital assistant, electronic calendar, and global positioning system (GPS) devices.  *See* Ex. K. |
| 4,604,456 | 7/1/2014 | DESIGNED BY APPLE IN CALIFORNIA | Computers; computer hardware; computer monitors; computer peripheral devices; handheld digital electronic devices for Internet access, for use as a handheld computer, digital format audio and video player, personal digital assistant, electronic organizer, electronic notepad, electronic book reader, global positioning system (GPS) device, and camera, and for sending, receiving, and storing telephone calls and/or electronic mail and other digital data; digital format audio and video players; computer operating system software; wireless communication devices for voice, data, image, and multimedia transmission; computer hardware for communication between multiple computers and between computers and local and global computer networks; set top boxes; computer hardware for the reproduction, processing, playing and streaming of audio, video, images, and multimedia content, for controlling the operation of multimedia devices, and for viewing, searching, storing, and playing audio, video, images, and multimedia content; computer keyboards; computer mice; remote controls, electronic connectors, cables, chargers, docks, and adapters for use with computer and handheld digital electronic devices; cases for computers; batteries; battery chargers; headphones.  *See* Ex. L. |

Each of the above-listed registrations is valid and subsisting and was valid and subsisting at the time of all acts alleged herein.  Apple has and had the exclusive right to use and license the trademarks identified in each of the registrations.  Registration Nos. 3,679,056, 3,229,791, 3,870,782, 3,669,402, 3,222,089, and 3,522,328 are incontestable under 15 U.S.C. § 1065.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 13 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

30.     Each of the Apple Marks identified by registration number above is a distinctive mark that is recognized by consumers as a brand identifier for Apple's goods and services provided under the mark.

31.     The Apple Marks, as well as other trademarks owned by Apple, are used in interstate commerce by Apple in connection with the sale, offering for sale, distribution, and advertising of Apple's products and services.  As a result of Apple's enormous investment in developing ground-breaking and high-quality products under the Apple Marks, the Apple Marks have acquired extensive goodwill in the market.  The Apple Marks are extremely valuable and important to Apple and form a cornerstone for Apple's business.

32.     **Apple's registered Copyrights.**  Apple regularly creates graphic and textual works that are protected by registered copyrights.  For example, images and text on some product packaging such as Apple's Lightning Packaging are protected by registered copyright.

## IV.     DEFENDANTS' UNLAWFUL ACTIONS

33.     Defendants' course of illegal conduct includes the distribution and sale of counterfeit Apple products that Defendants falsely represent are genuine Apple products.  As part of their scheme to deceive consumers, Defendants also use Apple's trademarks, trade dress, and, with respect to Mobile Star, copyrighted work, to create the impression that Defendants' inferior and often dangerous products are original Apple products.

**A.     Mobile Star.**

34.     Through Apple's ongoing efforts to remove counterfeit goods from listings on Amazon.com, Apple purchased from Amazon.com Apple-branded products associated with 9 Amazon.com Standard Identification Numbers ("ASINs"):  B015JWKU2G, B010W7NQL0, B00UBL277C, B00KPZEUC4, B00KML141G, B00VGKN2N0, B0161AB6IW, B0117PL9RY, and B013EUO616.

35.     Each of the 9 offers was for an Apple power product such as an Apple 5W, 10W, or MagSafe® power adapter, cable, or combination of two or more such products.  The products were listed as "sold by Amazon.com" and were identified in the Amazon.com listings as genuine

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 14 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

Apple products, often using Apple's copyrighted marketing images.  Upon careful examination of

the products, Apple determined that, although the products bore the Apple Marks and were

sometimes in packaging bearing Apple's copyrighted works, the products were not genuine Apple

products at all but were counterfeit.



Sold by Amazon.com on ASIN B00KPZEUC4 and sourced from Mobile Star



Sold by Amazon.com on ASIN B00UBL277C and sourced from Mobile Star

36.     Apple informed Amazon.com that it had purchased a number of counterfeit Apple

products directly from Amazon.com associated with the 9 different ASINs in correspondence that

took place from April 2016 through June 2016.  Amazon.com identified Mobile Star as the

supplier of the products purchased by Apple and agreed to turn over to Apple its additional

inventory of those particular products it had purchased from Mobile Star.  In letters dated June 7,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 15 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

2016 and June 14, 2016, Apple demanded Mobile Star cease distribution of counterfeit Apple products and provide basic information about the distribution and source of the counterfeit products.  After first failing even to respond to Apple, Mobile Star finally claimed it had bought the goods from "reputable suppliers" but refused to provide any information about those suppliers or about anything else concerning Mobile Star's sale of the counterfeit products.

37.      Apple tested a number of the Mobile Star-supplied power adapters it had purchased and each one failed the Hipot Test (high potential or high voltage test), also known as the Dielectric Withstanding Voltage test, confirming that the products lack sufficient insulation and/or spacing between the high voltage and low voltage component and have the potential to overheat or deliver a lethal electric shock to a user of the device.  Visual inspection of counterfeit adapters that Apple disassembled showed the counterfeits have improper soldering of internal wiring and some even lack critical safety fuses to protect against overheating in the event of a power surge.  To conceal the dangers that these Mobile Star products pose to consumers, many also bear a phony UL safety certification.

38.      Mobile Star's distribution of counterfeit Apple products has been ongoing and extends beyond Amazon.com as shown by Apple's purchase of 10 counterfeit Apple products directly from Groupon in December 2015.  The counterfeit Apple products were sold as product bundles associated with Groupon UPC/SKU numbers 885909627306 and 885909627450.  Groupon identified Mobile Star as the supplier of those counterfeit products.

39.      In addition, an Apple investigator purchased counterfeit Apple EarPods® headphones and Lightning® cables directly from Mobile Star after Apple sent Mobile Star a cease and desist letter, showing that Mobile Star continued to sell counterfeit Apple products even after learning that Apple was on to it.

**B.      <u>Additional Defendants.</u>**

40.      After filing this lawsuit on October 17, 2016, Apple obtained discovery from Mobile Star and certain third parties to determine Mobile Star's source of supply for the counterfeit Apple products identified above.  This discovery revealed at least six (6) different

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 16 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1    entities that, upon information and belief, supplied counterfeit Apple products to Mobile Star.

2        41.    **Defendants DGL, ███████, and** ███████ Apple obtained information in

3    discovery that DGL ████████████████████████████████████████████████

4    ████████████████████████████████████████████████████ Apple also

5    obtained in discovery information that shows DGL's main sources of Apple-branded products are

6    ███████ and ███████ ████████████████████████████████████████

7    █████████████████.

8        42.    DGL is a repeat infringer of Apple's intellectual property.  In 2014, Apple caught

9    DGL selling power products including 5W adapters and 30-pin power cables (the predecessor to

10   Lightning® cables) that infringed Apple's registered trademarks.  In a settlement agreement with

11   Apple, DGL and any related entities agreed not to infringe Apple's intellectual property rights in

12   the future.  DGL has breached the settlement by acquiring counterfeit Apple products from

13   defendants ███████ and ███████ and selling counterfeit Apple products to Mobile Star.

14       43.    In the space of approximately one year, Apple received at least 58 Seizure Notices

15   from United States Customs and Border Patrol ("CBP") informing Apple that it seized more than

16   19,000 counterfeit EarPods®, MagSafe® power adapters, USB power adapters, and Lightning®

17   cable products being imported by ███████/███████ to their shared ███████ address under various

18   aliases.

19       44.    According to documents produced by ███████/███████ in discovery, ███████

20   █████████████████████ ███████/███████ ████████████████████████

21   █████████████████.

22       45.    Alter Ego Allegations.  On information, belief, and documents obtained in

23   discovery, ███████ and ███████ are the alter egos of one another and of DGL.  ███████ and ███████

24   are located at the same address, which is a residence, and are both managed by the same

25   individual and sole employee, ███████.[4]  ████████████████████████████

26   ████████████████ ███████ and ███████ are conduits or shells for DGL's counterfeiting

27   ───────────────────────────

     [4] On information and belief, ███████ has used other aliases such as ███████████████

28   ███████ when importing Apple-branded products into the United States.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1  activity.  DGL is 

17  46.  **Defendant BuyRite18.**  In discovery, Apple obtained information that shows that

18  BuyRite18

20  BuyRite18 is a repeat infringer of Apple's intellectual property.  Apple has

21  received multiple notices from CBP that Apple-branded goods imported by BuyRite18 from

22  Hong Kong were seized as counterfeits.  In response, Apple sent two cease and desist letters to

23  BuyRite18, to which BuyRite18 did not respond.  In December 2016, an Apple investigator made

24  two purchases directly from BuyRite18 for Apple-branded 5W power adapters and Lightning®

25  cables, and the goods supplied were determined by Apple to be counterfeit.

26  47.  **Defendant OEM World.**  In discovery, Apple obtained information that shows

27  that OEM World

Orrick, Herrington &
Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 18 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1    ██████████████████████████████████████████████ Mobile Star supplier

2    OEM World is a repeat infringer of Apple's intellectual property.  An Amazon.com seller with

3    which Apple is negotiating a settlement has identified OEM World as the source of thousands of

4    counterfeit Apple-branded power adapters.  CBP has also sent Apple multiple Seizure Notices

5    identifying OEM World as the importer of counterfeit Apple products from entities in Hong Kong

6    and China.

7           48.     **Defendant Venturecom.**  MobileStar supplier Venturecom is a repeat infringer of

8    Apple's intellectual property.  Venturecom was the subject of a Department of Homeland

9    Security investigation, which resulted in the execution of a search warrant on April 23, 2015, at

10   Venturecom's business location and the seizure of thousands of counterfeit Apple-branded

11   products.  ████████████████████████████████████████████

12   ██████████████████████████████████████████████████

13   ███████████████████████████████████████ Apple

14   received multiple CBP notices that Apple-branded goods imported by Venturecom from Hong

15   Kong and China were seized as counterfeits.

16          49.     **Defendant Top10Cell.**  In discovery, Apple obtained information that shows that

17   Top10Cell ██████████████████████████████████████████

18   ██████████████████████████████████████ Top10Cell is a repeat

19   infringer of Apple's intellectual property.  An Amazon.com seller with whom Apple is

20   negotiating a settlement, identified Top 10 Cell as the source of thousands of counterfeit Apple-

21   branded power adapters.  Documents obtained in discovery show that Top10Cell imports

22   significant numbers of Apple-branded products from entities located in Hong Kong and China

23   that have no affiliation with Apple.

24          50.     Defendants go to great lengths to associate their counterfeit goods with the

25   goodwill accrued by Apple in the Apple Marks.  Defendants imprint the Apple Logo ( ) on

26   their counterfeit goods and make false claims that the goods were DESIGNED BY APPLE IN

27   CALIFORNIA® in order to falsely convey that their counterfeit goods are instead genuine Apple

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 19 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1    Lightning cables and MagSafe and USB power adapters.  Defendants also use Apple's distinctive

2    packaging, trade dress, or product designs, including in the case of Mobile Star Apple's

3    copyrighted material, for certain of their counterfeit products in order to further conceal the

4    counterfeit nature of their goods.  Fake Apple serial numbers are also applied to the products

5    distributed by Defendants.

6          51.      As a result of Defendants' unlawful conduct, Apple's business has been harmed.

7    Sales of counterfeit Apple products hurt the sales of genuine Apple products.  In addition, the

8    goodwill associated with Apple's marks and also Apple's reputation are damaged as consumers

9    likely equate Defendants' defective and dangerous products with Apple because they believe

10   incorrectly the counterfeit products are genuine Apple products.

11         52.      The public interest will also be harmed if Defendants' unlawful conduct is

12   permitted to continue.  Consumers who believe they purchased a world-class product designed

13   consistent with Apple's commitment to quality and safety instead face potentially grave safety

14   risks associated with Defendants' counterfeit power products.  At the least, consumers will spend

15   hard-earned money on Defendants' inferior counterfeit goods under the false belief they are

16   purchasing a genuine Apple product.

17
                              **FIRST CLAIM FOR RELIEF**
18              (Trademark Counterfeiting and Infringement Under § 32(l) of the Lanham Act)
                                  (Against All Defendants)
19

20         53.      Apple hereby realleges and incorporates herein the allegations set forth in

21   paragraphs 1-52 of this Complaint.

22         54.      The Apple Marks were in use by Apple at all times relevant to the allegations

23   herein.

24         55.      Defendants used in commerce reproductions, counterfeits, and/or copies of the

25   Apple Marks in connection with the sale, offering for sale, distribution, or advertising of goods in

26   a manner that is likely to cause confusion, or to cause mistake, or to deceive.  The copies of the

27   Apple Marks used by Defendants are identical to or substantially indistinguishable from the

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 20 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1   genuine Apple Marks.

2       56.     Defendants applied without authorization counterfeit and/or copied versions of the

3   Apple Marks to labels, wrappers, and/or products intended to be used in commerce and in

4   connection with the sale, offering for sale, distribution, and/or advertising of goods or services in

5   a manner that is likely to cause confusion, or to cause mistake, and/or to deceive. Defendants

6   applied counterfeit versions of the Apple Marks to the classes of products that the Apple Marks

7   are registered for use with at the U.S. Patent & Trademark Office.

8       57.     Defendants acted with knowledge that their use of the Apple Marks was intended

9   to cause confusion, or to cause mistake, or to deceive.

10      58.     Apple has suffered damages and irreparable harm as a result of Defendants'

11  counterfeiting and infringement and will continue to suffer irreparable injury unless Defendants

12  and their officers, agents, and employees and all persons acting in concert with them, are enjoined

13  from engaging in any further such acts in violation of 32(l) of the Lanham Act, 15 U.S.C.

14  § 1114(1).

15                            **SECOND CLAIM FOR RELIEF**
                  (False Designation of Origin under § 43(a)(1)(A) of the Lanham Act)
16                               (Against All Defendants)

17      59.     Apple hereby realleges and incorporates herein the allegations set forth in

18  paragraphs 1-58 of this Complaint.

19      60.     Defendants are using in commerce the Apple Marks in connection with the

20  distribution, marketing, and sale of competing products in a manner that is likely to cause

21  confusion, or mistake, or to deceive as to the origin, sponsorship, or approval of Defendants'

22  goods or commercial activities by Apple.

23      61.     The acts of Defendants constitute trademark infringement and false designation of

24  origin in violation of Apple's rights under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25      62.     Defendants acted willfully and knowingly in engaging in their acts of

26  infringement.

27      63.     Apple has suffered damages and irreparable harm as a result of Defendants' false

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 21 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1    designation of origin and will continue to suffer irreparable injury unless Defendants and their

2    officers, agents, and employees and all persons acting in concert with them, are enjoined from

3    engaging in any further such acts in violation of section 43(a)(1)(A) of the Lanham Act, 15

4    U.S.C. § 1125(a)(1)(A).

### THIRD CLAIM FOR RELIEF
(Copyright Infringement under 17 U.S.C. § 501 *et seq.*)
(Against Mobile Star)

7    64.    Apple hereby realleges and incorporates herein the allegations set forth in

8    paragraphs 1-63 of this Complaint.

9    65.    Apple has created works comprising images and/or text that constitute

10   copyrightable subject matter under the Copyright Act (the "Works").

11   66.    Apple is the exclusive owner of all rights to the Works.

12   67.    Apple has registered with the United States Copyright Office various copyrights

13   for the Works.  One of the Works comprises text and graphics and is titled "Lightning

14   Packaging."  Apple registered the copyright for the Lightning Packaging work, which bears

15   Copyright Registration No. VA0001871759.  A copy of this registration is attached as Exhibit M.

16   68.    Mobile Star from time to time has copied Apple's copyrighted Lightning

17   Packaging without authorization and from time to time has used and without authorization

18   distributed those unauthorized copies as the packaging for its counterfeit Apple products.

19   69.    Mobile Star's reproduction and distribution of Apple's copyrighted Lightning

20   Packaging has been and continues to be knowing and willful.

21   70.    Mobile Star's reproduction and distribution of Apple's copyrighted Lightning

22   Packaging violates Apple's exclusive rights under 17 U.S.C. § 106.

23   71.    Mobile Star has realized and will continue to realize unjust profits, gains, and

24   advantages as a proximate result of their infringement.

25   72.    Apple has suffered damages and irreparable harm as a result of Mobile Star's

26   copyright infringement and will continue to suffer irreparable injury unless Mobile Star and its

27   officers, agents, and employees and all persons acting in concert with them, continue to be

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 22 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

enjoined from engaging in any further such acts in violation of 17 U.S.C. § 501 *et seq.*

**FOURTH CLAIM FOR RELIEF**
(Unfair Competition under Cal. Bus. & Prof. Code § 17200, *et seq.* and Cal. Common Law)
(Against All Defendants)

73.     Apple hereby realleges and incorporates herein the allegations set forth in paragraphs 1-72 of this Complaint.

74.     The acts described above constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

75.     Apple has suffered damages and irreparable harm as a result of Defendants' unfair competition and will continue to suffer irreparable injury unless Defendants and their officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

**FIFTH CLAIM FOR RELIEF**
(Breach of Contract)
(Against DGL)

76.     Apple hereby realleges and incorporates herein the allegations set forth in paragraphs 1-75 of this Complaint.

77.     Apple and DGL entered into a written contract on December 1, 2015.

78.     Apple performed under the contract by releasing claims related to intellectual property infringement against DGL arising from sales made in 2013.

79.     DGL was contractually bound to sell only genuine Apple products per the terms of the contract with Apple, and DGL was contractually prohibited from selling any products that infringe Apple's intellectual property rights.

80.     By selling and/or redistributing products that bear counterfeit versions of Apple's registered trademarks, DGL has breached its contract with Apple.

81.     On information and belief, DGL further breached a confidentiality provision in the contract with Apple by disclosing the existence and terms of the agreement to Defendant Mobile

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 23 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1    Star.

2          82.      Apple has suffered damages as a result of DGL's breach of contract.

3                          **V.      <u>PRAYER FOR RELIEF</u>**

4          83.      WHEREFORE, Apple respectfully requests that the Court enter judgment against

5    Defendants as follows:

6          1.      That the Court issue temporary and permanent injunctive relief against

7    Defendants, and that Defendants, their officers, agents, representatives, servants, employees,

8    attorneys, successors, and assignees, and all others in active concert or participation with

9    Defendants, be enjoined and restrained from:

10                      a.   infringing Apple's trademarks;

11                      b.   using Apple's trade names, trademarks, or any version thereof, in

12                           connection with the description marketing, promotion, advertising, or sale

13                           of products or services not approved in writing by Apple;

14                      c.   assisting, aiding, or abetting any other person or business entity in

15                           engaging in or performing any of the activities referred to in subparagraphs

16                           a. through b.

17         2.      That the Court order the forfeiture and destruction of all counterfeit products

18    bearing the Apple Marks or intended for use with genuine Apple products in Defendants'

19    possession;

20         3.      That the Court award Apple all damages caused by Defendants' unlawful actions;

21         4.      That the Court award Apple treble damages as provided by law;

22         5.      That the Court award Apple all gains, profits, and advantages derived by

23    Defendants from their unlawful acts;

24         6.      That the Court award Apple treble the gains, profits, and advantages derived by

25    Defendants from their unlawful acts;

26         7.      That the Court award Apple statutory damages of up to $150,000, for each

27    registered copyright Mobile Star infringed;

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 24 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1        8.      That the Court award statutory damages of up to $2,000,000 per counterfeit mark

2  per type of goods sold by Defendants;

3        9.      That the Court enter an award of all just and appropriate restitution;

4       10.     That the Court enter an award of punitive damages as provided by law;

5       11.     That, with respect to DGL, the Court award Apple, in addition to all other

6  applicable remedies, compensation for Apple's detection of DGL's violation of Apple's rights;

7       12.     That the Court award Apple its attorneys' fees and all other costs associated with

8  this action; and

9       13.     That the Court grant Apple all other relief to which it is entitled and such other or

10  additional relief as is just and proper.

11
## DEMAND FOR JURY TRIAL

12        Plaintiff Apple hereby demands a trial by jury in this action.

13

14  Dated: July 12, 2017                 ORRICK, HERRINGTON & SUTCLIFFE LLP

15

16                      By:       */s/ Thomas H. Zellerbach*

17                          THOMAS H. ZELLERBACH
                             VICKIE FEEMAN

18                           NATHAN SHAFFER
                           FRANCES S. CHEEVER

19
                           Attorneys for Plaintiff

20                           Apple Inc.

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 25 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

# EXHIBIT A



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL
## TRADEMARK REGISTRATION

**Requirements in the First Ten Years***
*What and When to File:*
- First Filing: A Declaration of Continued Use (or Excusable Non-use), filed between the 5th and 6th years after the registration date. (*See* 15 U.S.C. §1058; 37 C.F.R. §2.161.)
- Second Filing: A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between the 9th and 10th years after the registration date. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

**Requirements in Successive Ten-Year Periods***
*What and When to File:*
- A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between each 9th and 10th-year period after the date when the first ten-year period ends. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

**Grace Period Filings***
There is a six-month grace period for filing the documents listed above, with payment of an additional fee.

**The U.S. Patent and Trademark Office (USPTO) will <u>NOT</u> send you any future notice or reminder of these filing requirements. Therefore, you should contact the USPTO approximately one year prior to the deadlines set forth above to determine the requirements and fees for submission of the required filings.**
**NOTE:** *Electronic forms for the above documents, as well as information regarding current filing requirements and fees, are available online at the USPTO web site:*
*www.uspto.gov*

## YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS IDENTIFIED ABOVE DURING THE SPECIFIED TIME PERIODS.

\* Exception for the Extensions of Protection under the Madrid Protocol: The holder of an international registration with an extension of protection to the United States must file, under slightly different time periods, a Declaration of Continued Use (or Excusable Non-use) at the USPTO. See 15 U.S.C. §1141k; 37 C.F.R. §7.36. The renewal of an international registration, however, must be filed at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol. *See* 15 U.S.C. §1141j; 37 C.F.R. §7.41.

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,679,056

Registered Sep. 8, 2009

## TRADEMARK
### PRINCIPAL REGISTER



APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: COMPUTERS; COMPUTER HARDWARE; COMPUTER PERIPHERALS; HANDHELD COMPUTERS; HANDHELD MOBILE DIGITAL ELECTRONIC DEVICES FOR RECORDING, ORGANIZING, TRANSMITTING, MANIPULATING, AND REVIEWING TEXT, DATA, IMAGE, AUDIO, AND AUDIOVISUAL FILES, FOR THE SENDING AND RECEIVING OF TELEPHONE CALLS, ELECTRONIC MAIL, AND OTHER DIGITAL DATA, FOR USE AS A DIGITAL FORMAT AUDIO PLAYER, HANDHELD COMPUTER, PERSONAL DIGITAL ASSISTANT, ELECTRONIC ORGANIZER, ELECTRONIC NOTEPAD, CAMERA, AND GLOBAL POSITIONING SYSTEM (GPS) ELECTRONIC NAVIGATION DEVICE; DIGITAL AUDIO AND VIDEO RECORDERS AND PLAYERS; PERSONAL DIGITAL ASSISTANTS; ELECTRONIC ORGANIZERS; CAMERAS; TELEPHONES; MOBILE PHONES; SATELLITE NAVIGATIONAL SYSTEMS, NAMELY, GLOBAL POSITIONING SYSTEMS (GPS); ELECTRONIC NAVIGATIONAL DEVICES, NAMELY, GLOBAL POSITIONING SATELLITE (GPS) BASED NAVIGATION RECEIVERS; COMPUTER GAME MACHINES FOR USE WITH EXTERNAL DISPLAY SCREENS, MONITORS, OR TELEVISIONS; A FULL LINE OF ACCESSORIES AND PARTS FOR THE AFOREMENTIONED GOODS; STANDS, COVERS, CASES, HOLSTERS, POWER ADAPTORS, AND WIRED AND WIRELESS REMOTE CONTROLS FOR THE AFOREMENTIONED GOODS; COMPUTER MEMORY HARDWARE; COMPUTER DISC DRIVES; OPTICAL DISC DRIVES; COMPUTER NETWORKING HARD-WARE; COMPUTER MONITORS; FLAT PANEL DISPLAY MONITORS; COMPUTER KEYBOARDS; COMPUTER CABLES; MODEMS; COMPUTER MICE; ELECTRONIC DOCKING STATIONS; SET TOP BOXES; BATTERIES; BATTERY CHARGERS; ELECTRICAL CONNECTORS, WIRES, CABLES, AND ADAPTORS; DEVICES FOR HANDS-FREE USE; HEADPHONES; EARPHONES; EAR BUDS; AUDIO SPEAKERS; MICROPHONES; AND HEADSETS; A FULL LINE OF COMPUTER SOFTWARE FOR BUSINESS, HOME, EDUCATION, AND DEVELOPER USE; USER MANUALS FOR USE WITH, AND SOLD AS A UNIT WITH, THE AFOREMENTIONED GOODS; DOWNLOADABLE AUDIO AND VIDEO FILES, MOVIES, RING TONES, VIDEO GAMES, TELEVISION PROGRAMS, POD CASTS AND AUDIO BOOKS VIA THE INTERNET AND WIRELESS DEVICES FEATURING MUSIC, MOVIES, VIDEOS, TELEVISION, CELEBRITIES, SPORTS, NEWS, HISTORY, SCIENCE, POLITICS, COMEDY, CHILDREN'S ENTERTAINMENT, ANIMATION, CULTURE, CURRENT EVENTS AND TOPICS OF GENERAL INTEREST, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-31-1977; IN COMMERCE 1-31-1977.

OWNER OF U.S. REG. NOS. 1,114,431, 2,753,069 AND OTHERS.

THE MARK CONSISTS OF THE DESIGN OF AN APPLE WITH A BITE REMOVED.

SER. NO. 77-648,705, FILED 1-13-2009.

JERI J. FICKES, EXAMINING ATTORNEY

# EXHIBIT B



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

---

**Requirements in the First Ten Years***
*What and When to File:*

- First Filing: A Declaration of Continued Use (or Excusable Non-use), filed between the 5th and 6th years after the registration date. (*See* 15 U.S.C. §1058; 37 C.F.R. §2.161.)
- Second Filing: A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between the 9th and 10th years after the registration date. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

**Requirements in Successive Ten-Year Periods***
*What and When to File:*

- A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between each 9th and 10th-year period after the date when the first ten-year period ends. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

**Grace Period Filings***
There is a six-month grace period for filing the documents listed above, with payment of an additional fee.

**The U.S. Patent and Trademark Office (USPTO) will __NOT__ send you any future notice or reminder of these filing requirements. Therefore, you should contact the USPTO approximately one year prior to the deadlines set forth above to determine the requirements and fees for submission of the required filings.**
**NOTE:** *Electronic forms for the above documents, as well as information regarding current filing requirements and fees, are available online at the USPTO web site:*
*__www.uspto.gov__*

---

### YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS IDENTIFIED ABOVE DURING THE SPECIFIED TIME PERIODS.

---

*Exception for the Extensions of Protection under the Madrid Protocol:
The holder of an international registration with an extension of protection to the United States must file, under slightly different time periods, a Declaration of Continued Use (or Excusable Non-use) at the USPTO. *See* 15 U.S.C. §1141k; 37 C.F.R. §7.36. The renewal of an international registration, however, must be filed at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol. *See* 15 U.S.C. §1141j; 37 C.F.R. §7.41.

**Int. Cl.: 9**

**Prior U.S. Cls.: 21, 23, 26, 36 and 38**

**United States Patent and Trademark Office**

**Reg. No. 3,229,791**

Registered Apr. 17, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# MAGSAFE

APPLE COMPUTER, INC. (CALIFORNIA COR-
PORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: POWER ADAPTERS FOR COMPUTERS, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-14-2006; IN COMMERCE 2-14-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON
HONG KONG APPLICATION NO. 300553077, FILED
12-21-2005, REG. NO. 300553077, DATED 12-21-2005,
EXPIRES 12-21-2015.

SER. NO. 78-910,155, FILED 6-16-2006.

ERNEST SHOSHO, EXAMINING ATTORNEY

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office

# EARPODS

**Reg. No. 4,891,107**

**Registered Jan. 26, 2016**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: HEADPHONES; MICROPHONES; REMOTE CONTROL FOR CONTROLLING AUDIO AND VIDEO PLAYERS AND MOBILE PHONES; SOUND REPRODUCING APPARATUS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-12-2012; IN COMMERCE 9-12-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON JAMAICA APPLICATION NO. 060741, FILED 7-11-2012.

SER. NO. 85-743,152, FILED 10-1-2012.

LAKEISHA LEWIS, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
  *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

# EXHIBIT D

# United States of America

## United States Patent and Trademark Office

# IPHONE

**Reg. No. 3,870,782**

**Registered Nov. 2, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: FULL LINE OF PARTS FOR MOBILE TELEPHONES; MOBILE PHONE ACCESSORIES, NAMELY, MOBILE TELEPHONE COVERS, MOBILE TELEPHONE CASES, BATTERIES, RECHARGEABLE BATTERIES, BATTERY CHARGERS, CHARGERS FOR ELECTRIC BATTERIES, HEADPHONES, STEREO HEADPHONES, IN-EAR HEADPHONES, STEREO SPEAKERS, AUDIO SPEAKERS FOR HOME, PERSONAL STEREO SPEAKER APPARATUS, MICROPHONES, CAR AUDIO ADAPTERS, HEADSETS, REMOTE CONTROLS, CONNEC-TION CABLES, POWER ADAPTERS, DOCKING STATIONS, AND ADAPTER PLUGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-29-2007; IN COMMERCE 6-29-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

PRIORITY CLAIMED UNDER SEC. 44(D) ON ERPN CMNTY TM OFC APPLICATION NO. 5341301, FILED 9-27-2006.

SN 77-078,484, FILED 1-8-2007.

LINDA ESTRADA, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
  *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# EXHIBIT E



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date. (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)***



*David J. Kappos*

Director of the United States Patent and Trademark Office

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

**Requirements in the First Ten Years***
*What and When to File:*
- First Filing: A Declaration of Continued Use (or Excusable Non-use), filed between the 5th and 6th years after the registration date. (*See* 15 U.S.C. §1058; 37 C.F.R. §2.161.)
- Second Filing: A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between the 9th and 10th years after the registration date. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

**Requirements in Successive Ten-Year Periods***
*What and When to File:*
- A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between each 9th and 10th-year period after the date when the first ten-year period ends. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

**Grace Period Filings***
There is a six-month grace period for filing the documents listed above, with payment of an additional fee.

**The U.S. Patent and Trademark Office (USPTO) will <u>NOT</u> send you any future notice or reminder of these filing requirements. Therefore, you should contact the USPTO approximately one year prior to the deadlines set forth above to determine the requirements and fees for submission of the required filings.**
**NOTE:** *Electronic forms for the above documents, as well as information regarding current filing requirements and fees, are available online at the USPTO web site:*

*www.uspto.gov*

**YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS IDENTIFIED ABOVE DURING THE SPECIFIED TIME PERIODS.**

\* Exception for the Extensions of Protection under the Madrid Protocol: The holder of an international registration with an extension of protection to the United States must file, under slightly different time periods, a Declaration of Continued Use (or Excusable Non-use) at the USPTO. See 15 U.S.C. §1141k; 37 C.F.R. §7.36. The renewal of an international registration, however, must be filed at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol. *See* 15 U.S.C. §1141j; 37 C.F.R. §7.41.

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,669,402

Registered Aug. 18, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# iPhone

APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: HANDHELD MOBILE DIGITAL ELECTRO-NIC DEVICES FOR THE SENDING AND RECEIV-ING OF TELEPHONE CALLS, ELECTRONIC MAIL, AND OTHER DIGITAL DATA, FOR USE AS A DIGITAL FORMAT AUDIO PLAYER, AND FOR USE AS A HANDHELD COMPUTER, PERSONAL DIGITAL ASSISTANT, ELECTRONIC ORGANIZER, ELECTRONIC NOTEPAD, AND CAMERA, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-9-2007; IN COMMERCE 1-29-2007.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON TRINIDAD/TOBAGO APPLICATION NO. 37090, FILED 3-27-2006.

SEC. 2(F).

SER. NO. 77-975,076, FILED 9-26-2006.

LINDA ESTRADA, EXAMINING ATTORNEY

# EXHIBIT F

# United States of America

## United States Patent and Trademark Office

# APPLE

**Reg. No. 3,928,818**
**Registered Mar. 8, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: COMPUTER HARDWARE; COMPUTER HARDWARE, NAMELY, SERVER, DESKTOP, LAPTOP AND NOTEBOOK COMPUTERS; COMPUTER MEMORY HARDWARE; COMPUTER DISC DRIVES; OPTICAL DISC DRIVES; COMPUTER HARDWARE, SOFTWARE AND COMPUTER PERIPHERALS FOR COMMUNICATION BETWEEN MULTIPLE COMPUTERS AND BETWEEN COMPUTERS AND LOCAL AND GLOBAL COMPUTER NETWORKS; COMPUTER NETWORKING HARDWARE; SET TOP BOXES; COMPUTER HARDWARE AND COMPUTER SOFTWARE FOR THE REPRODUCTION, PROCESSING AND STREAMING OF AUDIO, VIDEO AND MULTIMEDIA CONTENT; COMPUTER HARDWARE AND SOFTWARE FOR CONTROLLING THE OPERATION OF AUDIO AND VIDEO DEVICES AND FOR VIEWING, SEARCHING AND/OR PLAYING AUDIO, VIDEO, TELEVISION, MOVIES, PHOTOGRAPHS AND OTHER DIGITAL IMAGES, AND OTHER MULTIMEDIA CONTENT; COMPUTER MONITORS; LIQUID CRYSTAL DISPLAYS; FLAT PANEL DISPLAY MONITORS; COMPUTER KEYBOARDS, CABLES, MODEMS; COMPUTER MICE; ELEC-TRONIC DOCKING STATIONS; STANDS SPECIALLY DESIGNED FOR HOLDING COM-PUTER HARDWARE AND PORTABLE AND HANDHELD DIGITAL ELECTRONIC DEVICES; BATTERIES; RECHARGEABLE BATTERIES; BATTERY CHARGERS; BATTERY PACKS; POWER ADAPTERS FOR COMPUTERS; ELECTRICAL CONNECTORS, WIRES, CABLES, AND ADAPTORS; WIRED AND WIRELESS REMOTE CONTROLS FOR COMPUTERS AND PORTABLE AND HANDHELD DIGITAL ELECTRONIC DEVICES; HEADPHONES AND EARPHONES; STEREO HEADPHONES; IN-EAR HEADPHONES; MICROPHONES; AUDIO EQUIPMENT FOR VEHICLES, NAMELY, MP3 PLAYERS; SOUND SYSTEMS COMPRISING REMOTE CONTROLS, AMPLIFIERS, LOUDSPEAKERS AND COMPONENTS THEREOF; AUDIO RECORDERS; RADIO RECEIVERS; RADIO TRANSMITTERS; PERSONAL DIGITAL ASSISTANTS; PORTABLE DIGITAL AUDIO AND VIDEO PLAYERS; ELECTRONIC OR-GANIZERS; CAMERAS; TELEPHONES; MOBILE PHONES; VIDEOPHONES; COMPUTER GAMING MACHINES, NAMELY, STAND-ALONE VIDEO GAMING MACHINES; HANDHELD AND MOBILE DIGITAL ELECTRONIC DEVICES FOR THE SENDING AND RECEIVING OF TELEPHONE CALLS, ELECTRONIC MAIL AND OTHER DIGITAL MEDIA; MP3 AND OTHER DIGITAL FORMAT AUDIO AND VIDEO PLAYERS; PORTABLE AND HANDHELD DIGITAL ELECTRONIC DEVICES FOR RECORDING, ORGANIZING, TRANSMITTING, RECEIVING, MANIPULATING, PLAYING AND REVIEWING TEXT, DATA, AUDIO AND VIDEO FILES; A FULL LINE OF ELECTRONIC AND MECHANICAL PARTS AND FITTING FOR PORTABLE AND HANDHELD DIGITAL ELECTRONIC DEVICES FOR RE-CORDING, ORGANIZING, TRANSMITTING, RECEIVING, MANIPULATING, PLAYING AND REVIEWING TEXT, DATA, IMAGE, AUDIO AND VIDEO FILES, NAMELY, HEAD-PHONES, MICROPHONES, REMOTE CONTROLS, BATTERIES, BATTERY CHARGERS, DEVICES FOR HANDS-FREE USE, KEYBOARDS, ADAPTERS; PARTS AND ACCESSORIES FOR MOBILE TELEPHONES, NAMELY, MOBILE TELEPHONE COVERS, MOBILE TELE-PHONE CASES, MOBILE TELEPHONE COVERS MADE OF CLOTH OR TEXTILE MATER-



*Director of the United States Patent and Trademark Office*

**Reg. No. 3,928,818**  IALS, MOBILE TELEPHONE BATTERIES, MOBILE TELEPHONE BATTERY CHARGERS, HEADSETS FOR MOBILE TELEPHONES, DEVICES FOR HANDS-FREE USE OF MOBILE TELEPHONES; CARRYING CASES, SACKS, AND BAGS, ALL FOR USE WITH COMPUTERS AND PORTABLE AND HANDHELD DIGITAL ELECTRONIC DEVICES; OPERATING SYSTEM PROGRAMS; COMPUTER UTILITY PROGRAMS FOR COMPUTER OPERATING SYSTEMS; A FULL LINE OF COMPUTER SOFTWARE FOR BUSINESS, HOME, EDUCATION, AND DEVELOPER USE; COMPUTER SOFTWARE FOR USE IN ORGANIZING, TRANSMIT-TING, RECEIVING, MANIPULATING, PLAYING AND REVIEWING TEXT, DATA, IMAGE, AUDIO, AND VIDEO FILES; COMPUTER PROGRAMS FOR PERSONAL INFORMATION MANAGEMENT; DATABASE MANAGEMENT SOFTWARE; CHARACTER RECOGNITION SOFTWARE; ELECTRONIC MAIL AND MESSAGING SOFTWARE; TELECOMMUNICA-TIONS SOFTWARE FOR CONNECTING WIRELESS DEVICES, MOBILE TELEPHONES, HANDHELD DIGITAL ELECTRONIC DEVICES, COMPUTERS, LAPTOP COMPUTERS, COMPUTER NETWORK USERS, GLOBAL COMPUTER NETWORKS; DATABASE SYN-CHRONIZATION SOFTWARE; COMPUTER PROGRAMS FOR ACCESSING, BROWSING AND SEARCHING ONLINE DATABASES; COMPUTER SOFTWARE TO DEVELOP OTHER COMPUTER SOFTWARE; COMPUTER SOFTWARE FOR USE AS A PROGRAMMING IN-TERFACE; COMPUTER SOFTWARE FOR USE IN NETWORK SERVER SHARING; LOCAL AND WIDE AREA NETWORKING SOFTWARE; COMPUTER SOFTWARE FOR MATCHING, CORRECTION, AND REPRODUCTION OF COLOR; COMPUTER SOFTWARE FOR USE IN DIGITAL VIDEO AND AUDIO EDITING; COMPUTER SOFTWARE FOR USE IN ENHANCING TEXT AND GRAPHICS; COMPUTER SOFTWARE FOR USE IN FONT JUSTIFICATION AND FONT QUALITY; COMPUTER SOFTWARE FOR USE TO NAVIGATE AND SEARCH A GLOBAL COMPUTER INFORMATION NETWORK; COMPUTER SOFTWARE FOR USE IN WORD PROCESSING AND DATABASE MANAGEMENT; WORD PROCESSING SOFTWARE INCORPORATING TEXT, SPREADSHEETS, STILL AND MOVING IMAGES, SOUNDS AND CLIP ART; COMPUTER SOFTWARE FOR USE IN AUTHORING, DOWNLOADING, TRANSMITTING, RECEIVING, EDITING, EXTRACTING, ENCODING, DECODING, PLAYING, STORING AND ORGANIZING AUDIO, VIDEO, STILL IMAGES AND OTHER DIGITAL MEDIA; COMPUTER SOFTWARE FOR ANALYZING AND TROUBLESHOOTING OTHER COMPUTER SOFTWARE; COMPUTER GRAPHICS SOFTWARE; COMPUTER SEARCH ENGINE SOFTWARE; WEBSITE DEVELOPMENT SOFTWARE; COMPUTER SOFTWARE FOR REMOTE VIEWING, REMOTE CONTROL, COMMUNICATIONS AND SOFTWARE DISTRIBUTION WITHIN PERSONAL COMPUTER SYSTEMS AND ACROSS COMPUTER NETWORKS; COMPUTER PROGRAMS FOR FILE MAINTENANCE AND DATA RECOVERY; COMPUTER SOFTWARE FOR RECORDING AND ORGANIZING CALENDARS AND SCHEDULES, TO-DO LISTS, AND CONTACT INFORMATION; COMPUTER SOFTWARE FOR CLOCK AND ALARM CLOCK FUNCTIONALITY; COMPUTER SOFTWARE AND PRERECORDED COMPUTER PROGRAMS FOR PERSONAL INFORMATION MANAGE-MENT; ELECTRONIC MAIL AND MESSAGING SOFTWARE; COMPUTER PROGRAMS FOR ACCESSING, BROWSING AND SEARCHING ONLINE DATABASES; COMPUTER SOFTWARE AND FIRMWARE FOR OPERATING SYSTEM PROGRAMS; BLANK COMPUTER STORAGE MEDIA; USER MANUALS IN ELECTRONICALLY READABLE, MACHINE READABLE OR COMPUTER READABLE FORM FOR USE WITH, AND SOLD AS A UNIT WITH, ALL THE AFOREMENTIONED GOODS; INSTRUCTIONAL MANUALS PACKAGED IN ASSOCIATION WITH THE ABOVE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-1-1976; IN COMMERCE 4-1-1976.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,078,312, 2,808,567, AND OTHERS.

SN 77-172,511, FILED 5-3-2007.

ANGELA DUONG, EXAMINING ATTORNEY

# EXHIBIT G

# United States of America
## United States Patent and Trademark Office

# IPAD

**Reg. No. 4,537,934**

**Registered May 27, 2014**

**Int. Cls.: 9 and 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

IP APPLICATION DEVELOPMENT LLC (DELAWARE LIMITED LIABILITY COMPANY)
2711 CENTERVILLE ROAD, SUITE 400
WILMINGTON, DE 19808

FOR: COMPUTER COMPONENTS AND ACCESSORIES, NAMELY, MONITORS, DISPLAYS, CABLES, MODEMS, PRINTERS, DISK DRIVES, ADAPTERS, ADAPTER CARDS, CABLE CONNECTORS, PLUG-IN CONNECTORS, ELECTRICAL POWER CONNECTORS, DRIVER SOFTWARE, KEYBOARDS, COMPUTER MICE, DOCKING STATIONS, REMOTE CONTROLS, CAR ADAPTERS, HEADSETS, AND STANDS FOR HANDHELD DIGITAL MOBILE ELECTRONIC DEVICES; BLANK COMPUTER STORAGE MEDIA; COMPUTER SOFTWARE AND FIRMWARE, NAMELY, OPERATING SYSTEM PROGRAMS, DATA SYNCHRONIZATION PROGRAMS, AND APPLICATION DEVELOPMENT TOOL PROGRAMS FOR PERSONAL AND HANDHELD COMPUTERS; PRE-RECORDED COMPUTER PROGRAMS FOR PERSONAL INFORMATION MANAGEMENT; DATABASE MANAGEMENT SOFTWARE, CHARACTER RECOGNITION SOFTWARE, TELEPHONY MANAGEMENT SOFTWARE, ELECTRONIC MAIL AND MESSAGING SOFTWARE, MOBILE TELEPHONE SOFTWARE FOR THE SENDING AND RECEIVING OF TELEPHONE CALLS; DATABASE SYNCHRONIZATION SOFTWARE, COMPUTER PROGRAMS FOR ACCESSING, BROWSING AND SEARCHING ONLINE DATABASES, COMPUTER HARDWARE AND SOFTWARE FOR PROVIDING INTEGRATED TELEPHONE COMMUNICATION WITH COMPUTERIZED GLOBAL INFORMATION NETWORKS; TELEPHONES; HANDHELD AND MOBILE DIGITAL ELECTRONIC DEVICES FOR THE SENDING AND RECEIVING OF TELEPHONE CALLS AND FAXES; PARTS AND ACCESSORIES FOR MOBILE TELEPHONES; CAMERAS, VIDEO CAMERAS; TELEPHONE-BASED INFORMATION RETRIEVAL SOFTWARE AND HARDWARE; COMPUTER SOFTWARE FOR THE REDIRECTION OF MESSAGES, INTERNET E-MAIL, AND/OR OTHER DATA TO ONE OR MORE ELECTRONIC HANDHELD DEVICES FROM A DATA STORE ON OR ASSOCIATED WITH A PERSONAL COMPUTER OR A SERVER; COMPUTER SOFTWARE FOR THE SYNCHRONIZATION OF DATA BETWEEN A REMOTE STATION OR DEVICE AND A FIXED OR REMOTE STATION OR DEVICE; COMPUTER GAME AND ELECTRONIC GAME PROGRAMS; MOUSE PADS; BATTERIES; BATTERY CHARGERS; HEADPHONES; AUDIO SPEAKERS; MICROPHONES; DIGITAL MUSIC AND/OR VIDEO PLAYERS; RADIOS; AUDIO, VIDEO, AND DIGITAL SOUND MIXERS; BAGS AND CASES ADAPTED OR SHAPED TO CONTAIN HAND HELD COMPUTERS AND TABLET COMPUTERS; ALL OF THE AFORESAID EXCLUDING INTEGRATED CIRCUITS AND SOFTWARE FOR INTEGRATED CIRCUITS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

**Reg. No. 4,537,934**   FIRST USE 4-3-2010; IN COMMERCE 4-3-2010.

FOR: HANDHELD UNIT FOR PLAYING ELECTRONIC GAMES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 4-3-2010; IN COMMERCE 4-3-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

PRIORITY CLAIMED UNDER SEC. 44(D) ON TRINIDAD/TOBAGO APPLICATION NO. 41168, FILED 7-16-2009.

SN 77-982,320, FILED 1-16-2010.

HELENE LIWINSKI, EXAMINING ATTORNEY

# EXHIBIT H



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

---

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL
## TRADEMARK REGISTRATION

---

### Requirements in the First Ten Years*
*What and When to File:*

- First Filing: A Declaration of Continued Use (or Excusable Non-use), filed between the 5th and 6th years after the registration date. (*See* 15 U.S.C. §1058; 37 C.F.R. §2.161.)
- Second Filing: A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between the 9th and 10th years after the registration date. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

### Requirements in Successive Ten-Year Periods*
*What and When to File:*

- A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between each 9th and 10th-year period after the date when the first ten-year period ends. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

### Grace Period Filings*

There is a six-month grace period for filing the documents listed above, with payment of an additional fee.

**The U.S. Patent and Trademark Office (USPTO) will <u>NOT</u> send you any future notice or reminder of these filing requirements. Therefore, you should contact the USPTO approximately one year prior to the deadlines set forth above to determine the requirements and fees for submission of the required filings.**

**NOTE:** *Electronic forms for the above documents, as well as information regarding current filing requirements and fees, are available online at the USPTO web site:*

<u>*www.uspto.gov*</u>

---

### YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT
### FILE THE DOCUMENTS IDENTIFIED ABOVE DURING THE
### SPECIFIED TIME PERIODS.

---

*Exception for the Extensions of Protection under the Madrid Protocol:

The holder of an international registration with an extension of protection to the United States must file, under slightly different time periods, a Declaration of Continued Use (or Excusable Non-use) at the USPTO. *See* 15 U.S.C. §1141k; 37 C.F.R. §7.36. The renewal of an international registration, however, must be filed at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol. *See* 15 U.S.C. §1141j; 37 C.F.R. §7.41.

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,222,089
Registered Mar. 27, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# MACBOOK

APPLE COMPUTER, INC. (CALIFORNIA COR-
PORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: COMPUTERS, NOTEBOOK COMPUTERS,
COMPUTER HARDWARE, COMPUTER OPERAT-
ING SYSTEM SOFTWARE, COMPUTER PERIPH-
ERALS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-10-2006; IN COMMERCE 1-10-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON
MALAYSIA APPLICATION NO. 05016219, FILED 9-
28-2005.

SER. NO. 78-821,058, FILED 2-22-2006.

GIANCARLO CASTRO, EXAMINING ATTORNEY

# EXHIBIT I

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Jon W. Dudas*

Director of the United States Patent and Trademark Office

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

**Reg. No. 3,522,328**

## United States Patent and Trademark Office

Registered Oct. 21, 2008

### TRADEMARK
### PRINCIPAL REGISTER

# MACBOOK AIR

APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: COMPUTERS, NOTEBOOK COMPUTERS, COMPUTER HARDWARE, COMPUTER OPERATING SYSTEM SOFTWARE, COMPUTER PERIPHERALS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-15-2008; IN COMMERCE 1-15-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,968,965 AND 3,222,089.

SN 77-371,650, FILED 1-15-2008.

CHERYL CLAYTON, EXAMINING ATTORNEY

# EXHIBIT J

# United States of America

## United States Patent and Trademark Office

# LIGHTNING

**Reg. No. 4,726,001**

**Registered Apr. 28, 2015**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: ELECTRICAL AND ELECTRONIC CONNECTORS, CABLES, CHARGERS, AND AD-APTERS FOR USE WITH COMPUTERS, DIGITAL FORMAT AUDIO PLAYERS, DIGITAL AUDIO RECORDERS, DIGITAL VIDEO RECORDERS AND PLAYERS, TELEPHONES, COMPUTER PERIPHERAL DEVICES, AND HANDHELD MOBILE DIGITAL ELECTRONIC DEVICES CAPABLE OF PROVIDING ACCESS TO THE INTERNET AND FOR THE SENDING, RECEIVING, AND STORING OF TELEPHONE CALLS, FAXES, ELECTRONIC MAIL, AND OTHER DIGITAL DATA, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-12-2012; IN COMMERCE 9-12-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON TRINIDAD/TOBAGO APPLICATION NO. 44773, FILED 1-6-2012.

OWNER OF U.S. REG. NO. 4,359,316.

SER. NO. 85-670,656, FILED 7-6-2012.

SIMON TENG, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
*See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT K

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,726,738**

**Registered Apr. 28, 2015**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP
CUPERTINO, CA 95014

FOR: ADAPTERS FOR USE WITH COMPUTERS, COMPUTER PERIPHERALS, CONSUMER ELECTRONICS, PORTABLE AND HANDHELD DIGITAL ELECTRONIC DEVICES, DIGITAL MEDIA PLAYERS, HANDHELD COMPUTERS, TABLET COMPUTERS, MOBILE PHONES, ELECTRONIC BOOK READERS, ELECTRONIC PERSONAL ORGANIZER, PERSONAL DIGITAL ASSISTANT, ELECTRONIC CALENDAR, AND GLOBAL POSITIONING SYSTEM (GPS) DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 7-11-2008; IN COMMERCE 7-11-2008.

THE MARK CONSISTS OF A THREE-DIMENSIONAL CONFIGURATION OF A WHITE ADAPTER IN THE SHAPE OF A CUBE HAVING FOUR SIDES WITH ROUNDED CORNERS, A FLAT FRONT AND FLAT BACK SURFACE. THE BACK SURFACE APPEARS IN GRAY WITH WHITE OUTLINING. THE BROKEN LINES DEPICTING A CONNECTOR PORT AND ELECTRICAL PRONGS INDICATE PLACEMENT OF THE MARK ON THE GOODS AND ARE NOT PART OF THE MARK.

THE COLOR(S) WHITE AND GRAY IS/ARE CLAIMED AS A FEATURE OF THE MARK.

SEC. 2(F).

SER. NO. 86-360,795, FILED 8-7-2014.

JOANNA FIORELLI, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
  *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

# EXHIBIT L

# United States of America

## United States Patent and Trademark Office

# DESIGNED BY APPLE IN CALIFORNIA

**Reg. No. 4,604,456**

APPLE INC. (CALIFORNIA CORPORATION)
1 INFINITE LOOP

**Registered Sep. 16, 2014** CUPERTINO, CA 95014

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

FOR: COMPUTERS; COMPUTER HARDWARE; COMPUTER MONITORS; COMPUTER PERIPHERAL DEVICES; HANDHELD DIGITAL ELECTRONIC DEVICES FOR INTERNET ACCESS, FOR USE AS A HANDHELD COMPUTER, DIGITAL FORMAT AUDIO AND VIDEO PLAYER, PERSONAL DIGITAL ASSISTANT, ELECTRONIC ORGANIZER, ELECTRONIC NOTEPAD, ELECTRONIC BOOK READER, GLOBAL POSITIONING SYSTEM (GPS) DEVICE, AND CAMERA, AND FOR SENDING, RECEIVING, AND STORING TELEPHONE CALLS AND/OR ELECTRONIC MAIL AND OTHER DIGITAL DATA; DIGITAL FORMAT AUDIO AND VIDEO PLAYERS; COMPUTER OPERATING SYSTEM SOFTWARE; WIRELESS COMMUNICATION DEVICES FOR VOICE, DATA, IMAGE, AND MULTIMEDIA TRANS-MISSION; COMPUTER HARDWARE FOR COMMUNICATION BETWEEN MULTIPLE COMPUTERS AND BETWEEN COMPUTERS AND LOCAL AND GLOBAL COMPUTER NETWORKS; SET TOP BOXES; COMPUTER HARDWARE FOR THE REPRODUCTION, PROCESSING, PLAYING AND STREAMING OF AUDIO, VIDEO, IMAGES, AND MULTIME-DIA CONTENT, FOR CONTROLLING THE OPERATION OF MULTIMEDIA DEVICES, AND FOR VIEWING, SEARCHING, STORING, AND PLAYING AUDIO, VIDEO, IMAGES, AND MULTIMEDIA CONTENT; COMPUTER KEYBOARDS; COMPUTER MICE; REMOTE CONTROLS, ELECTRONIC CONNECTORS, CABLES, CHARGERS, DOCKS, AND ADAPTERS FOR USE WITH COMPUTER AND HANDHELD DIGITAL ELECTRONIC DEVICES; CASES FOR COMPUTERS; BATTERIES; BATTERY CHARGERS; HEADPHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-31-2000; IN COMMERCE 12-31-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON JAMAICA APPLICATION NO. 62483, FILED 4-23-2013.

OWNER OF U.S. REG. NOS. 1,078,312, 3,928,818 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "DESIGNED BY" AND "CALI-FORNIA", APART FROM THE MARK AS SHOWN.



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

**Reg. No. 4,604,456** SER. NO. 86-096,239, FILED 10-20-2013.

STEPHANIE ALI, EXAMINING ATTORNEY

# EXHIBIT M

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-871-759

**Effective date of registration:**

June 10, 2013

---

## Title

| | |
|---|---|
| **Title of Work:** | Lightning packaging |
| **Previous or Alternative Title:** | Apple Lightning packaging |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2012 | | |
| **Date of 1st Publication:** | September 12, 2012 | **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| ■ **Author:** | Apple Inc. |
| **Author Created:** | 2-D artwork |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Apple Inc. |
| | 1 Infinite Loop, MS: 169-3IPL, Cupertino, CA, 95014 |

## Certification

| | |
|---|---|
| **Name:** | John N. Jennison |
| **Date:** | June 10, 2013 |

---

Lightning to USB Cable (1 m)
Lightning vers câble USB (1 m)
Lightning-auf-USB-Kabel (1 m)
Lightning a cavo USB (1 m)
Lightning a cable USB (1 m)
Lightning - USB ケーブル (1 m)



CE

Apple Inc., 1 Infinite Loop, Cupertino, CA 95014 USA
TM and © 2012 Apple Inc. All rights reserved. 632-7909-A



Lightning to USB Cable
(1 m)