THOMAS H. ZELLERBACH (SBN 154557)
tzellerbach@orrick.com
VICKIE FEEMAN (SBN 177487)
vfeeman@orrick.com
FRANCES S. CHEEVER (SBN 287585)
fcheever@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:     +1-415-773-5700
Facsimile:      +1-415-773-5759

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>MOBILE STAR, LLC, a New York Limited Liability Company, BUYRITE18, INC., a New York Corporation; DGL GROUP, LTD, a New York Corporation; OEM WORLD, INC., a New York Corporation; STARKEYS CORP., a New York Corporation; SATK CORP., a New York Corporation; TOP 10 CELL TRADING, INC., a New York Corporation; and VENTURECOM DISTRIBUTION, INC., a California Corporation,<br><br>     Defendants. | Case No. 3:16-cv-06001-WHO<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

**INTRODUCTION**

1.      Apple brings this action to protect its customers from dangerous counterfeit power products such as power adapters and charging cables that Amazon.com LLC ("Amazon.com") sourced from Defendant Mobile Star LLC ("Mobile Star").  Amazon.com sold counterfeits obtained from Mobile Star through its internet-based e-commerce platform located at www.amazon.com.   Mobile Star also supplied Groupon, Inc./Groupon Goods, Inc. ("Groupon") with dangerous counterfeit Apple power products that Groupon then sold to consumers through Groupon's e-commerce platform.

2.      Discovery obtained from Mobile Star and from third parties identified by Mobile Star in this litigation has revealed that Mobile Star's supply chain includes entities that are known counterfeiters and infringers of Apple's intellectual property and source large quantities of Apple-branded products directly from entities based in China with which Apple has no relationship.  Discovery has revealed that Mobile Star was purchasing counterfeit Apple products of the types it sold to Amazon.com and Groupon directly from Defendants DGL Group Ltd. ("DGL"), Top 10 Cell Trading Inc. ("Top10Cell"), BuyRite18, Inc. ("BuyRite18"), OEM World Inc. ("OEM World") and Venturecom Distribution, Inc. ("Venturecom").  DGL, in turn, was sourcing the same types of Apple-branded products from Defendants Starkeys Corp. ("Starkeys") and SATK Corp. ("SATK").  Mobile Star, DGL, Top10Cell, BuyRite18, Venturecom, Starkeys, and SATK are hereinafter collectively referred to as "Defendants."

3.      Counterfeit power products, such as those bought and sold by Defendants, pose an immediate threat to consumer safety because, unlike genuine Apple products, they are not subjected to industry-standard consumer safety testing and are poorly constructed with inferior or missing components, flawed design, and inadequate electrical insulation.  These counterfeits have the potential to overheat, catch fire, and deliver a deadly electric shock to consumers while in normal use.  A white paper published by the consumer product safety and testing organization UL (formerly Underwriters Laboratories) reported that counterfeit Apple charging products often "lack the safety features necessary to protects users from shock and fire hazards," and UL tested

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

twelve counterfeit Apple power adapters that "were so poorly designed and constructed that they posed a risk of lethal electrocution to the user."[1]  The safety of Apple's customers is of paramount importance to Apple, and Apple devotes significant resources to ensuring its power products meet industry safety standards and are subjected to rigorous testing for safety and reliability.  Apple brings this suit to stop Defendants from any further distribution of counterfeit Apple products to the public.

4.      Apple's customers associate Apple's famous and well-known trademarks, including, among others, APPLE®, the Apple Logo "®," IPHONE®, IPAD®, MACBOOK®, MACBOOK AIR®, MAGSAFE®, EARPODS®, and LIGHTNING® exclusively with Apple and Apple's products and services.  When consumers encounter these marks and decide to purchase goods and services identified by these marks, they expect to receive genuine Apple products that have been produced by Apple.

5.      Apple purchased a number of Apple power adapters and charging and syncing cables (collectively "power products") that were directly sold by Amazon.com – not a third party seller – and determined that they were counterfeit.  Amazon.com informed Apple that Mobile Star was its source for the majority of these counterfeit Apple products. Amazon.com turned over to Apple additional inventory of Apple power products that Amazon.com had purchased from Mobile Star, and Apple determined that the vast majority of these products were counterfeit as well.

6.      In June 2016, Fortune Magazine announced that Amazon.com is the most "influential" and most "trustworthy" company amongst U.S. adults.[2]  For three years in a row, 2014-2016, Amazon.com has been ranked as the "most reputable" American company by the Reputation Institute, as reported by Forbes Magazine.[3]

---

[1] UL, "Counterfeit iPhone Adapters," September 16, 2016, http://library.ul.com/wp-content/uploads/sites/40/2016/09/10314-CounterfeitiPhone-WP-HighRes_FINAL.pdf.

[2] http://fortune.com/2016/06/07/fortune-500-amazon-survey-monkey-poll/

[3] http://www.forbes.com/sites/karstenstrauss/2016/03/29/americas-most-reputable-companies-2016-amazon-tops-the-list/#4ad632881c58

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

7.      Apple purchased the power products identified below (ASIN B00UBL277C) from Amazon.com and determined that they were counterfeit.  Amazon.com has identified Mobile Star as the source of those particular counterfeit power products purchased by Apple.



Amazon.com Standard Identification Number ("ASIN") B00UBL277C

8.      Consumers, relying on Amazon.com's reputation, have no reason to suspect the power products they purchased from Amazon.com are anything but genuine.  This is particularly true where, as here, the products are sold directly "by Amazon.com" as genuine Apple products using Apple's own product marketing images.  Consumers are likewise unaware that the counterfeit Apple products that Amazon.com sourced from Mobile Star have not been safety certified or properly constructed, lack adequate insulation and/or have inadequate spacing between low voltage and high voltage circuits, and pose a significant risk of overheating, fire, and electrical shock.  Indeed, consumer reviews of counterfeit Apple power adapters purchased from

Amazon.com and from the below ASIN report that the counterfeit products overheat, smolder, and in some cases catch fire:



Product Review from ASIN B00KML141G

9.      Consistent with consumers' experiences with and comments about counterfeit power products, the counterfeit Apple power products that Amazon.com sourced from Mobile Star (and Mobile Star sourced from most of the other Defendants) pose a danger to consumer safety.  Among other things, they lack adequate insulation and/or have inadequate spacing between low voltage and high voltage circuits, creating risks of overheating, fire, and electrical shock.

10.     Apple makes great efforts to combat the distribution and sale of counterfeit Apple products bearing its trademarks.  Despite Apple's efforts, fake Apple products continue to flood Amazon.com.  Each month, Apple identifies and reports many thousands of listings for counterfeit and infringing Apple products to Amazon.com under its notice and takedown procedures. Over the last year, Apple, as part of its ongoing brand protection efforts, has purchased well over 100 iPhone® devices, Apple power products, and Lightning® cables sold as genuine by sellers on Amazon.com and delivered through Amazon's "Fulfillment by Amazon" program.  Apple's internal examination and testing for these products indicated almost 90% of these products are counterfeit.  Apple is concerned that consumers are being deceived into purchasing counterfeit products on Amazon.com and elsewhere in the mistaken belief that they are purchasing genuine Apple products.  In addition to Apple's significant safety concerns for its consumers, these products, which are consistently poorly constructed, are unlikely to function as well as genuine Apple products. As a result, consumers will erroneously come to think that

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

Apple's products are of inferior quality and lose trust in the Apple brand, damaging the enormous goodwill associated with the Apple trademarks.

11.     To stop the ongoing injury to Apple and its reputation and to protect consumers of Apple products, Apple brings this action against Defendants, and alleges as follows:

## I.     JURISDICTION AND VENUE

12.     This is a Complaint for a preliminary and permanent injunction, damages, and other appropriate relief to stop Defendants from infringing Apple's trademarks and copyrights by advertising and selling counterfeit products bearing Apple's trademarks and copyrighted artwork, and from representing that these counterfeit products are genuine Apple products.  In this action, Apple alleges: (1) Counterfeiting and Trademark Infringement (15 U.S.C. § 1114) against all Defendants; (2) False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A) against all Defendants; (3) Copyright Infringement, 17 U.S.C. § 501 *et seq.,* against Mobile Star; (4) Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California against all Defendants; and (5) Breach of Contract against DGL.

13.     This Court has subject matter jurisdiction over Apple's claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 (Federal Question Jurisdiction), 1367 (Supplemental Jurisdiction), and 1338(a)-(b) (Trademark, Copyright, and Unfair Competition Jurisdiction).

14.     This Court has personal jurisdiction over Defendants, who have engaged in business activities in this district, directed business activities to this district, and have committed tortious acts with knowledge that the effects of their acts would be felt by Apple in this district.

15.     Venue is proper in this Court because Defendants "may be found" within this judicial district as that term is used in 28 U.S.C. § 1400(a).  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Apple's claims occurred in this judicial district.

16.     DGL has expressly consented to venue and jurisdiction in this district in a written settlement agreement with Apple, which is the basis for Apple's Fifth Cause of Action for Breach of Contract.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

## II.   **THE PARTIES**

17.     Plaintiff Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.

18.     On information and belief and Mobile Star's admissions, Mobile Star is a New York Limited Liability Company with a principal place of business in New Jersey located at 250 Liberty St, Metuchen, NJ 08840.  Mobile Star advertises, distributes, offers for sale, and sells counterfeit products and packaging bearing registered Apple trademarks and trade dress throughout the United States and, on information and belief, reproduces, displays, and distributes unauthorized copies of copyrighted works of Apple.

19.     On information and belief, DGL is a New York Corporation with a principal place of business in New Jersey located at 195 Raritan Center Parkway, Edison, NJ 08837.  DGL distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

20.     On information and belief, Starkeys is a New York Corporation with a principal place of business in New York located at 1431 59th Street, Brooklyn, NY 11219.  Starkeys distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

21.      On information and belief, SATK is a New York Corporation with a principal place of business in New York located at 1431 59th Street, Brooklyn, NY 11219.  SATK distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

22.     On information and belief, BuyRite18 is a New York corporation with a principal place of business in New York located at 2232 McDonald Avenue, Brooklyn, NY 11223.  BuyRite18 distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

23.     On information and belief, OEM World is a New York corporation with a principal place of business in New York.  OEM World distributes, offers for sale, and sells

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

counterfeit products bearing registered Apple trademarks and trade dress in the United States.

24.     On information and belief, Venturecom is a California corporation with a principal place of business in California located at 21541 Nordhoff Street Suite D, Chatsworth, CA 91311. Venturecom distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

25.     On information and belief, Top10Cell is a New York Corporation with a principal place of business in New York.  Top10Cell distributes, offers for sale, and sells counterfeit products bearing registered Apple trademarks and trade dress in the United States.

### III.     APPLE'S BUSINESS AND INTELLECTUAL PROPERTY

26.     **Apple's Business.**  Incorporated in California in 1977, Apple designs, manufactures, markets, distributes, makes available, and sells or licenses a wide range of mobile communication and media devices, personal computers, and portable digital music players, as well as sells or licenses a variety of related software, services, peripherals, and network solutions, and third party digital content and applications.  Among Apple's many product offerings are the iconic iPod®, iPhone®, iPad®, MacBook®, and Apple Watch®, as well as related software and services.  Apple also offers a range of accessories for charging and syncing its devices, including Apple and MagSafe® power adapters and Lightning® cables (collectively, "Apple Products"). Apple sells Apple Products worldwide through its extensive distribution network consisting of online stores, its brick and mortar retail stores, its direct sales force, cellular network carriers, and authorized third-party wholesalers, retailers, and value-added resellers.  Relevant consumers associate the Apple Products with Apple through the use of Apple's well-known trademarks on such products, the products' unique designs, Apple's recognized distribution network, and Apple's distinguished service-oriented shopping experience that it provides for those interested in purchasing Apple's products.

27.     Apple has become one of the most well-known and valuable brands in the world. Industry publications and market-research firms have consistently recognized the fame, value and source-identifying power of Apple's brand.  The "Top 100 Global Brands" published by BrandZ,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

the world's largest brand asset research database, ranked Apple's brand No. 1 on the list in 2011, 2012, 2013, and 2015 and No. 2 in 2014, 2016, and 2017.  Interbrand, a leading brand assessment company, has ranked Apple within the top 50 most valuable brands in the world each year since 2001 and as the most valuable brand each year since 2013.  In 2016, the most recent report, Interbrand ranked Apple as the most valuable brand, with a value of more than $175 billion dollars.  Apple has also been recognized as one of the most respected, admired, and innovative companies in the world.  For instance, Fortune magazine ranked Apple as the "World's Most Admired Company" every year from 2006 to 2017.  Forbes, which publishes an annual study of the world's most valuable brands, has ranked Apple first for the seventh consecutive year since Forbes began its study in 2010.

28.     **Apple's registered trademarks.**  Apple owns registrations for a number of trademarks that it uses to identify its products and services in the marketplace.  Among the trademarks owned by Apple are numerous registered trademarks listed below in paragraph 21 of this Complaint (collectively the "Apple Marks"), including well-known marks such as the APPLE word mark and the registered Apple Logo, both in use since at least 1977.  The APPLE word mark and Apple Logo are two of the most famous and widely recognized marks in the world. They are an integral part of Apple's corporate business and are of enormous value to the company.  Other widely recognized Apple marks include IPHONE, MACBOOK, MACBOOK AIR, MAGSAFE, and LIGHTNING.  Apple has spent hundreds of millions of dollars promoting the goods and services associated with the Apple Marks, and millions of Apple's customers use goods and services associated with those marks.

29.     Apple owns the following United States Registered Trademarks used in connection with power adapters and accessories for various Apple products, which as listed below reflect any updates made through statutory maintenance filings:

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| 3,679,056 | 9/8/2009 |  | Computers; computer hardware; computer peripherals; handheld computers; handheld mobile digital electronic devices for recording, organizing, transmitting, manipulating, and reviewing text, data, image, audio, and audiovisual files, for the sending and receiving of telephone calls, electronic mail, and other digital data, for use as a digital format audio player, handheld computer, personal digital assistant, electronic organizer, electronic notepad, camera, and global positioning system (GPS) electronic navigation device; digital audio and video recorders and players; personal digital assistants; electronic organizers; cameras; telephones; mobile phones; satellite navigational systems, namely, global positioning systems (GPS); electronic navigational devices, namely, global positioning satellite (GPS) based navigation receivers; computer game machines for use with external display screens, monitors, or televisions; a full line of accessories and parts for the aforementioned goods; stands, covers, cases, holsters, power adaptors, and wired and wireless remote controls for the aforementioned goods; computer memory hardware; computer disc drives; optical disc drives; computer networking hardware; computer monitors; flat panel display monitors; computer keyboards; computer cables; modems; computer mice; electronic docking stations; set top boxes; batteries; battery chargers; electrical connectors, wires, cables, and adaptors; devices for hands-free use; headphones; earphones; ear buds; audio speakers; microphones; and headsets; a full line of computer software for business, home, education, and developer use; user manuals for use with, and sold as a unit with, the aforementioned goods. downloadable audio and video files, movies, ring tones, video games, television programs, pod casts and audio books via the internet and wireless devices featuring music, movies, videos, television, celebrities, sports, news, history, science, politics, comedy, children's entertainment, animation, culture, current events and topics of general interest. *See* Ex. A. |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| 3,229,791 | 4/17/2007 | MAGSAFE | Power adapters for computers. *See* Ex. B. |
| 4,891,107 | 1/26/2016 | EARPODS | Headphones; microphones; remote control for controlling audio and video players and mobile phones; sound reproducing apparatus. *See* Ex. C. |
| 3,870,782 | 11/2/2010 | IPHONE | Full line of parts for mobile telephones; mobile phone accessories, namely, mobile telephone covers, mobile telephone cases, batteries, rechargeable batteries, battery chargers, chargers for electric batteries, headphones, stereo headphones, in-ear headphones, stereo speakers, audio speakers for home, personal stereo speaker apparatus, microphones, car audio adapters, headsets, remote controls, connection cables, power adapters, docking stations, and adapter plugs. *See* Ex. D. |
| 3,669,402 | 8/18/2009 | iPhone | Handheld mobile digital electronic devices for the sending and receiving of telephone calls, electronic mail, and other digital data, for use as a digital format audio player, and for use as a handheld computer, personal digital assistant, electronic organizer, electronic notepad, and camera. *See* Ex. E. |
| 3,928,818 | 3/8/2011 | APPLE | Includes: …batteries; rechargeable batteries, battery chargers, battery packs; power adapters for computers; electrical connectors, wires, cables, and adaptors. . .mobile telephone batteries, mobile telephone battery chargers. . . . *See* Ex. F for complete list, which is incorporated herein. |
| 4,537,934 | 5/27/2014 | IPAD | Computer components and accessories; blank computer storage media; computer software and firmware; pre-recorded computer programs for personal information management; database management software, character recognition software, telephony management software, electronic mail and messaging software, mobile telephone software for the sending and receiving of telephone calls; database synchronization software, computer programs for accessing, browsing and searching online databases, computer hardware and software for providing integrated telephone communication with computerized global information networks; telephones; handheld and mobile digital |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

| Reg. No. | Reg. Date | Mark | Goods and Services |
|----------|-----------|------|--------------------|
| | | | electronic devices for the sending and receiving of telephone calls and faxes; parts and accessories for mobile telephones; cameras, video cameras; telephone-based information retrieval software and hardware; computer software for the redirection of messages, Internet e-mail, and/or other data to one or more electronic handheld devices from a data store on or associated with a personal computer or a server; computer software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer game and electronic game programs; mouse pads; batteries; battery chargers; headphones; audio speakers; microphones; digital music and/or video players; radios; audio, video, and digital sound mixers; bags and cases adapted or shaped to contain hand held computers and tablet computers; all of the aforesaid excluding integrated circuits and software for integrated circuits.  *See* Ex. G |
| 3,222,089 | 3/27/2007 | MACBOOK | Computers, notebook computers, computer hardware, computer operating system software. *See* Ex. H. |
| 3,522,328 | 10/21/2008 | MACBOOK AIR | Computers, notebook computers, computer hardware, computer operating system software, computer peripherals.  *See* Ex. I. |
| 4,726,001 | 4/28/2015 | LIGHTNING | Electrical and electronic connectors, cables, chargers, and adapters for use with computers, digital format audio players, digital audio recorders, digital video recorders and players, telephones, computer peripheral devices, and handheld mobile digital electronic devices capable of providing access to the Internet and for the sending, receiving, and storing of telephone calls, faxes, electronic mail, and other digital data.  *See* Ex. J. |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

| Reg. No. | Reg. Date | Mark | Goods and Services |
|---|---|---|---|
| 4,726,738 | 4/28/2015 |  (Color Scheme) | Adapters for use with computers, computer peripherals, consumer electronics, portable and handheld digital electronic devices, digital media players, handheld computers, tablet computers, mobile phones, electronic book readers, electronic personal organizer, personal digital assistant, electronic calendar, and global positioning system (GPS) devices.  *See* Ex. K. |
| 4,604,456 | 7/1/2014 | DESIGNED BY APPLE IN CALIFORNIA | Computers; computer hardware; computer monitors; computer peripheral devices; handheld digital electronic devices for Internet access, for use as a handheld computer, digital format audio and video player, personal digital assistant, electronic organizer, electronic notepad, electronic book reader, global positioning system (GPS) device, and camera, and for sending, receiving, and storing telephone calls and/or electronic mail and other digital data; digital format audio and video players; computer operating system software; wireless communication devices for voice, data, image, and multimedia transmission; computer hardware for communication between multiple computers and between computers and local and global computer networks; set top boxes; computer hardware for the reproduction, processing, playing and streaming of audio, video, images, and multimedia content, for controlling the operation of multimedia devices, and for viewing, searching, storing, and playing audio, video, images, and multimedia content; computer keyboards; computer mice; remote controls, electronic connectors, cables, chargers, docks, and adapters for use with computer and handheld digital electronic devices; cases for computers; batteries; battery chargers; headphones.  *See* Ex. L. |

Each of the above-listed registrations is valid and subsisting and was valid and subsisting at the time of all acts alleged herein.  Apple has and had the exclusive right to use and license the trademarks identified in each of the registrations.  Registration Nos. 3,679,056, 3,229,791, 3,870,782, 3,669,402, 3,222,089, and 3,522,328 are incontestable under 15 U.S.C. § 1065.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

30.     Each of the Apple Marks identified by registration number above is a distinctive mark that is recognized by consumers as a brand identifier for Apple's goods and services provided under the mark.

31.     The Apple Marks, as well as other trademarks owned by Apple, are used in interstate commerce by Apple in connection with the sale, offering for sale, distribution, and advertising of Apple's products and services.  As a result of Apple's enormous investment in developing ground-breaking and high-quality products under the Apple Marks, the Apple Marks have acquired extensive goodwill in the market.  The Apple Marks are extremely valuable and important to Apple and form a cornerstone for Apple's business.

32.     **Apple's registered Copyrights.**  Apple regularly creates graphic and textual works that are protected by registered copyrights.  For example, images and text on some product packaging such as Apple's Lightning Packaging are protected by registered copyright.

### IV.     DEFENDANTS' UNLAWFUL ACTIONS

33.     Defendants' course of illegal conduct includes the distribution and sale of counterfeit Apple products that Defendants falsely represent are genuine Apple products.  As part of their scheme to deceive consumers, Defendants also use Apple's trademarks, trade dress, and, with respect to Mobile Star, copyrighted work, to create the impression that Defendants' inferior and often dangerous products are original Apple products.

### A.     Mobile Star.

34.     Through Apple's ongoing efforts to remove counterfeit goods from listings on Amazon.com, Apple purchased from Amazon.com Apple-branded products associated with 9 Amazon.com Standard Identification Numbers ("ASINs"):  B015JWKU2G, B010W7NQL0, B00UBL277C, B00KPZEUC4, B00KML141G, B00VGKN2N0, B0161AB6IW, B0117PL9RY, and B013EUO616.

35.     Each of the 9 offers was for an Apple power product such as an Apple 5W, 10W, or MagSafe® power adapter, cable, or combination of two or more such products.  The products were listed as "sold by Amazon.com" and were identified in the Amazon.com listings as genuine

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 14 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

Apple products, often using Apple's copyrighted marketing images.  Upon careful examination of the products, Apple determined that, although the products bore the Apple Marks and were sometimes in packaging bearing Apple's copyrighted works, the products were not genuine Apple products at all but were counterfeit.



Sold by Amazon.com on ASIN B00KPZEUC4 and sourced from Mobile Star



Sold by Amazon.com on ASIN B00UBL277C and sourced from Mobile Star

36.     Apple informed Amazon.com that it had purchased a number of counterfeit Apple products directly from Amazon.com associated with the 9 different ASINs in correspondence that took place from April 2016 through June 2016.  Amazon.com identified Mobile Star as the supplier of the products purchased by Apple and agreed to turn over to Apple its additional inventory of those particular products it had purchased from Mobile Star.  In letters dated June 7,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 15 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

2016 and June 14, 2016, Apple demanded Mobile Star cease distribution of counterfeit Apple products and provide basic information about the distribution and source of the counterfeit products. After first failing even to respond to Apple, Mobile Star finally claimed it had bought the goods from "reputable suppliers" but refused to provide any information about those suppliers or about anything else concerning Mobile Star's sale of the counterfeit products.

37.     Apple tested a number of the Mobile Star-supplied power adapters it had purchased and each one failed the Hipot Test (high potential or high voltage test), also known as the Dielectric Withstanding Voltage test, confirming that the products lack sufficient insulation and/or spacing between the high voltage and low voltage component and have the potential to overheat or deliver a lethal electric shock to a user of the device. Visual inspection of counterfeit adapters that Apple disassembled showed the counterfeits have improper soldering of internal wiring and some even lack critical safety fuses to protect against overheating in the event of a power surge. To conceal the dangers that these Mobile Star products pose to consumers, many also bear a phony UL safety certification.

38.     Mobile Star's distribution of counterfeit Apple products has been ongoing and extends beyond Amazon.com as shown by Apple's purchase of 10 counterfeit Apple products directly from Groupon in December 2015. The counterfeit Apple products were sold as product bundles associated with Groupon UPC/SKU numbers 885909627306 and 885909627450. Groupon identified Mobile Star as the supplier of those counterfeit products.

39.     In addition, an Apple investigator purchased counterfeit Apple EarPods® headphones and Lightning® cables directly from Mobile Star after Apple sent Mobile Star a cease and desist letter, showing that Mobile Star continued to sell counterfeit Apple products even after learning that Apple was on to it.

**B.     Additional Defendants.**

40.     After filing this lawsuit on October 17, 2016, Apple obtained discovery from Mobile Star and certain third parties to determine Mobile Star's source of supply for the counterfeit Apple products identified above. This discovery revealed at least six (6) different

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 16 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

entities that, upon information and belief, supplied counterfeit Apple products to Mobile Star.

41.     **Defendants DGL, Starkeys, and SATK.**  Apple obtained information in discovery that DGL supplied Apple-branded products to Mobile Star of the types Mobile Star sold to Amazon.com and Groupon, and which Apple determined were counterfeit.  Apple also obtained in discovery information that shows DGL's main sources of Apple-branded products are Starkeys and SATK, which obtained those Apple-branded products from an entity in China that has no affiliation with Apple.

42.     DGL is a repeat infringer of Apple's intellectual property.  In 2014, Apple caught DGL selling power products including 5W adapters and 30-pin power cables (the predecessor to Lightning® cables) that infringed Apple's registered trademarks.  In a settlement agreement with Apple, DGL and any related entities agreed not to infringe Apple's intellectual property rights in the future.  DGL has breached the settlement by acquiring counterfeit Apple products from defendants Starkeys and SATK and selling counterfeit Apple products to Mobile Star.

43.     In the space of approximately one year, Apple received at least 58 Seizure Notices from United States Customs and Border Patrol ("CBP") informing Apple that it seized more than 19,000 counterfeit EarPods®, MagSafe® power adapters, USB power adapters, and Lightning® cable products being imported by Starkeys/SATK to their shared Brooklyn address under various aliases.

44.     According to documents produced by Starkeys/SATK in discovery, DGL was aware that power adapters it brought from Starkeys/SATK, and then resold, differed materially from genuine Apple power adapters.

45.     Alter Ego Allegations.  On information, belief, and documents obtained in discovery, Starkeys and SATK are the alter egos of one another and of DGL.  Starkeys and SATK are located at the same address, which is a residence, and are both managed by the same individual and sole employee, Aron Khan.[4]  Mr. Khan had and/or currently has an employment relationship with DGL.  Starkeys and SATK are conduits or shells for DGL's counterfeiting

---

[4] On information and belief, Mr. Khan has used other aliases such as Aron Kohn and Aron Watson when importing Apple-branded products into the United States.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 17 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

activity.  DGL is Starkeys' and SATK's only customer and they have only one supplier who is located in Hong Kong.  According to documents produced by Starkeys and/or SATK, DGL has directed Starkeys and SATK to obtain product samples of Apple-branded products from third parties located in China and/or Hong Kong, which are entities that have no business relationship with Apple.  According to documents produced by Starkeys and SATK, DGL is both entities' sole customer of Apple-branded products, and neither entity makes sales to other customers.  On information and belief, when Apple-branded products are delivered to Starkeys and/or SATK, they are shortly thereafter transferred to DGL's warehouse located at its primary place of business in New Jersey.  Starkeys and SATK, in other words, exist to facilitate DGL's acquisition of Apple-branded products from China and/or Hong Kong – products which have every indicia of being counterfeit.  According to documents produced by Starkeys and SATK, Starkeys and SATK have provided supplier identity and pricing information to DGL.  Additionally, according to documents produced in discovery, the prices at which Starkeys and SATK transferred Apple-branded products to DGL were at such narrow margins that Starkeys and SATK would have realized virtually no profits after overhead expenses.  Such transactions equate to transfers of assets from Starkeys and/or SATK to DGL for no ascertainable reason.

46.    **Defendant BuyRite18.**  In discovery, Apple obtained information that shows that BuyRite18 supplied Apple-branded products to Mobile Star and Mobile Star supplier OEM World of the types Mobile Star sold to Amazon.com and Groupon, and which Apple determined were counterfeit.  BuyRite18 is a repeat infringer of Apple's intellectual property.  Apple has received multiple notices from CBP that Apple-branded goods imported by BuyRite18 from Hong Kong were seized as counterfeits.  In response, Apple sent two cease and desist letters to BuyRite18, to which BuyRite18 did not respond.  In December 2016, an Apple investigator made two purchases directly from BuyRite18 for Apple-branded 5W power adapters and Lightning® cables, and the goods supplied were determined by Apple to be counterfeit.

47.    **Defendant OEM World.**  In discovery, Apple obtained information that shows that OEM World supplied Apple-branded products to Mobile Star of the types Mobile Star sold to

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 18 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1  Amazon.com and Groupon, and which Apple determined were counterfeit.  Mobile Star supplier

2  OEM World is a repeat infringer of Apple's intellectual property.  An Amazon.com seller with

3  which Apple is negotiating a settlement has identified OEM World as the source of thousands of

4  counterfeit Apple-branded power adapters.  CBP has also sent Apple multiple Seizure Notices

5  identifying OEM World as the importer of counterfeit Apple products from entities in Hong Kong

6  and China.

7       48.    **Defendant Venturecom.**  MobileStar supplier Venturecom is a repeat infringer of

8  Apple's intellectual property.  Venturecom was the subject of a Department of Homeland

9  Security investigation, which resulted in the execution of a search warrant on April 23, 2015, at

10  Venturecom's business location and the seizure of thousands of counterfeit Apple-branded

11  products.  This is the same month, according to information Apple obtained in discovery, that

12  Mobile Star was purchasing Apple-branded products from Venturecom of the types that Mobile

13  Star sold to Amazon.com and Groupon, and which Apple determined were counterfeit.  Apple

14  received multiple CBP notices that Apple-branded goods imported by Venturecom from Hong

15  Kong and China were seized as counterfeits.

16       49.    **Defendant Top10Cell.**  In discovery, Apple obtained information that shows that

17  Top10Cell supplied Apple-branded products to Mobile Star of the types Mobile Star sold to

18  Amazon.com and Groupon, and which Apple determined were counterfeit.  Top10Cell is a repeat

19  infringer of Apple's intellectual property.  An Amazon.com seller with whom Apple is

20  negotiating a settlement, identified Top 10 Cell as the source of thousands of counterfeit Apple-

21  branded power adapters.  Documents obtained in discovery show that Top10Cell imports

22  significant numbers of Apple-branded products from entities located in Hong Kong and China

23  that have no affiliation with Apple.

24       50.    Defendants go to great lengths to associate their counterfeit goods with the

25  goodwill accrued by Apple in the Apple Marks.  Defendants imprint the Apple Logo ( ) on

26  their counterfeit goods and make false claims that the goods were DESIGNED BY APPLE IN

27  CALIFORNIA® in order to falsely convey that their counterfeit goods are instead genuine Apple

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 19 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

Lightning cables and MagSafe and USB power adapters.  Defendants also use Apple's distinctive packaging, trade dress, or product designs, including in the case of Mobile Star Apple's copyrighted material, for certain of their counterfeit products in order to further conceal the counterfeit nature of their goods.  Fake Apple serial numbers are also applied to the products distributed by Defendants.

51.     As a result of Defendants' unlawful conduct, Apple's business has been harmed. Sales of counterfeit Apple products hurt the sales of genuine Apple products.  In addition, the goodwill associated with Apple's marks and also Apple's reputation are damaged as consumers likely equate Defendants' defective and dangerous products with Apple because they believe incorrectly the counterfeit products are genuine Apple products.

52.     The public interest will also be harmed if Defendants' unlawful conduct is permitted to continue.  Consumers who believe they purchased a world-class product designed consistent with Apple's commitment to quality and safety instead face potentially grave safety risks associated with Defendants' counterfeit power products.  At the least, consumers will spend hard-earned money on Defendants' inferior counterfeit goods under the false belief they are purchasing a genuine Apple product.

### FIRST CLAIM FOR RELIEF
(Trademark Counterfeiting and Infringement Under § 32(l) of the Lanham Act)
(Against All Defendants)

53.     Apple hereby realleges and incorporates herein the allegations set forth in paragraphs 1-52 of this Complaint.

54.     The Apple Marks were in use by Apple at all times relevant to the allegations herein.

55.     Defendants used in commerce reproductions, counterfeits, and/or copies of the Apple Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive.  The copies of the Apple Marks used by Defendants are identical to or substantially indistinguishable from the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 20 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1    genuine Apple Marks.

2          56.    Defendants applied without authorization counterfeit and/or copied versions of the

3    Apple Marks to labels, wrappers, and/or products intended to be used in commerce and in

4    connection with the sale, offering for sale, distribution, and/or advertising of goods or services in

5    a manner that is likely to cause confusion, or to cause mistake, and/or to deceive. Defendants

6    applied counterfeit versions of the Apple Marks to the classes of products that the Apple Marks

7    are registered for use with at the U.S. Patent & Trademark Office.

8          57.    Defendants acted with knowledge that their use of the Apple Marks was intended

9    to cause confusion, or to cause mistake, or to deceive.

10         58.    Apple has suffered damages and irreparable harm as a result of Defendants'

11   counterfeiting and infringement and will continue to suffer irreparable injury unless Defendants

12   and their officers, agents, and employees and all persons acting in concert with them, are enjoined

13   from engaging in any further such acts in violation of 32(l) of the Lanham Act, 15 U.S.C.

14   § 1114(1).

15                              **SECOND CLAIM FOR RELIEF**
                 (False Designation of Origin under § 43(a)(1)(A) of the Lanham Act)
16                                  (Against All Defendants)

17         59.    Apple hereby realleges and incorporates herein the allegations set forth in

18   paragraphs 1-58 of this Complaint.

19         60.    Defendants are using in commerce the Apple Marks in connection with the

20   distribution, marketing, and sale of competing products in a manner that is likely to cause

21   confusion, or mistake, or to deceive as to the origin, sponsorship, or approval of Defendants'

22   goods or commercial activities by Apple.

23         61.    The acts of Defendants constitute trademark infringement and false designation of

24   origin in violation of Apple's rights under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25         62.    Defendants acted willfully and knowingly in engaging in their acts of

26   infringement.

27         63.    Apple has suffered damages and irreparable harm as a result of Defendants' false

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 21 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

designation of origin and will continue to suffer irreparable injury unless Defendants and their

officers, agents, and employees and all persons acting in concert with them, are enjoined from

engaging in any further such acts in violation of section 43(a)(1)(A) of the Lanham Act, 15

U.S.C. § 1125(a)(1)(A).

### THIRD CLAIM FOR RELIEF
(Copyright Infringement under 17 U.S.C. § 501 *et seq.*)
(Against Mobile Star)

64.     Apple hereby realleges and incorporates herein the allegations set forth in

paragraphs 1-63 of this Complaint.

65.     Apple has created works comprising images and/or text that constitute

copyrightable subject matter under the Copyright Act (the "Works").

66.     Apple is the exclusive owner of all rights to the Works.

67.     Apple has registered with the United States Copyright Office various copyrights

for the Works.  One of the Works comprises text and graphics and is titled "Lightning

Packaging."  Apple registered the copyright for the Lightning Packaging work, which bears

Copyright Registration No. VA0001871759.  A copy of this registration is attached as Exhibit M.

68.     Mobile Star from time to time has copied Apple's copyrighted Lightning

Packaging without authorization and from time to time has used and without authorization

distributed those unauthorized copies as the packaging for its counterfeit Apple products.

69.     Mobile Star's reproduction and distribution of Apple's copyrighted Lightning

Packaging has been and continues to be knowing and willful.

70.     Mobile Star's reproduction and distribution of Apple's copyrighted Lightning

Packaging violates Apple's exclusive rights under 17 U.S.C. § 106.

71.     Mobile Star has realized and will continue to realize unjust profits, gains, and

advantages as a proximate result of their infringement.

72.     Apple has suffered damages and irreparable harm as a result of Mobile Star's

copyright infringement and will continue to suffer irreparable injury unless Mobile Star and its

officers, agents, and employees and all persons acting in concert with them, continue to be

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 22 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

enjoined from engaging in any further such acts in violation of 17 U.S.C. § 501 *et seq.*

**FOURTH CLAIM FOR RELIEF**
(Unfair Competition under Cal. Bus. & Prof. Code § 17200, *et seq.* and Cal. Common Law)
(Against All Defendants)

73.      Apple hereby realleges and incorporates herein the allegations set forth in paragraphs 1-72 of this Complaint.

74.      The acts described above constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

75.      Apple has suffered damages and irreparable harm as a result of Defendants' unfair competition and will continue to suffer irreparable injury unless Defendants and their officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

**FIFTH CLAIM FOR RELIEF**
(Breach of Contract)
(Against DGL)

76.      Apple hereby realleges and incorporates herein the allegations set forth in paragraphs 1-75 of this Complaint.

77.      Apple and DGL entered into a written contract on December 1, 2015.

78.      Apple performed under the contract by releasing claims related to intellectual property infringement against DGL arising from sales made in 2013.

79.      DGL was contractually bound to sell only genuine Apple products per the terms of the contract with Apple, and DGL was contractually prohibited from selling any products that infringe Apple's intellectual property rights.

80.      By selling and/or redistributing products that bear counterfeit versions of Apple's registered trademarks, DGL has breached its contract with Apple.

81.      On information and belief, DGL further breached a confidentiality provision in the contract with Apple by disclosing the existence and terms of the agreement to Defendant Mobile

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 23 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1   Star.

2       82.     Apple has suffered damages as a result of DGL's breach of contract.

3                     **V.     PRAYER FOR RELIEF**

4       83.     WHEREFORE, Apple respectfully requests that the Court enter judgment against

5   Defendants as follows:

6       1.      That the Court issue temporary and permanent injunctive relief against

7   Defendants, and that Defendants, their officers, agents, representatives, servants, employees,

8   attorneys, successors, and assignees, and all others in active concert or participation with

9   Defendants, be enjoined and restrained from:

10                  a.   infringing Apple's trademarks;

11                  b.   using Apple's trade names, trademarks, or any version thereof, in

12                       connection with the description marketing, promotion, advertising, or sale

13                       of products or services not approved in writing by Apple;

14                  c.   assisting, aiding, or abetting any other person or business entity in

15                       engaging in or performing any of the activities referred to in subparagraphs

16                       a. through b.

17      2.      That the Court order the forfeiture and destruction of all counterfeit products

18  bearing the Apple Marks or intended for use with genuine Apple products in Defendants'

19  possession;

20      3.      That the Court award Apple all damages caused by Defendants' unlawful actions;

21      4.      That the Court award Apple treble damages as provided by law;

22      5.      That the Court award Apple all gains, profits, and advantages derived by

23  Defendants from their unlawful acts;

24      6.      That the Court award Apple treble the gains, profits, and advantages derived by

25  Defendants from their unlawful acts;

26      7.      That the Court award Apple statutory damages of up to $150,000, for each

27  registered copyright Mobile Star infringed;

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 24 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO

1    8.    That the Court award statutory damages of up to $2,000,000 per counterfeit mark

2    per type of goods sold by Defendants;

3    9.    That the Court enter an award of all just and appropriate restitution;

4    10.    That the Court enter an award of punitive damages as provided by law;

5    11.    That, with respect to DGL, the Court award Apple, in addition to all other

6    applicable remedies, compensation for Apple's detection of DGL's violation of Apple's rights;

7    12.    That the Court award Apple its attorneys' fees and all other costs associated with

8    this action; and

9    13.    That the Court grant Apple all other relief to which it is entitled and such other or

10    additional relief as is just and proper.

11    <center>**DEMAND FOR JURY TRIAL**</center>

12    Plaintiff Apple hereby demands a trial by jury in this action.

13

14    Dated: July 12, 2017                    ORRICK, HERRINGTON & SUTCLIFFE LLP

15

16                            By:    _____/s/ Thomas H. Zellerbach_____

17                                    THOMAS H. ZELLERBACH
                                      VICKIE FEEMAN
                                      NATHAN SHAFFER
18                                    FRANCES S. CHEEVER

19                                    Attorneys for Plaintiff
                                      Apple Inc.
20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 25 -

FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF
CASE NO. 3:16-cv-06001-WHO