SINGER / BEA LLP
  Walter C. Pfeffer (Bar. No. 289421)
  wpfeffer@singerbea.com
601 Montgomery Street, Suite 1950
San Francisco, CA  94111
Telephone:   (415) 500-6080
Facsimile:   (415) 500-6080

*Attorneys for Defendant Venturecom Distribution, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | CASE NO. 3:16-CV-06001-WHO |
| Plaintiff, | **DEFENDANT VENTURECOM DISTRIBUTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| MOBILE STAR, LLC, a New York limited liability company; BUYRITE18, INC., a New York corporation;  DGL GROUP, LTD., a New York corporation; OEM WORLD, INC., a New York corporation; STARKEYS CORP., a New York corporation; SATK CORP., a New York corporation; TOP 10 CELL TRADING, INC., a New York corporation; and VENTURECOM DISTRIBUTION, INC., a California corporation , | Date Filed: October 17, 2016<br>Trial Date: April 3, 2018<br>Judge: Hon. William H. Orrick |
| Defendants. | |

## DEFENDANT VENTURECOM DISTRIBUTION, INC.'S ANSWER

Defendant Venturecom Distribution, Inc. ("Defendant") hereby answers and asserts affirmative defenses to the First Amended Complaint filed by Apple, Inc. ( "Plaintiff") on July 25, 2017 (Dkt. 127) ("Complaint").  The Complaint contains numerous assumptions and argumentative assertions and therefore each and every allegation of the Complaint (including each and every assumption implicit therein) is hereby denied, except to the extent expressly admitted below. Defendant's use of the headings included in the Complaint is for ease of comparison only, and does not constitute an acceptance or admission of any kind.  Answering the allegations of the Complaint, per numbered paragraph, Defendant states as follows:

## INTRODUCTION

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

2. Defendant admits that it has sold goods to Mobile Star LLC ("Mobile Star") and DGL Group, Ltd. ("DGL").  Defendant denies that those goods were counterfeit Apple products. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore deny them.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

## I. JURISDICTION AND VENUE

12. The allegations in this Paragraph state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

13. The allegations in this Paragraph state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

14. The allegations in this Paragraph state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

15. The allegations in this Paragraph state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

## II. THE PARTIES

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

23. Defendant admits that it is a California corporation with its principle place of business at 21541 Nordhoff Street, Suite D, Chatsworth, California 91311. Defendant denies the remainder of the allegations in this Paragraph.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

### III.  APPLE'S BUSINESS AND INTELLECTUAL PROPERTY

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

29. The allegations in this Paragraph state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

30. The allegations in this Paragraph state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

32. The allegations in this Paragraph state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

### IV. DEFENDANTS' UNLAWFUL ACTIONS

33. Denied.

#### A. Mobile Star

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

#### B. Additional Defendants

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

48. Defendant admits that it was involved in an investigation by the Department of Homeland Security in April 2015. Defendant further admits that it has sold goods to Mobile Star. Defendant denies the remainder of the allegations in this Paragraph.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

50. Denied.

51. Denied.

52. Denied.

### FIRST CLAIM FOR RELIEF
(Trademark Counterfeiting and Infringement Under § 32(l) of the Lanham Act)
(Against All Defendants)

53. Defendant incorporates by reference its responses to all Paragraphs previously alleged herein.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny them.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## SECOND CLAIM FOR RELIEF
(False Designation of Origin Under § 43(a)(1)(A) of the Lanham Act)
(Against All Defendants)

59. Defendant incorporates by reference its responses to all Paragraphs previously alleged herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## THIRD CLAIM FOR RELIEF
(Copyright Infringement Under 17 U.S.C. § 501 *et seq.*)
(Against Mobile Star)

64. Defendant incorporates by reference its responses to all Paragraphs previously alleged herein.

65. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

66. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

67. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

68. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

69. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

70. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

71. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

72. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

**FOURTH CLAIM FOR RELIEF**
(Unfair Competition under Cal. Bus. & Prof. Code § 17200, *et seq.* and Cal. Common Law)
(Against All Defendants)

73. Defendant incorporates by reference its responses to all Paragraphs previously alleged herein.

74. Denied.

75. Denied.

**FIFTH CLAIM FOR RELIEF**
(Unfair Competition under Cal. Bus. & Prof. Code § 17200, et seq. and Cal. Common Law)
(Against DGL)

76. Defendant incorporates by reference its responses to all Paragraphs previously alleged herein.

77. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

78. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

79. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

80. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

81. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

82. The allegations in this Paragraph are not directed to Defendant, and therefore no response is required. To the extent that this Paragraph makes factual allegations, Defendant denies those allegations.

## RESPONSE TO PRAYER FOR RELIEF

83. Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 13 of its Prayer for Relief.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Defendant expressly reserves the right to allege additional defenses as they become known during the course of discovery. In asserting any or all of these defenses, Defendant does not concede that it bears the burden of establishing any fact or proposition on any issue.

## AFFIRMATIVE DEFENSE 1

NONINFRINGEMENT. Defendant asserts it does not infringe and has not infringed (directly, indirectly, contributorily, or by inducement) the trademarks, copyrights, and/or other intellectual property alleged in the Complaint.

## AFFIRMATIVE DEFENSE 2

PREEMPTION. Defendant asserts that no relief may be obtained under the Complaint because Plaintiff's claims, at least in part, are barred by the Lanham Act.

## AFFIRMATIVE DEFENSE 3

FAILURE TO STATE A CLAIM. Defendant asserts that the Complaint fails to state a claim against Defendant upon which relief can be granted.

**AFFIRMATIVE DEFENSE 4**

FAIR USE.  Defendant asserts that it has not infringed on any of Plaintiff's marks or copyrights because its use, if any, was fair.

**AFFIRMATIVE DEFENSE 5**

INVALIDITY. Defendant asserts that Plaintiff has no protectable trademarks and/or copyrights relevant to this litigation.

**AFFIRMATIVE DEFENSE 6**

FAILURE TO MITIGATE.  Defendant asserts that Plaintiff's claims are barred in whole or in part for failure to mitigate damages.

**AFFIRMATIVE DEFENSE 7**

UNJUST ENRICHMENT.  Defendant asserts that Plaintiff would be unjustly enriched if allowed to recover on this Complaint.

**AFFIRMATIVE DEFENSE 8**

UNCLEAN HANDS.  Defendants assert that Plaintiff's claims are barred by the doctrine of unclean hands.

**AFFIRMATIVE DEFENSE 9**

UNFAIR COMPETITION.  Defendant asserts that Plaintiff has engaged or will engage in unfair competition in violation of California Business & Professions Code Sections 17200 *et seq*.

**AFFIRMATIVE DEFENSE 10**

IMPROPER PURPOSE.  Defendant asserts that Plaintiff filed its Complaint for an improper purpose, as an abuse of process, and as an improper restraint of trade.

**AFFIRMATIVE DEFENSE 11**

WAIVER.  Defendant asserts that Plaintiff's claims are barred by the doctrine of waiver.

**AFFIRMATIVE DEFENSE 12**

ESTOPPEL.  Defendant asserts that Plaintiff's claims are barred by the doctrine of estoppel.

**AFFIRMATIVE DEFENSE 13**

OTHER ADEQUATE RELIEF.  Defendant asserts that Plaintiff's claim for injunctive relief is barred because adequate remedies at law exist.

**AFFIRMATIVE DEFENSE 14**

JUST CAUSE.  Defendant asserts that the actions taken of which Plaintiff complains were taken with just cause and were not in violation of any federal or state statute.

**JURY TRIAL DEMANDED**

Defendants hereby demand a jury trial as to all issues so triable in this action.

Date:  August 21, 2017            Respectfully submitted,

                                    SINGER / BEA LLP

                                    By:  _____
                                          Walter C. Pfeffer
                                          *Attorneys for Defendant Venturecom Distribution, Inc.*