UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., <br>     Plaintiff, <br> v. <br> MOBILE STAR LLC, et al., <br>     Defendants. | Case No. 16-cv-06001-WHO <br><br> **ORDER GRANTING MOTION FOR LEAVE** <br> Re: Dkt. No. 148 |

## INTRODUCTION

Apple seeks leave to take a second deposition of non-party Amazon on issues not covered at the first deposition. It argues that the scope of the first deposition was limited by the stipulated order permitting early discovery prior to its motion for a preliminary injunction. Amazon objects to the request because a second deposition would be unduly burdensome, the information requested is not necessary for Apple's case, and the issues could have been covered at the first deposition. As a compromise, to avoid the expense and burden of appearing for a deposition, Amazon offers to respond to a deposition by written questions. Apple rejects that offer. Because the burden here is not undue and the information requested cannot be secured solely through document productions and is more effectively secured from a live deposition (as opposed to a deposition by written questions), I GRANT Apple's motion for leave to take a second Rule 30(b)(6) deposition of Amazon. The September 20, 2017 hearing is VACATED. Civ. L.R. 7-1(b).

## BACKGROUND

On October 17, 2016, Apple filed this case alleging Mobile Star supplied Amazon and Groupon with counterfeit Apple-branded products. Complaint ¶ 1 (Dkt. No. 1). Apple moved for expedited discovery. Following the hearing on that motion, Apple and Mobile Star agreed to a stipulated order for expedited discovery in support of Apple's then-pending motion for a preliminary injunction. Stipulated Order (Dkt. No. 43). That agreement limited the discovery

Apple could seek from Mobile Star, and allowed the parties to serve discovery subpoenas on Amazon but did not limit the scope of discovery that could be sought. *Id*. at 2-3. Apple then subpoenaed Amazon requesting documents and Rule 30(b)(6) deposition testimony on two topics: Amazon's purchase of Apple-branded products from Mobile Star and the origin of other counterfeit Apple-branded products. Ex. A to the Declaration of Thomas H. Zellerbach [Dkt. No. 148] (Subpoena).

More specifically, the Subpoena sought deposition testimony (1) on the identity and quantity of all Apple-branded products that Mobile Star sold Amazon over the previous three years and (2) linking twelve Amazon order numbers to the sources who provided Amazon with the product. Subpoena at 7. The Subpoena also required Amazon to produce documents that (1) identified all Apple-marked products acquired from Mobile Star by any means within the past three years and (2) showed the source of twelve products identified by their Amazon Standard Identification Number and Amazon Order Number. Subpoena at 6.

According to Apple, Amazon did not fully comply with the Subpoena. Apple complains that Amazon produced only 38 documents requested by Apple (and other documents responsive to Mobile Star's request). Zellerbach Decl., ¶ 3. Apple contends that Amazon's witness was only prepared to testify to the origin of the counterfeit products purchased by Apple on the Amazon website. Motion for Leave [Dkt. No. 148] at 2-4; Zellerbach Decl., ¶ 4.[1]

In order to secure the discovery Apple contends it needs for the merits of this case, on May 1, 2017, Apple served Amazon a second subpoena identifying additional topics not covered in the first deposition and additional document requests. Second Subpoena [Dkt. No. 159, Ex. 1], Zellerbach Decl., ¶ 6. After discussions with Amazon, where Amazon objected only to the proposed date of deposition, Apple served a final amended subpoena on June 28, 2017, setting

---

[1] Amazon contends that it produced 585 documents and the deposition witness was prepared and qualified on both topics listed in the deposition and testified for a full day on January 11, 2017. Opposition/Response [Dkt. No. 158] 3-4. According to Apple over 90 percent of Amazon's document production consists of documents that were responsive to Mobile Star's subpoena including communications between Apple and Amazon. Apple's Reply [Dkt. No. 170] at 2.

2

July 7, 2017 as the deposition date. Zellerbach Decl., Ex. B (Amended Subpoena).[2]

Amazon objected to the second deposition request because Apple did not seek leave to take a second deposition, and informed Apple that it would not appear for the deposition. Zellerbach Decl., ¶ 7. Amazon continued to produce responsive documents, however, providing 113 supplemental documents on July 5, July 21, and August 18, 2017. Declaration of Brian Buckley ¶ 7 [Dkt 160]. Apple moved to compel Amazon to appear at the second deposition in the U.S. District Court in Western District of Washington. On August 4, 2017, Judge Jones denied Apple's Motion to Compel, concluding that Apple needed to seek leave from me before a second deposition could be compelled. Zellerbach Decl., Ex. C. Accordingly, Apple now seeks leave from me to take the second Rule 30(b)(6) deposition of Amazon.[3] Motion for Leave [Dkt. No.

---

[2] The seven new deposition topics are (1) how and when Mobile Star began selling Apple-branded products to Amazon; (2) the process and criteria Amazon used to qualify Mobile Star to sell the Apple-branded products; (3) Amazon's procedures for ordering and buying products from Mobile Star; (4) Amazon's steps to authenticate the Apple-branded products Mobile Star sold; (5) the investigative procedures Amazon followed in June 2016 when responding to complaints and concerns that the Mobile Star products were counterfeit; (6) all complaints and counterfeit allegations made to Amazon regarding Mobile Star Apple-branded products and any investigatory procedures followed by Amazon; and (7) the quantity and identity of all Apple-branded products Mobile Star distributed to Amazon since October 17, 2012.

[3] In support of its Reply, Apple relies on information Mobile Star and Amazon have marked as confidential and, in accordance with the Northern District's Local Rules, filed an administrative motion to conditionally file under seal the portions of its pleadings referencing those materials. Dkt. No. 169. In support of continued sealing, Mobile Star filed a declaration from its CEO Jack Braha [Dkt. No. 183] stating that good cause exists to seal Ex. G to the Shaffer Declaration [Dkt. No. 169-9] and page 7:17 in Apple's Reply because the information relates "to Mobile Star's confidential business information and trade secrets, including the prices and quantities of goods purchased by Mobile Star's customers. The materials also include confidential correspondence between Mobile Star and its customers, which reveal sensitive and proprietary information about Mobile Star's business operations and finances." Braha Decl. ¶ 5. I agree that good cause exists to seal Ex. G to the Shaffer Declaration because the attached email discloses Mobile Star's pricing. However, good cause has not been shown to seal the text at page 7, line 17 of the Reply, disclosing Amazon's belief that unidentified products supplied by Mobile Star were counterfeit. Amazon filed a declaration from Brian Buckley in support of continued sealing of its information, asserting materials "relate to Amazon's proprietary systems and processes, including those that assist Amazon in preventing counterfeit goods from being sold on the Amazon marketplace and for identifying the source of a specific product shipped through an Amazon facility." Dkt. No. 180, ¶ 7. I agree and GRANT the motion to seal as to Shaffer Exs. C, D, and E as the information discloses details about Apple's inventory, sales, and investigatory processes. However the motion is DENIED as to Exhibit B, and Reply Br. at 5:22-27, 6:11-12, 6:15-19, 6:23-26, 7:24-25 as that information merely references Amazon requiring samples and conducting investigations but does not disclose any confidential details of processes or procedures, as well as general information regarding Amazon's beliefs about source of Mobile Star's goods. Dkt. Nos. 169-4 & 169-5 shall be UNSEALED by the clerk.

3

148] at 2.[4]

## LEGAL STANDARD

A party requesting multiple depositions of a deponent must obtain leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii). A deposition is limited to one day consisting of seven hours unless ordered by the court or stipulated by the parties. Fed. R. Civ. P. 30(d)(1).[5] Rule 30(a)(2) provides that a "court must grant leave to the extent consistent with Rule 26(b)(2)." Rule 26(b)(2) in turn provides that a court must limit discovery where "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

The parties dispute whether Apple must show good cause for seeking the second Amazon deposition. *Compare* cases cited at Apple Reply at 3 *with* Amazon Oppo. at 7-8. For purposes of ruling on this motion I will assume the good cause standard applies and under that standard GRANT Apple's motion for leave to serve its deposition subpoena. Zellerbach Decl., Ex. D.

## DISCUSSION

Apple argues that the deposition it wants, seeking discovery on seven topics, is key to proving its willful infringement cases against Mobile Star and, as shown by documents recently produced by Amazon, can only be secured through deposition. Amazon opposes on the bases of

---

[4] Apple objected and continues to object to Amazon's standing to appear in this Court to oppose Apple's motion for leave. However, as described in my August 17, 2017 Order Regarding Request to Shorten Time and Briefing on Motion for Leave, it makes sense for purposes of judicial efficiency to allow Amazon to explain its objections now. August 17, 2017 Order [Dkt. No. 153].

[5] The parties dispute whether leave of court is required before a party may take a second Rule 30(b)(6) deposition and there are cases on both sides of that issue. *See, e.g., Blackwell v. City & Cty. of San Francisco*, No. C-07-4629 SBA (EMC), 2010 WL 2608330, at *1 (N.D. Cal. June 25, 2010) (recognizing split in opinions). However, I need not reach this question because Apple has sought leave, if not in the first instance then at least in the second, after Judge Jones ruled leave was required.

4

burden and relevance, that Apple already had the opportunity to secure this information, and that the less burdensome and more convenient method of deposition by written questions is sufficient to meet Apple's needs.

Amazon contends that the burden required to prepare for and attend the second deposition is outweighed by the minimal relevance of the information sought to Apple's claims against Mobile Star. Oppo. at 9-13. While courts must be especially cautious not to burden non-parties (who typically deserve extra protection from the courts) with discovery obligations, Amazon played a central role in the underlying dispute and has information solely within its deponent's knowledge relevant to Apple's claim of willful infringement against Mobile Star. *See* Apple Reply at 5-7. Apple has explained why the information sought about Amazon's procedures and steps with respect to verifying the authenticity of Apple-branded products Amazon purchased from Mobile Star is directly relevant to its willful infringement claims against Mobile Star. Amazon's complaint that Apple may be attempting to secure confidential discovery from it – an Apple competitor – is blunted by the fact that the only procedures and steps that must be discussed at the deposition are those that Amazon took with respect to the purchases from and investigations related to Mobile Star.[6]

While it is true that nothing in the Stipulated Order restricted Apple from taking full blown discovery from Amazon, my purpose in allowing expedited discovery was so that Apple could secure enough discovery to support its motion for a Preliminary Injunction, not to be ready for trial. That explains why Apple's initial document requests and deposition topics were so limited. Transcripts of Proceedings Held on 11-9-16 [Dkt. No. 45] at 7-8. I recognize that Amazon had no control over or input into that process as a third-party and that the second deposition places an additional burden on it. However, because of the central role it played in the underlying events, I find that there is good cause for a second deposition.

---

[6] Amazon argues that the deposition topics seeking seek testimony about Amazon's conduct, internal procedures, and investigatory techniques would not help Apple build its case against Mobile Star. Oppo. at 13. Apple disagrees, provides a short explanation of each topic's necessity, and notes that even if Amazon had reason to be concerned, the Protective Order in this case permits Amazon to restrict use of its confidential information to this case. Reply at 8.

5

As to the argument that a second deposition would be unduly cumulative, duplicative, and obtainable through written deposition testimony, Apple has shown that the discovery it seeks is implicated by but not answered by the documents produced by Amazon. Reply at 5-7. Amazon's offer of a deposition by written questions under Rule 31 is not an effective solution given the complex issues in this case, the central role Amazon played in the underlying events, and Amazon's apparent knowledge regarding the Mobile Star's sale of counterfeit items to it.

## CONCLUSION

There is good cause for leave to take a second Amazon deposition. Apple's motion for leave is GRANTED.

**IT IS SO ORDERED.**

Dated: September 12, 2017

William H. Orrick
United States District Judge