NAOMI JANE GRAY (SBN 230171)
ngray@shadesofgray.law
SHADES OF GRAY LAW GROUP, P.C.
100 Shoreline Highway, Suite 100B
Mill Valley, CA 94941
Tel.: (415) 746-9260
Fax: (415) 968-4328

Attorneys for Defendants
STARKEYS CORP. and
SATK CORP.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE, INC.,<br><br>              Plaintiff,<br><br>    v.<br><br>MOBILE STAR, LLC, *et al.*,<br><br>              Defendants. | Case No. 3:16-cv-06001-WHO<br><br>**FIRST AMENDED ANSWER OF STARKEYS CORP. AND SATK CORP. TO SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Starkeys Corp. ("Starkeys") and SATK Corp. ("SATK"), by and through their undersigned counsel, hereby amend their response to the Second Amended Complaint for Damages and Equitable Relief of Apple Inc. (the "Complaint") as follows, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). All allegations in the Complaint not otherwise specifically admitted or denied are hereby denied.

## INTRODUCTION

1.       Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1. Starkeys and SATK accordingly deny the same.

2.      Starkeys and SATK deny having sold counterfeit or infringing Apple products. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2. Starkeys and SATK accordingly deny the same.

3.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Starkeys and SATK accordingly deny the same.

4.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Starkeys and SATK accordingly deny the same.

5.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Starkeys and SATK accordingly deny the same.

6.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Starkeys and SATK accordingly deny the same.

7.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. Starkeys and SATK accordingly deny the same.

8.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Starkeys and SATK accordingly deny the same.

9.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Starkeys and SATK accordingly deny the same.

10.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Starkeys and SATK accordingly deny the same.

11.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Starkeys and SATK accordingly deny the same.

## JURISDICTION AND VENUE

12.      Starkeys and SATK admit that the Complaint purports to seek preliminary and permanent injunctive relief, damages, and other relief. Starkeys and SATK admit that the Complaint purports to state claims for (1) counterfeiting and trademark infringement; (2) false designation of

origin; (3) copyright infringement; (4) unfair competition; and (5) breach of contract.  Starkeys and SATK deny having committed acts of counterfeiting, trademark infringement and unfair competition. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Starkeys and SATK accordingly deny the same.

13.     Paragraph 13 states legal conclusions to which no answer is required. To the extent that an answer to the allegations of paragraph 13 is required, Starkeys and SATK deny those allegations.

14.     Paragraph 14 states legal conclusions to which no answer is required. To the extent that an answer to the allegations of paragraph 14 is required, Starkeys and SATK deny those allegations. Starkeys and SATK specifically deny that they are subject to personal jurisdiction in this district, have engaged in business activities in this district, have directed business activities to this district, or have committed tortious acts with knowledge that the effects would be in this district.

15.     Paragraph 15 states legal conclusions to which no answer is required. To the extent that an answer to the allegations of paragraph 15 is required, Starkeys and SATK deny those allegations.

16.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Starkeys and SATK accordingly deny the same.

**THE PARTIES**

17.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Starkeys and SATK accordingly deny the same.

18.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Starkeys and SATK accordingly deny the same.

19.     Starkeys and SATK admit that DGL has a place of business in New Jersey. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19. Starkeys and SATK accordingly deny the same.

20.     Starkeys and SATK admit that Starkeys is a New York corporation with its principal place of business at 1431-59th Street, Brooklyn, New York, 11219. Starkeys and SATK deny the

AMENDED ANSWER OF STARKEYS AND SATK TO SECOND AM. COMPL.    Case No. 3:16-cv-06001-WHO

remaining allegations in paragraph 20.

21.    Starkeys and SATK admit that SATK is a New York corporation with its principal place of business at 1431-59th Street, Brooklyn, New York, 11219. Starkeys and SATK deny the remaining allegations in paragraph 21.

22.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Starkeys and SATK accordingly deny the same.

23.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Starkeys and SATK accordingly deny the same.

24.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Starkeys and SATK accordingly deny the same.

25.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Starkeys and SATK accordingly deny the same.

26.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Starkeys and SATK accordingly deny the same.

## APPLE'S BUSINESS AND INTELLECTUAL PROPERTY

27.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. Starkeys and SATK accordingly deny the same.

28.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Starkeys and SATK accordingly deny the same.

29.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29. Starkeys and SATK accordingly deny the same.

30.    Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Starkeys and SATK accordingly deny the same.

31.    The allegation that "Apple Marks" are distinctive is a legal conclusion to which no answer is required. To the extent that an answer to this allegation of paragraph 31 is required, Starkeys

and SATK deny this allegation. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31. Starkeys and SATK accordingly deny the same.

32.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Starkeys and SATK accordingly deny the same.

33.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Starkeys and SATK accordingly deny the same.

## DEFENDANTS' [ALLEGEDLY] UNLAWFUL ACTIONS

34.     Starkeys and SATK deny the allegations in paragraph 34.

35.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. Starkeys and SATK accordingly deny the same.

36.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Starkeys and SATK accordingly deny the same.

37.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Starkeys and SATK accordingly deny the same.

38.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38. Starkeys and SATK accordingly deny the same.

39.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39. Starkeys and SATK accordingly deny the same.

40.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40. Starkeys and SATK accordingly deny the same.

41.     Starkeys and SATK admit that Starkeys and SATK provided discovery to Apple. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41. Starkeys and SATK accordingly deny the same.

42.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the

AMENDED ANSWER OF STARKEYS AND SATK TO SECOND AM. COMPL.   Case No. 3:16-cv-06001-WHO

truth of the allegations in paragraph 42. Starkeys and SATK accordingly deny the same.

43.     Starkeys and SATK deny that they sold counterfeit Apple products to DGL. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43. Starkeys and SATK accordingly deny the same.

44.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44. Starkeys and SATK accordingly deny the same.

45.     Starkeys and SATK deny the allegations in paragraph 45.

46.     Starkeys and SATK admit that they are located at the same address, which is a residence, and that both companies are managed by the same individual, Aron Kohn. Starkeys and SATK admit that DGL is their sole customer. Starkeys and SATK admit that DGL requested samples of products from Starkeys and/or SATK. Starkeys and SATK admit that when they received products, they usually sold and transferred those products to DGL. Starkeys and SATK deny the remaining allegations in paragraph 46.

47.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47. Starkeys and SATK accordingly deny the same.

48.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48. Starkeys and SATK accordingly deny the same.

49.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49. Starkeys and SATK accordingly deny the same.

50.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50. Starkeys and SATK accordingly deny the same.

51.     Starkeys and SATK deny the allegations of paragraph 51 insofar as those allegations relate to Starkeys and SATK. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51. Starkeys and SATK accordingly deny the same.

52.     Starkeys and SATK deny the allegations of paragraph 52 insofar as those allegations

1   relate to Starkeys and SATK. Starkeys and SATK lack knowledge or information sufficient to form a

2   belief as to the truth of the remaining allegations in paragraph 52. Starkeys and SATK accordingly deny

3   the same.

4       53.      Starkeys and SATK deny the allegations of paragraph 53 insofar as those allegations

5   relate to Starkeys and SATK. Starkeys and SATK lack knowledge or information sufficient to form a

6   belief as to the truth of the remaining allegations in paragraph 53. Starkeys and SATK accordingly deny

7   the same.

8                              **FIRST CLAIM FOR RELIEF**
        (Trademark Counterfeiting and Infringement Under § 32(l) of the Lanham Act)
9                          (Against All Defendants)

10      54.      Starkeys and SATK hereby repeat and incorporate herein the responses set forth in

11  paragraphs 1-53 above.

12      55.      Starkeys and SATK lack knowledge or information sufficient to form a belief as to the

13  truth of the allegations in paragraph 55. Starkeys and SATK accordingly deny the same.

14      56.      Starkeys and SATK deny the allegations of paragraph 56 insofar as those allegations

15  relate to Starkeys and SATK.  Starkeys and SATK lack knowledge or information sufficient to form a

16  belief as to the truth of the remaining allegations in paragraph 56. Starkeys and SATK accordingly deny

17  the same.

18      57.      Starkeys and SATK deny the allegations of paragraph 57 insofar as those allegations

19  relate to Starkeys and SATK.  Starkeys and SATK lack knowledge or information sufficient to form a

20  belief as to the truth of the remaining allegations in paragraph 57. Starkeys and SATK accordingly deny

21  the same.

22      58.      Starkeys and SATK deny the allegations of paragraph 58 insofar as those allegations

23  relate to them. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the

24  truth of the remaining allegations in paragraph 58. Starkeys and SATK accordingly deny the same.

25      59.      Paragraph 59 states legal conclusions to which no answer is required.  To the extent that

26  an answer to the allegations of paragraph 59 is required, Starkeys and SATK deny those allegations.

27

28

## SECOND CLAIM FOR RELIEF
(False Designation of Origin under § 43(a)(1)(A) of the Lanham Act)
(Against All Defendants)

60.     Starkeys and SATK hereby repeat and incorporate herein the responses set forth in paragraphs 1-59 above.

61.     Starkeys and SATK deny the allegations of paragraph 61 insofar as those allegations relate to Starkeys and SATK. Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61. Starkeys and SATK accordingly deny the same.

62.     Paragraph 62 states legal conclusions to which no answer is required. To the extent that an answer to the allegations of paragraph 62 is required, Starkeys and SATK deny those allegations.

63.     Paragraph 63 states legal conclusions to which no answer is required. To the extent that an answer to the allegations of paragraph 63 is required, Starkeys and SATK deny those allegations.

64.     Paragraph 64 states legal conclusions to which no answer is required. To the extent that an answer to the allegations of paragraph 64 is required, Starkeys and SATK deny those allegations.

## THIRD CLAIM FOR RELIEF
(Copyright Infringement under 17 U.S.C. § 501 *et seq.*)
(Against Mobile Star)

65.     Starkeys and SATK hereby repeat and incorporate herein the responses set forth in paragraphs 1-64 above.

66.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66. Starkeys and SATK accordingly deny the same.

67.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67. Starkeys and SATK accordingly deny the same.

68.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68. Starkeys and SATK accordingly deny the same.

69.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 69. Starkeys and SATK accordingly deny the same.

70.   Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70. Starkeys and SATK accordingly deny the same.

71.   Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71. Starkeys and SATK accordingly deny the same.

72.   Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72. Starkeys and SATK accordingly deny the same.

73.   Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73. Starkeys and SATK accordingly deny the same.

**FOURTH CLAIM FOR RELIEF**
(Unfair Competition under Cal. Bus. & Prof. Code § 17200, *et seq.* and Cal. Common Law)
(Against All Defendants)

74.   Starkeys and SATK hereby repeat and incorporate herein the responses set forth in paragraphs 1-73 above.

75.   Paragraph 75 states legal conclusions to which no answer is required. To the extent that an answer to the allegations of paragraph 75 is required, Starkeys and SATK deny those allegations.

76.   Paragraph 76 states legal conclusions to which no answer is required. To the extent that an answer to the allegations of paragraph 76 is required, Starkeys and SATK deny those allegations.

**FIFTH CLAIM FOR RELIEF**
(Breach of Contract)
(Against DGL)

77.   Starkeys and SATK hereby repeat and incorporate herein the responses set forth in paragraphs 1-76 above.

78.   Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78. Starkeys and SATK accordingly deny the same.

79.   Starkeys and SATK lack knowledge or information sufficient to form a belief as to the

AMENDED ANSWER OF STARKEYS AND SATK TO SECOND AM. COMPL.   Case No. 3:16-cv-06001-WHO

truth of the allegations in paragraph 79. Starkeys and SATK accordingly deny the same.

80.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80. Starkeys and SATK accordingly deny the same.

81.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81. Starkeys and SATK accordingly deny the same.

82.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82. Starkeys and SATK accordingly deny the same.

83.     Starkeys and SATK lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83. Starkeys and SATK accordingly deny the same.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim for which relief may be granted.

2.      The Complaint and requested relief are barred by the doctrines of laches, acquiescence, and waiver.

3.      Starkeys and SATK are not subject to personal jurisdiction in this state or district.

4.      The alleged acts of Starkeys and SATK have not damaged Plaintiff.

5.      The alleged acts of Starkeys and SATK constitute a fair use of Plaintiff's alleged marks.

6.      The alleged acts of Starkeys and SATK constitute the sale of genuine product, manufactured and produced under authorization from Plaintiff.

7.      The alleged acts of Starkeys and SATK were honestly and reasonably intended to constitute the sale of genuine product, manufactured and produced under authorization from Plaintiff.

8.      One or more of Plaintiff's alleged marks are generic, specifically including the alleged mark "Lightning" for the goods specified in U.S. Reg. No. 4,726,001.

9.      One or more of Plaintiff's alleged marks are functional, specifically including the alleged product design mark shown in U.S. Reg. No. 4,726,738 for the goods specified therein.

10.     One or more of Plaintiff's alleged marks comprise an unregistrable trade name and other

unprotectable subject matter, specifically including the alleged mark "Designed by Apple in California" shown in U.S. Reg. No. 4,604,456.

11.    One or more of Plaintiff's alleged marks are merely ornamental, specifically including the alleged product design mark shown in U.S. Reg. No. 4,726,738.

12.    One or more of Plaintiff's alleged marks have been abandoned through failure to maintain quality control (i.e., naked licensing).

13.    Any damages are subject to set-off because any "loss" Plaintiff incurred was caused by Plaintiff itself or by third-parties.

14.    Plaintiff's alter ego allegations are insufficient to establish liability of Starkeys or SATK for the alleged acts of Defendant DGL Corp.

//

AMENDED ANSWER OF STARKEYS AND SATK TO SECOND AM. COMPL.    Case No. 3:16-cv-06001-WHO

**PRAYER FOR RELIEF**

WHEREFORE, Starkeys and SATK respectfully request that the Court enter a judgment:

1.      Dismissing Plaintiff's claims against Starkeys and SATK with prejudice and on the merits;

2.      Awarding Starkeys and SATK their costs of suit herein;

3.      Awarding Starkeys and SATK such attorneys' fees as may be allowed by applicable law; and

4.      Awarding such other relief as may be just and proper.


Dated: October 31, 2017                          Respectfully submitted,

                                                 SHADES OF GRAY LAW GROUP, P.C.
                                                 NAOMI JANE GRAY


                                                 */s/ Naomi Jane Gray*
                                                 _____
                                                 Attorneys for Defendants
                                                 Starkeys Corp. and
                                                 SATK Corp.

AMENDED ANSWER OF STARKEYS AND SATK TO SECOND AM. COMPL.   Case No. 3:16-cv-06001-WHO

1

**DEMAND FOR JURY TRIAL**

2      Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6, Starkeys and

3  SATK demand a trial by jury on all issues so triable.

4

5  Dated: October 31, 2017             Respectfully submitted,

6                              SHADES OF GRAY LAW GROUP, P.C.
NAOMI JANE GRAY

7

8                                  */s/ Naomi Jane Gray*

9                            _____
Attorneys for Defendants

10                         Starkeys Corp. and
SATK Corp.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

13

28