[Counsel Listed on Signature Page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Apple Inc., | Case No. 3:16-cv-06001-WHO |
| Plaintiff, | **[CORRECTED] JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| Mobile Star, LLC, a New York Limited Liability Company, *et al.*, | |
| Defendants. | |

Pursuant to this Court's Order Setting Further Case Management Conference, ECF No. 163, and the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, Plaintiff Apple Inc. ("Apple") and Defendants Mobile Star, LLC ("Mobile Star"), Venturecom Distribution, Inc. ("Venturecom"), DGL Group, LTD ("DGL Group"), Starkeys Corp. ("Starkeys") and SATK Corp. ("SATK") submit this Joint Case Management Statement.

1.      **Jurisdiction and Service:**

The Court has jurisdiction over federal trademark and copyright claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 (federal question), 1367 (supplemental), 1338(a)-(b) (trademark, copyright, and unfair competition).  Apple contends that venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendants "may be found" within this judicial district as that term is used in 28 U.S.C. § 1400(a) (copyright venue), and pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Apple's claims against all Defendants occurred in this district.  Apple is also located in this district.  Starkeys and SATK maintain that they are not subject to personal jurisdiction in this state or district.  The parties are otherwise

1    unaware of any issue regarding subject matter jurisdiction, personal jurisdiction, or venue.

2         All Defendants have been served.  Top 10 Cell Trading, Inc. ("Top 10 Cell Trading"),

3    Top10 Cell, Inc. ("Top10 Cell"), OEM World, Inc. ("OEM World"), and Buyrite18, Inc.

4    ("Buyrite18") have not answered the complaint or otherwise appeared in this case.  Apple

5    requested entry of default of OEM World, and the Court entered default on November 2, 2017.

6    Top 10 Cell Trading has also refused to answer or cooperate and Apple has advised Top 10 Cell

7    Trading that it will seek entry of default.

8         **2.     <u>Facts:</u>**

9         Apple filed a complaint against Mobile Star on October 17, 2016, alleging that Mobile

10   Star acquired, sold, and otherwise distributed products bearing counterfeit versions of registered

11   trademarks owned by Apple and at times packaged in materials that constituted copies of a

12   copyrighted work registered by Apple.  Apple and Mobile Star stipulated to and the Court ordered

13   limited expedited discovery and then entry of a preliminary injunction, which was entered by the

14   Court on January 30, 2017.

15        Apple contends that information obtained from Mobile Star and third parties during

16   expedited discovery revealed that Mobile Star was purchasing counterfeit Apple products of the

17   types it sold to Amazon.com and Groupon directly from DGL Group, Venturecom, Top10 Cell

18   Inc., BuyRite18, and OEM World and that Mobile Star's purchase and subsequent sale of

19   counterfeit Apple products was willful or willfully blind.  Apple contends that DGL, in turn, was

20   sourcing the same types of Apple-branded products from Starkeys and SATK.  Based on this and

21   other information, Apple filed the First Amended Complaint on July 12, 2017, adding each of

22   these entities as a defendant.  Apple subsequently learned an additional entity (Top 10 Cell

23   Trading Inc.) was also supplying counterfeit Apple products and sought leave to file a Second

24   Amended Complaint to name Top 10 Cell Trading Inc.  The Court granted leave and deemed

25   Apple's Second Amended Complaint filed on August 30, 2017.

26        Mobile Star contends that it never knowingly sold any counterfeit Apple-branded

27   products, and reasonably believed that all products it sold were genuine Apple-branded products.

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO

1   Mobile Star contends that it is essentially impossible, without specialized training and use of

2   Apple's proprietary and confidential information, to distinguish purported counterfeits from

3   genuine Apple-branded products.  Mobile Star contends that, if Mobile Star did in fact sell

4   counterfeit Apple-branded products, Apple has not been damaged by any such sales.

5          DGL likewise contends that it never sold counterfeit Apple-branded products at all, much

6   less knowingly.  Even if DGL somehow unwittingly sold any non-genuine Apple-branded

7   product, DGL denies that Apple has been damaged by any such sale.

8          The principal disputed factual issues concern the bases for trademark counterfeiting,

9   trademark infringement, copyright infringement, unfair competition, breach of contract, damages

10  and profits, and any defenses raised in the pleadings.

11      **3.**      <u>**Legal Issues:**</u>

12         The principal disputed legal issues are:

13         • Whether Defendants infringed and/or counterfeited Apple's registered trademarks;

14         • Whether Mobile Star infringed Apple's registered copyrighted work;

15         • Whether each Defendant sold any of the products that Apple has allegedly

16            identified as infringing and/or counterfeiting its trademarks;

17         • Whether Defendants engaged in unfair competition;

18         • Whether Defendants' actions were willful or non-willful;

19         • Whether any alleged infringement by Defendants was non-willful and unknowing;

20         • Whether any alleged copyright infringement by Mobile Star was innocent and

21            unknowing;

22         • Whether DGL breached its December 1, 2015 contract with Apple;

23         • Whether Apple's claims are barred in whole or in part by the various equitable and

24            legal defenses raised by Mobile Star, DGL, Starkeys, and SATK;

25         • Whether Apple is entitled to compensation for any proven trademark or copyright

26            infringement, and if so, the amount;

27         • Whether Apple is able to recover Defendants' lost profits from allegedly infringing

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-cv-06001-WHO

1    sales if the infringement was not willful;

2    •   Whether Apple is entitled to compensation for breach of contract against DGL;

3        and

4    •   Whether Starkeys and SATK are subject to personal jurisdiction in this state or

5        district.

6    **4.    Motions:**

7    The parties have filed the following motions:

8    •   **Apple's Motion for Leave to Take Expedited Discovery.**  On October 19, 2016,

9        Apple filed a Motion for Expedited Discovery, ECF No. 12.  Apple and Mobile

10       Star stipulated to and the Court ordered limited expedited discovery on November

11       15, 2017, ECF No. 43.

12   •   **Apple's Motion for Preliminary Injunction.**  On October 19, 2016, Apple filed a

13       Motion for Preliminary Injunction, ECF No. 13.  Apple and Mobile Star stipulated

14       to and the Court entered a preliminary injunction on January 30, 2017, ECF No.

15       70.

16   •   **Apple's Motion to Continue Deadlines.**  On May 19, 2017, Apple filed a Motion

17       to Continue Deadlines, ECF No. 85.  The Court granted Apple's motion on May

18       19, 2017, ECF No. 88.

19   •   **Apple's Motion for Clarification of May 19 Order.**  On July 12, 2017, Apple

20       filed two motions on the same issue.  The first motion sought confirmation that the

21       Court had authorized Apple to file an amended complaint, ECF No. 103, and the

22       second motion, in the alternative, sought leave to file an amended complaint, ECF

23       No. 105.  The Court granted Apple's Motion for Clarification on July 19, 2017,

24       ECF No. 125, thereby mooting Apple's Motion for Leave to Amend.

25   •   **Mobile Star's Motion to Continue Discovery Deadline.**  On July 13, 2017,

26       Mobile Star moved to continue the fact discovery cutoff with respect to Mobile

27       Star, ECF No. 117.  The Court granted Mobile Star's Motion on July 19, 2017,

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-cv-06001-WHO

1      ECF No. 125.

2         • **Apple's Motion for Leave to Take Discovery of Amazon.com.**  On August 14,

3            2017, Apple moved for leave to take discovery of Amazon.com, ECF No. 148.

4            Mobile Star stipulated that Apple's motion should be heard on shortened time,

5            with Mobile Star's response due by August 16, 2017, ECF No. 149.  On August

6            16, 2017, Nonparty Amazon.com filed a Notice of Intent to Oppose Apple's

7            Motion, ECF No. 151.  The Court granted Apple's motion on September 12, 2017.

8            ECF No. 184.

9         • **Apple's Motion to Amend Scheduling Order and to File Second Amended**

10           **Complaint.**  On August 29, 2017, Apple sought leave to file a second amended

11           complaint to add an additional defendant, Top 10 Cell Trading Inc.  The Court

12           granted that Motion on August 30, 2017.

13        • **Apple's Request to Enter OEM World's Default.**  On October 30, 2017, Apple

14           filed a Request to Enter OEM World's Default.  The Clerk entered OEM World's

15           default on November 2, 2017.

16         If the parties are unable to reach a settlement, they expect to file cross-motions for

17   summary judgment.  In addition, if the parties are unable to reach a settlement, Starkeys and

18   SATK expect to move to dismiss for lack of personal jurisdiction and/or to move for leave to file

19   cancellation counterclaims against various asserted trademark registrations.

20        **5.      Amendment of Pleadings:**

21         On July 12, 2017, Apple amended the complaint to add seven of the new defendants.  On

22   August 30, Apple filed a second amended complaint adding defendant Top 10 Cell Trading.  In

23   addition, as noted above, if the parties are unable to reach a settlement, Starkeys and SATK

24   expect to move for leave to file cancellation counterclaims against various asserted trademark

25   registrations.

26        **6.      Evidence Preservation:**

27         Each party that has appeared represents that it has instituted reasonable document

28

- 5 -

1    retention procedures so as to maintain any relevant documents, electronic or otherwise, or any

2    other relevant electronically recorded material, until this dispute is resolved.

3        **7.**     **Disclosures:**

4        Apple and Mobile Star exchanged initial disclosures on February 14, 2017, in accordance

5    with Federal Rules of Civil Procedure 26.  Apple provided copies of its initial disclosures to

6    Venturecom and DGL, and intends to supplement its disclosures with additional information

7    during the course of fact discovery.  Venturecom served initial disclosures on August 21, 2017,

8    and DGL served initial disclosures on October 31, 2017.  Starkeys and SATK served initial

9    disclosures on November 9, 2017, which they intend to supplement with additional information

10    during the course of fact discovery.

11        **8.**     **Discovery:**

12            **A.  Scope, Proposed Modifications to Limits, and Discovery Disputes**

13        Apple and Mobile Star conducted limited expedited discovery prior to the party's Rule

14    26(f) conference, which was held on January 31, 2017, as permitted by the Court, *see* ECF No.

15    43.  Early discovery included limited discovery of third parties.  Apple and Mobile Star

16    conducted additional discovery from Amazon.com, including an additional deposition in

17    November.  Apple and Mobile Star each conducted additional written and documentary discovery

18    of each other.  Apple and Mobile Star are in the process of scheduling and conducting depositions

19    in November and December.

20        Apple has served discovery requests on the new defendants.  Most of the new defendants

21    are still in the process of collecting and producing documents.  Apple believes that, to date, most

22    of the productions have been inadequate and is in the process of meeting and conferring with

23    defendants regarding their search and collection efforts.  Given the incomplete state of document

24    production, Apple has not yet been able to schedule depositions of the new defendants.

25        DGL has served discovery requests on Apple and anticipates that further discovery may

26    be necessary.  Prior to being added as a party to this action, DGL produced documents in

27    response to a third-party subpoena from Apple.  Following its appearance as a party, DGL made

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO

1   an additional production of documents on October 31, 2017 in response to Apple's discovery

2   requests.  Apple has since requested that DGL use search terms proposed by Apple to supplement

3   its prior document productions. DGL is in the process of collecting and reviewing documents

4   generated in response to the search terms proposed by Apple.  Apple's proposed search protocol

5   has yielded voluminous results that require further review prior to production.   DGL anticipates

6   producing additional documents within the next few weeks. With respect to Apple's statement

7   below, DGL has requested that Apple identify any documents that it claims were missing from

8   DGL's response to Apple's earlier third-party subpoena.  DGL intends to fully comply with its

9   discovery obligations under the Federal Rules.

10         Apple contends that DGL has had sufficient time to complete its search for documents as

11   it has had Apple's search terms, which the court approved earlier in the case, since October 6,

12   2017.  Apple is concerned that DGL may not be up to the task of self-collection given both the

13   length of time DGL says it requires to complete its search and the fact that DGL's earlier

14   production of documents pursuant to subpoena appears to be incomplete in light of other

15   discovery obtained by Apple.

16         Starkeys and SATK have completed their document production.  Apple has raised no

17   issues with respect to their production.  Apple reserves all rights to raise issues with Starkey's and

18   SATK's production after meeting and conferring on a privilege log and as discovery in the case

19   proceeds.  If the parties are unable to reach a settlement, Starkeys and SATK intend to take

20   discovery regarding what they contend is the true source of the allegedly infringing or counterfeit

21   products, as well as the validity of various asserted marks.

22         The parties have agreed that depositions will be taken on notice and on agreed-upon dates,

23   if possible, pursuant to Local Rule 30-1.

24                    **B.  Electronically Stored Information (ESI)**

25         Apple and Mobile Star previously agreed to an ESI format applicable to all documents

26   that exist in an electronic format during expedited discovery, *see* ECF No. 76.  Apple has

27   specified that same format in its Requests for Production of Documents to the new defendants.

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO

### C. Attorney—Client Privilege and Work Product Doctrine

Similarly, Apple and Mobile Star previously stipulated to and the Court ordered a protective order applicable to this case, ECF No. 50, and the parties who have appeared in this case have agreed to its provisions.  Apple and Mobile Star have exchanged privilege logs, having earlier agreed that they need not include communications between the parties and their respective litigation counsel or expert witnesses, if the witness is one retained or specially employed to provide expert testimony in the case, on their privilege logs to preserve their privileges or protections.

Apple and Mobile Star have exchanged privilege logs and are in the process of meeting and conferring regarding perceived deficiencies in each other's logs.

### D. Expert Communications and Drafts

Apple and Mobile Star have agreed that neither party need produce communications between counsel and expert witnesses or drafts of expert reports.  Counsel's communications with experts shall be deemed to be protected from disclosure pursuant to Federal Rule of Civil Procedure 26(b)(4)(B).

**9.**     **Class Actions:**

This is not a class action.

**10.**     **Related Cases:**

The parties are not aware of related cases.

**11.**     **Relief:**

Apple seeks the following relief:

- Judgment that Defendants infringed each of the registered trademarks set forth in Apple's Complaint;

- Judgment that Defendants counterfeited each of the registered trademarks set forth in Apple's Complaint;

- Judgment that Mobile Star infringed Apple's copyrighted work;

- Judgment that DGL breached its contract with Apple;

- A permanent injunction enjoining and restraining Defendants from infringing Apple's trademarks and copyrights and dealing in non-genuine Apple-branded products;
- An order requiring the forfeiture or destruction of all counterfeit products bearing Apple's registered trademarks in Defendants' possession;
- Judgment that Defendants' infringements were willful;
- Damages resulting from Defendants' acts of infringement, in an amount to be proven at trial.  Apple further describes the amounts of damages sought and the bases on which damages will be calculated in its Rule 26(a) disclosures;
- Treble damages;
- All gains, profits, and advantages derived by Defendants from their unlawful acts;
- Treble damages and treble gains, profits, and advantages derived by Defendants from their unlawful acts;
- Statutory damages, if so elected;
- An order of restitution;
- Punitive damages;
- compensation for Apple's detection of DGL's violation of Apple's rights; and
- Attorneys' fees and costs associated with this action.

Mobile Star seeks the following relief:

- That Apple take nothing by way of its Complaint;
- Dismissal with prejudice of each of Apple's purported claims for relief; and
- Attorneys' fees and costs associated with this action

Venturecom intends to seek the following relief:

- That Apple take nothing by way of its Complaint
- Dismissal with prejudice of each of Apple's purported claims for relief; and
- Attorneys' fees and costs associated with this action.

DGL Group intends to seek the following relief:

1    • That Apple take nothing by way of its Complaint

2    • Dismissal with prejudice of each of Apple's purported claims for relief; and

3    • Attorneys' fees and costs associated with this action.

4    Starkeys and SATK intend to seek the following relief:

5    • That Apple take nothing by way of its Complaint

6    • Dismissal with prejudice of each of Apple's purported claims for relief; and

7    • Attorneys' fees and costs associated with this action.

8    **12.** **Settlement and ADR:**

9    Apple and Mobile Star held a private mediation with a JAMS mediator on April 19, 2017,

10   but were unable to resolve their dispute.  Apple and Mobile Star held another private mediation

11   session on November 6, 2017, but were again unable to resolve their dispute.

12   Apple is currently discussing possible settlement with certain other defendants.

13   **13.** **Consent to Magistrate Judge For All Purposes:**

14   The parties do not consent to a Magistrate Judge for all purposes.

15   **14.** **Other References:**

16   The parties agree that the case is not suitable for reference to binding arbitration, a special

17   master, or the Judicial Panel on Multidistrict Litigation.

18   **15.** **Narrowing of Issues:**

19   At this time, the parties do not foresee bifurcating any issues, claims, or defenses.  Subject

20   to the progression of discovery, the parties may be able to narrow issues via stipulated facts.

21   **16.** **Expedited Schedule**

22   The parties do not believe this case is appropriate for an expedited schedule.

23

24

25

26

27

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO

1

**17.    Scheduling**

2

At the last Case Management Conference, the Court vacated the case management

3

schedule and ordered that the schedule would be reset at the next case management conference on

4

November 21, 2017.

5

**18.    Trial:**

6

7

Apple anticipates a jury trial that will last 10 days. Mobile Star anticipates a jury trial that

will last five days.

8

**19.    Disclosure of Non-party Interested Entities or Persons:**

9

10

Apple, Mobile Star, and Venturecom, DGL Group, Starkeys and SATK have filed

Corporate Disclosure Statements and Certifications of Interested Entities and Persons.

11

Apple's Certification, ECF No. 3, states:

12

13

Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff Apple Inc. ("Apple")
hereby certifies that it has no parent corporation and no publicly held company

14

owns 10% or more of its stock.  Apple also certifies pursuant to Local Rule 3-
15(b) that it is not aware of any entities or persons with (i) a financial interest in

15

the subject matter in controversy or in a party to the proceeding; or (ii) any other

16

kind of interest that could be substantially affected by the outcome of the
proceeding.

17

Mobile Star's Certification, ECF No. 38, states:

18

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Mobile Star, LLC

19

("Mobile Star") hereby certifies that it has no parent corporation and no publicly
held company owns 10% or more of its stock. Mobile Star also certifies pursuant

20

to Civil Local Rule 3-15(b) that it is not aware of any entities or persons with (i) a
financial interest in the subject matter in controversy or in a party to the

21

proceeding; or (ii) any other kind of interest that could be substantially affected
by the outcome the proceeding.

22

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of November
9, 2016, other than the named parties, there is no such interest to report.

23

Venturecom's Certification, ECF No. 146, states:

24

25

Pursuant to Civil Local Rule 3-15 and Federal Rule of Civil Procedure 7.1, the
undersigned certifies that the following listed persons, associations of persons,

26

firms, partnerships, corporations (including parent corporations) or other entities
(i) have a financial interest in the subject matter in controversy or in a party to the

27

proceeding, or (ii) have a non-financial interest in that subject matter or in a party
that could be substantially affected by the outcome of this proceeding: Amir

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO

1   Zanjanipour, sole owner of Venturecom Distribution, Inc.

2   DGL Group's Certification, ECF No. 157, states:

3   Pursuant to Fed. R. Civ. P. 7.1 and Civil L.R. 3-15, Defendant DGL Group, Ltd.,
    through its undersigned counsel, certifies that it has no parent corporation and no
4   publicly held corporation owns more than 10% of its stock. The undersigned
    further certifies that the following listed persons, associations of persons, firms,
5   partnerships, corporations (including parent corporations) or other entities (i) have
    a financial interest in the subject matter in controversy or in a party to the
6   proceeding, or (ii) have a non-financial interest in that subject matter or in a party
    that could be substantially affected by the outcome of this proceeding: 1. Ezra
7   Zaafarani (Interest in Defendant DGL Group, Ltd.); 2. Murad Nakash (Interest in
    Defendant DGL Group, Ltd.); 3. Victor Shardar (Interest in Defendant DGL
8   Group, Ltd.)

9
    Starkeys' and SATK's Certification, ECF No. 188, states:
10
    Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed
11  person (i) has a financial interest in the subject matter in controversy or in a party
    to the proceeding, or (ii) has a non-financial interest in that subject matter or in a
12  party that could be substantially affected by the outcome of this proceeding: Aron
    Kohn, Owner, Starkeys Corp. and SATK Corp.
13

14
    **20.    Professional Conduct:**
15
        The parties certify that all attorneys of record have reviewed the Guidelines for
16
    Professional Conduct for the Northern District of California.
17

18

19

20

21

22

23

24

25

26

27

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO

1   THOMAS H. ZELLERBACH (SBN 154557)
    tzellerbach@orrick.com
2   VICKIE FEEMAN (SBN 177487)
    vfeeman@orrick.com
3   FRANCES S. CHEEVER (SBN 287585)
    fcheever@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025
    Telephone:      +1-650-614-7400
6   Facsimile:      +1-650-614-7401

7   NATHAN SHAFFER (SBN 282015)
    nshaffer@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    405 Howard St
9   San Francisco, CA 94105
    Telephone:      +1-415-773-5700
10  Facsimile:      +1-415-773-5759

11  *Attorneys for Plaintiff*
    *Apple Inc.*
12

    AARON J. MOSS (SBN 190625)
    AMoss@GreenbergGlusker.com
    JOSHUA M. GELLER (SBN 295412)
    JGeller@GreenbergGlusker.com
    GREENBERG GLUSKER FIELDS
    CLAMAN & MACHTINGER LLP
    1900 Avenue of the Stars, 21st Floor
    Los Angeles, California  90067-4590
    Telephone:  310-553-3610
    Facsimile:  310-553-0687

    *Attorneys for Defendant*
    *Mobile Star, LLC*


    WALTER C. PFEFFER
    (wpfeffer@singerbea.com)
    SINGER BEA LLP
    601 Montgomery Street, Suite 1950
    San Francisco, CA 94111
    Telephone: 415-500-6080

    *Attorney for Defendant*
    *Venturecom Distribution, Inc.*


    J. Noah Hagey (SBN 262331)
    (hagey@braunhagey.com)
    Andrew Levine (SBN 278246)
    (levine@braunhagey.com)
    J. Tobias Rowe (SBN 305596)
    (rowe@braunhagey.com)
    BRAUN HAGEY & BORDEN LLP
     220 Sansome Street, Second Floor
    San Francisco, CA 94104
    Telephone: 415-599-0210
    Facsimile:  415-276-1808

    *Attorneys for Defendant*
    *DGL Group, LTD.*


    Naomi Jane Gray (SBN 230171)
    ngray@shadesofgray.law
    SHADES OF GRAY LAW GROUP,
    P.C.
    100 Shoreline Highway, Suite 100 B
    Mill Valley, CA 94941
    Telephone: 415-746-9260
    Facsimile:   415-968-4328

    *Attorney for Defendants*
    *STARKEYS CORP. and SATK CORP.*

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO

1

2     Dated: November 14, 2017                    By:   /s/ Thomas H. Zellerbach
                                                        Thomas H. Zellerbach
3                                                       *Attorneys for Apple Inc.*

4     Dated:  November 14, 2017                   By:   /s/ Aaron J. Moss
                                                        Aaron J. Moss
5                                                       *Attorneys for Mobile Star, LLC*

6     Dated:  November 14, 2017                   By:   /s/ Walter C. Pfeffer
                                                        Walter C. Pfeffer
7                                                       *Attorneys for Venturecom Distribution,*
                                                        *Inc.*
8

9     Dated:  November 14, 2017                   By:   /s/ Andrew Levine
                                                        Andrew Levine
10                                                      *Attorneys for DGL Group, LTD.*

11    Dated:  November 14, 2017                   By:   /s/ Naomi Jane Gray
                                                        Naomi Jane Gray
12                                                      *Attorneys for Starkeys Corp. and SATK*
                                                        *Corp.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO

1

2

**ATTESTATION OF CONCURRENCE**

3

      I, Thomas H. Zellerbach, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from each of the above signatories.

4

5

Dated:  November 14, 2017

                */s/ Thomas H. Zellerbach*

6

                  Thomas H. Zellerbach

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[CORRECTED] JOINT CASE
MANAGEMENT STATEMENT
3:16-CV-06001-WHO