THOMAS H. ZELLERBACH (SBN 154557)
tzellerbach@orrick.com
FRANCES S. CHEEVER (SBN 287585)
fcheever@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

ARAVIND SWAMINATHAN (*Pro Hac Vice*)
aswaminathan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104
Telephone:     +1-206-839-4300
Facsimile:      +1-206-839-4301

NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:     +1-415-773-5700
Facsimile:      +1-415-773-5759

Attorneys for Plaintiff
APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| APPLE INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>MOBILE STAR, LLC, a New York Limited Liability Company, *et al.*,<br><br>     Defendants. | Case No. 3:16-cv-06001-WHO<br><br>**STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT MOBILE STAR, LLC AND [PROPOSED] ORDER FOR ENTRY OF CONSENT JUDGMENT**<br><br>Judge:  Hon. William H. Orrick |

- 1 -

STIPULATION FOR ENTRY OF CONSENT
JUDGMENT & PERMANENT INJUNCTION AS
MOBILE STAR, LLC & [PROPOSED] ORDER
CASE NO. 3:16-cv-06001-WHO

Plaintiff Apple Inc. ("Plaintiff" or "Apple") and Defendant Mobile Star, LLC ("Defendant") (collectively, the "Parties") stipulate to the following:

1.      Plaintiff Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.

2.      Defendant Mobile Star is a New York limited liability company with a principal place of business in New Jersey located at 250 Liberty Street, Metuchen, New Jersey 08840. Defendant has distributed, offered for sale, and sold products bearing registered Apple trademarks and trade dress in the United States.

3.      This Court has personal jurisdiction over Defendant.  Defendant has engaged in business activities in this district and directed business activities to this district.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Apple's claims occurred in this judicial district.

5.      This Court has subject matter jurisdiction over Apple's claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 (Federal Question Jurisdiction), 1367 (Supplemental Jurisdiction), and 1338(a)-(b) (Trademark, Copyright, and Unfair Competition Jurisdiction).

6.      Apple owns the following United States Registered Trademarks and registered copyrighted works used in connection with power adapters and accessories for various Apple products (collectively, the "Apple Marks"):

- , Reg. No. 3,679,056
- MAGSAFE, Reg. No. 3,229,791
- EARPODS, Reg. No. 4,891,107
- IPHONE, Reg. No. 3,870,782
- iPhone, Reg. No. 3,669,402
- APPLE, Reg. No. 3,928,818
- IPAD, Reg. No. 4,537,934
- MACBOOK, Reg. No. 3,222,089
- MACBOOK AIR, Reg. No. 3,522,328
- LIGHTNING, Reg. No. 4,726,001

- , Reg. No. 4,726,738
- DESIGNED BY APPLE IN CALIFORNIA, Reg. No. 4,604,456

STIPULATION FOR ENTRY OF CONSENT
JUDGMENT & PERMANENT INJUNCTION AS
MOBILE STAR, LLC & [PROPOSED] ORDER
CASE NO. 3:16-cv-06001-WHO

- Apple Lightning Packaging Artwork, Reg. No. VA 1-871-759

Each of the above-listed registrations is valid and subsisting and was valid and subsisting at the time of all acts alleged herein. Apple has and had the exclusive right to use and license the trademarks identified in each of the registrations. Registration Nos. 3,679,056, 3,229,791, 3,870,782, 3,669,402, 3,222,089, and 3,522,328 are incontestable under 15 U.S.C. § 1065.

7.     Apple contends that Defendant used in commerce reproduction, counterfeits, and/or copies of certain of Apple's marks and copyrighted works, including without limitation some or all of the marks identified by registration number in Paragraph 6 above, in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive. Apple contends that the copies of Apple's marks used by Defendant are identical to or substantially indistinguishable from Apple's genuine marks.

8.     Apple contends that Defendant's acts constitute trademark infringement and counterfeiting in violation of Apple's rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), trademark infringement and false designation of origin in violation of Apple's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), copyright infringement, 17 U.S.C. § 501 *et seq.*, and unfair competition against Apple in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

9.     Apple contends that it has suffered damages and irreparable harm as a result of Defendant's conduct and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of Sections 32(l) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), 17 U.S.C. § 501, and 1125(a), Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

10.     On October 27, 2016, Plaintiff commenced the above-captioned action (the "Civil Action") by filing a Complaint against Defendant.  On August 30, 2017, Plaintiff filed a Second Amended Complaint (the "Second Amended Complaint"), which is the operative complaint, asserting claims against other parties in addition to those against Defendant for trademark

STIPULATION FOR ENTRY OF CONSENT
JUDGMENT & PERMANENT INJUNCTION AS
MOBILE STAR, LLC & [PROPOSED] ORDER
CASE NO. 3:16-cv-06001-WHO

counterfeiting, trademark infringement, false designation of origin, and unfair competition arising under Sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125, and California common law, copyright infringement, 17 U.S.C. § 501 *et seq.*, and unfair competition against Apple, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

11.   Defendant expressly denies any liability in connection with Apple's claims in this litigation.  Notwithstanding Defendant's denial of liability, Defendant consents to the entry of judgment against it on Apple's claims.

12.   Defendant consents to a permanent injunction as follows:

a.   Defendant Mobile Star, LLC and all affiliated or related entities, agents, officers, employees, servants, representatives, successors, assigns, and attorneys, and all those in active concert or participation with any of them, and all other persons acting for, with, by, through or under authority from Defendant, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

i.   manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products bearing the Apple Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant of the Apple Marks, except this Paragraph shall not apply to Apple's genuine branded products;

ii.   acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions referred to in subparagraph (i) above; and

iii.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraph (i) above.

1          b.       Defendant shall, within ten (30) days of the Court's entry of this Judgment,

2      destroy any and all infringing, counterfeit, or otherwise unlawful products of any kind that

3      bear, contain, or incorporate any of the Apple Marks, or any simulation, reproduction,

4      counterfeit, copy, colorable imitation or confusingly similar variant thereof ("Counterfeit

5      Goods") that are in Defendant's possession, custody, or control.

6      13.      Each party shall pay its own attorneys' fees and costs.

7      14.      Defendant waives any right to appeal the consent judgment.

8      15.      This Court retains continuing jurisdiction for purposes of enforcement of the

9      judgment. If any such violation occurs, the Court shall award, (a) without regard to proof of actual

10     damages, an amount the Court deems adequate to compensate Plaintiff for such violation; (b)

11     injunctive relief enjoining any further violation of this Order, or such modifications to the present

12     Order as the Court deems appropriate; and (c) reasonable attorneys' fees, costs and disbursements,

13     as determined by the Court; and (d) such other relief as the Court deems just and proper.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated:  November 21, 2018

2

3    PLAINTIFF APPLE INC.                    DEFENDANT MOBILE STAR, LLC

4
     */s/ Nathan Shaffer*                     */s/ Aaron J. Moss*
5    Thomas H. Zellerbach                     Aaron J. Moss (SBN 190625)
     (SBN 154577)                             AMoss@GreenbergGlusker.com
6    tzellerbach@orrick.com                   Joshua M. Geller (SBN 295412)
     Frances S. Cheever                       JGeller@GreenbergGlusker.com
7    (SBN 287585)                             GREENBERG GLUSKER FIELDS
     fcheever@orrick.com                      CLAMAN & MACHTINGER LLP
8    ORRICK HERRINGTON & SUTCLIFFE LLP        1900 Avenue of the Stars, 21st Floor
     1000 Marsh Road                          Los Angeles, California 90067-4590
9    Menlo Park, CA  94025                    Telephone:  310-553-3610
     Telephone: 650-614-7400                  Facsimile:  310-553-0687
10   Facsimile: 650-614-7401

11   Aravind Swaminathan (Pro Hac Vice)
     aswaminathan@orrick.com
12   ORRICK, HERRINGTON & SUTCLIFFE LLP

13   701 5th Avenue, Suite 5600
     Seattle, WA  98104
14   Telephone: 206-839-4300
     Facsimile: 206-839-4301
15
     Nathan Shaffer
16   (SBN 282015)
     nshaffer@orrick.com
17   ORRICK, HERRINGTON & SUTCLIFFE LLP

18   405 Howard Street
     San Francisco, CA  94105
19   Telephone: 415-773-5700
     Facsimile: 415-773-5759
20
     Alyssa Caridis
21   (SBN 260103)
     acaridis@orrick.com
22   ORRICK, HERRINGTON & SUTCLIFFE LLP

23   777 South Figueroa Street, Suite 3200
     Los Angeles, CA  90017
24   Telephone: 213-612-2372
     Facsimile: 213-612-2499

25

26

27

28
                                             STIPULATION FOR ENTRY OF CONSENT
                                             JUDGMENT & PERMANENT INJUNCTION AS
                        - 6 -                   TO MOBILE STAR, LLC & [PROPOSED]
                                                            ORDER
                                             CASE NO. 3:16-cv-06001-WHO

1    **ORDER FOR ENTRY OF CONSENT JUDGMENT PURSUANT TO STIPULATION**

2           The Court, having considered the Stipulation for Entry of Consent Judgment and

3    Permanent Injunction as to Mobile Star, LLC ("Stipulation"), hereby directs the Clerk of the

4    Court to enter the attached form of Consent Judgment in accordance with the parties' Stipulation

5    and this Order.

6           **IT IS SO ORDERED**.

7

8

9    Dated: _____                    _____
                                                        The Honorable William H. Orrick
                                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR ENTRY OF CONSENT
JUDGMENT & PERMANENT INJUNCTION AS
MOBILE STAR, LLC & [PROPOSED] ORDER
CASE NO. 3:16-cv-06001-WHO

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO

11

12  | APPLE INC., | Case No. 3:16-cv-06001-WHO |
13  | Plaintiff, | **CONSENT JUDGMENT** |
14  | v. | |
15  | MOBILE STAR, LLC, a New York Limited | Judge: Hon. William H. Orrick |
    | Liability Company, *et al.*, | |
16  | | |
17  | Defendants. | |

18                        **CONSENT JUDGMENT**

19       Based on the parties' Stipulation for Entry of Consent Judgment and Permanent Injunction,

20  judgment is hereby entered as follows:

21       1.       The Court has jurisdiction over the parties and the subject matter of this Litigation.

22       2.       This Judgment is hereby entered in favor of Apple against Defendant Mobile Star,

23  LLC.

24            a.       Defendant Mobile Star, LLC and all affiliated or related entities, agents,

25  officers, employees, servants, representatives, successors, assigns, and attorneys, and all

26  those in active concert or participation with any of them, and all other persons acting for,

27  with, by, through or under authority from Defendant, are hereby **PERMANENTLY**

28  **ENJOINED AND RESTRAINED** from:

         i.       manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products bearing the Apple Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant of the Apple Marks, except this Paragraph shall not apply to Apple's genuine branded products;

         ii.      acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions referred to in subparagraph (i) above; and

         iii.     instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraph (i) above.

        b.      Defendant shall, within ten (30) days of the Court's entry of this Judgment, destroy any and all infringing, counterfeit, or otherwise unlawful products of any kind that bear, contain, or incorporate any of the Apple Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof ("Counterfeit Goods") that are in Defendant's possession, custody, or control.

        3.     This Judgment shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers and distributors and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party.

        4.     Each party shall pay its own attorneys' fees and costs.

        5.     Defendant waives any right to appeal the consent judgment.

        6.     This Court retains continuing jurisdiction over this matter to enforce a material violation of this Consent Judgment's terms. If any such violation occurs, the Court shall award, (a)

STIPULATION FOR ENTRY OF CONSENT
JUDGMENT & PERMANENT INJUNCTION AS
MOBILE STAR, LLC & [PROPOSED] ORDER
CASE NO. 3:16-cv-06001-WHO

without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such violation; (b) injunctive relief enjoining any further violation of this Order, or such modifications to the present Order as the Court deems appropriate; and (c) reasonable attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

7.      This Judgment shall be deemed to have been served upon the Parties at the time of its execution by the Court.

**IT IS SO ORDERED.**

Dated: _____                          _____
                                                                                    The Honorable William H. Orrick
                                                                                    United States District Judge

- 10 -

STIPULATION FOR ENTRY OF CONSENT
JUDGMENT & PERMANENT INJUNCTION AS
MOBILE STAR, LLC & [PROPOSED] ORDER
CASE NO. 3:16-cv-06001-WHO

**<u>Local Rule 5-1(i)(3) Attestation</u>**

As the signatory whose ECF login was used for this filing, I attest that concurrence in the filing of the document has been obtained from each of the other signatories.


*/s/ Nathan Shaffer*
_____
Nathan Shaffer

STIPULATION FOR ENTRY OF CONSENT
JUDGMENT & PERMANENT INJUNCTION AS
MOBILE STAR, LLC & [PROPOSED] ORDER
CASE NO. 3:16-cv-06001-WHO