UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>MOBILE STAR, LLC, a New York Limited Liability Company, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-06001-WHO<br><br>**STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT BUYRITE18, INC. AND [PROPOSED] ORDER FOR ENTRY OF CONSENT JUDGMENT**<br><br>Judge: Hon. William H. Orrick |

Plaintiff Apple Inc. (“Plaintiff” or “Apple”) and Defendant BuyRite18, Inc. (“Defendant”) (collectively, the “Parties”) stipulate to the following:

1. Plaintiff Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.

2. Defendant BuyRite18 is a New York corporation with a principal place of business in New York located at 2232 McDonald Avenue, Brooklyn, NY 11223. Defendant has distributed, offered for sale, and sold counterfeit products bearing registered Apple trademarks and trade dress in the United States.

3. This Court has personal jurisdiction over Defendant. Defendant has engaged in business activities in this district, directed business activities to this district, and committed tortious acts with knowledge that the effects of its acts would be felt by Apple in this district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Apple's claims occurred in this judicial district.

5. This Court has subject matter jurisdiction over Apple's claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 (Federal Question Jurisdiction), 1367 (Supplemental Jurisdiction), and 1338(a)-(b) (Trademark, Copyright, and Unfair Competition Jurisdiction).

6. Apple owns the following United States Registered Trademarks used in connection with power adapters and accessories for various Apple products:

- , Reg. No. 3,679,056
- MAGSAFE, Reg. No. 3,229,791
- EARPODS, Reg. No. 4,891,107
- IPHONE, Reg. No. 3,870,782
- iPhone, Reg. No. 3,669,402
- APPLE, Reg. No. 3,928,818
- IPAD, Reg. No. 4,537,934
- MACBOOK, Reg. No. 3,222,089
- MACBOOK AIR, Reg. No. 3,522,328
- LIGHTNING, Reg. No. 4,726,001
- , Reg. No. 4,726,738
- DESIGNED BY APPLE IN CALIFORNIA, Reg. No. 4,604,456

Each of the above-listed registrations is valid and subsisting and was valid and subsisting at the time of all acts alleged herein. Apple has and had the exclusive right to use and license the trademarks identified in each of the registrations. Registration Nos. 3,679,056, 3,229,791, 3,870,782, 3,669,402, 3,222,089, and 3,522,328 are incontestable under 15 U.S.C. § 1065.

7. Defendant used in commerce reproductions, counterfeits, and/or copies of certain of Apple's marks, including without limitation some or all of the marks identified by registration number in Paragraph 6 above, in connection with the sale, offering for sale, distribution, or

advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive. The copies of Apple's marks used by Defendant are identical to or substantially indistinguishable from Apple's genuine marks.

8. Defendant's acts constitute trademark infringement and counterfeiting in violation of Apple's rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), trademark infringement and false designation of origin in violation of Apple's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition against Apple in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

9. Apple has suffered damages and irreparable harm as a result of Defendant's conduct and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of Sections 32(l) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

10. On October 27, 2016, Plaintiff commenced the above-captioned action (the "Civil Action") by filing a Complaint against Mobile Star, LLC. On August 30, 2017, Plaintiff filed a Second Amended Complaint (the "Second Amended Complaint") asserting claims against Defendant and other parties. The Second Amended Complaint alleges claims against Defendant for trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition arising under Sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125, Cal. Bus. & Prof. Code §§ 17200 et seq., and the common law.

11. Defendant consents to the entry of judgment against it on Apple's claims.

12. Defendant consents to a permanent injunction as follows:

a. Defendant BuyRite18, Inc. and all affiliated or related entities, agents, officers, employees, servants, representatives, successors, assigns, and attorneys, and all those in active concert or participation with any of them, and all other persons acting for, with, by, through or under authority from Defendant, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

i. manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products bearing any trademarks or trade dress owned by Apple, now or in the future (collectively, "Apple's Marks"), or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant of Apple's Marks, except this Paragraph shall not apply to Apple's genuine branded products;

ii. copying, imitating, or making unauthorized use of any of Apple's Marks or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof;

iii. using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public falsely to believe that any product not authorized by Apple is in any manner associated or connected with Apple, or is manufactured, distributed, sold, licensed, sponsored, approved or authorized by Apple;

iv. engaging in any other activity constituting infringement of any of Apple's Marks or constituting unfair competition with Apple;

v. disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any physical evidence or documents (including computer records and electronic documents) of any kind, including invoices, books of account, receipts or other documentation, relating to the purchase, sale or distribution of any products bearing Apple's Marks for a period of one (1) year after entry of this Judgment for the purposes of possible future enforcement activities, except with the prior written consent of Apple's counsel or leave of Court;

vi. acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading,

avoiding or otherwise violating the prohibitions referred to in subparagraphs (i) through (v) above; and

vii. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (vi) above.

b. Defendant shall, within ten (10) days of the Court's entry of this Judgment, deliver to Apple's counsel for destruction at Defendant's costs any and all infringing, counterfeit, or otherwise unlawful products of any kind that bear, contain, or incorporate any of the Apple Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof ("Counterfeit Goods") that are in Defendant's possession, custody, or control.

c. Defendant shall notify Apple's counsel on an ongoing basis of any Counterfeit Goods it may receive. Such notification shall be made within five (5) business days of Defendant learning that it has received such Counterfeit Goods and, unless otherwise instructed by Apple or its counsel, Defendant shall turn over such Counterfeit Goods to Apple's counsel within five (5) business days of making such notification. No liability shall attach to Defendant in connection with its timely compliance with this provision, provided Defendant is otherwise in compliance with the terms of this Judgment.

d. Any products turned over to Apple's counsel by Defendant may be destroyed and/or disposed of at Apple's judgment and in such manner as Apple deem appropriate.

13. Each party shall pay its own attorneys' fees and costs.

14. Defendant waives any right to appeal the consent judgment.

15. This Court retains continuing jurisdiction for purposes of enforcement of the judgment. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such violation; (b) injunctive relief enjoining any further violation of this Order, or such modifications to the present

Order as the Court deems appropriate; and (c) reasonable attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

Dated: November 21, 2018

**PLAINTIFF APPLE INC.**

*/s/ Nathan Shaffer*

Thomas H. Zellerbach
(SBN 154577)
tzellerbach@orrick.com
Frances S. Cheever
(SBN 287585)
fcheever@orrick.com
ORRICK HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Aravind Swaminathan (Pro Hac Vice)
aswaminathan@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104
Telephone: 206-839-4300
Facsimile: 206-839-4301

Nathan Shaffer
(SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

Alyssa Caridis
(SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-612-2372
Facsimile: 213-612-2499

**DEFENDANT BUYRITE18, INC.**

*/s/ Abe Lampart*

Abe Lampart
(SBN 92406)
abe@lampartlaw.com
LAW OFFICES OF ABE LAMPART, P.C.
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Telephone: 415-274-0999
Facsimile: 415-274-2563

**ORDER FOR ENTRY OF CONSENT JUDGMENT PURSUANT TO STIPULATION**

The Court, having considered the Stipulation for Entry of Consent Judgment and Permanent Injunction as to BuyRite18, Inc. ("Stipulation"), hereby directs the Clerk of the Court to enter the attached form of Consent Judgment in accordance with the parties' Stipulation and this Order.

**IT IS SO ORDERED**.

Dated: ______________________

______________________
The Honorable William H. Orrick
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

APPLE INC.,

Plaintiff,

v.

MOBILE STAR, LLC, a New York Limited Liability Company, *et al.*,

Defendants.

Case No. 3:16-cv-06001-WHO

**CONSENT JUDGMENT**

Judge: Hon. William H. Orrick

**CONSENT JUDGMENT**

Based on the parties' Stipulation for Entry of Consent Judgment and Permanent Injunction, judgment is hereby entered as follows:

1. The Court has jurisdiction over the parties and the subject matter of this Litigation.

2. This Judgment is hereby entered in favor of Apple against Defendant BuyRite18, Inc. Each party is to bear its own fees and costs.

3. Defendant BuyRite18, Inc. and all affiliated or related entities, agents, officers, employees, servants, representatives, successors, assigns, and attorneys, and all those in active concert or participation with any of them, and all other persons acting for, with, by, through or under authority from Defendant, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

a. manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products bearing any trademarks or trade dress owned by Apple, now or in the future (collectively, "Apple's Marks"), or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant of Apple's Marks, except this Paragraph shall not apply to Apple's genuine branded products;

b. copying, imitating, or making unauthorized use of any of Apple's Marks or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof;

c. using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public falsely to believe that any product not authorized by Apple is in any manner associated or connected with Apple, or is manufactured, distributed, sold, licensed, sponsored, approved or authorized by Apple;

d. engaging in any other activity constituting infringement of any of Apple's Marks or constituting unfair competition with Apple;

e. disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any physical evidence or documents (including computer records and electronic documents) of any kind, including invoices, books of account, receipts or other documentation, relating to the purchase, sale or distribution of any products bearing Apple's Marks for a period of one (1) year after entry of this Judgment for the purposes of possible future enforcement activities, except with the prior written consent of Apple's counsel or leave of Court;

f. acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions referred to in subparagraphs (a) through (e) above; and

g. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

4. Defendant shall, within ten (10) days of the Court's entry of this Judgment, deliver to Apple's counsel for destruction at Defendant's costs any and all infringing, counterfeit, or otherwise unlawful products of any kind that bear, contain, or incorporate any of the Apple Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof ("Counterfeit Goods") that are in Defendant's possession, custody, or control.

5. Defendant shall notify Apple's counsel on an ongoing basis of any Counterfeit Goods it may receive. Such notification shall be made within five (5) business days of Defendant learning that it has received such Counterfeit Goods and, unless otherwise instructed by Apple or its counsel, Defendant shall turn over such Counterfeit Goods to Apple's counsel within five (5) business days of making such notification. No liability shall attach to Defendant in connection with its timely compliance with this provision, provided Defendant is otherwise in compliance with the terms of this Judgment.

6. Any products turned over to Apple's counsel by Defendant may be destroyed at Defendant's expense and/or disposed of at Apple's judgment and in such manner as Apple deem appropriate.

7. This Judgment shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers and distributors and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party.

8. This Court shall retain jurisdiction over this matter to enforce a material violation of this Consent Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such violation; (b) injunctive relief enjoining any further violation of this Order, or such modifications to the present Order as the Court deems appropriate; and (c) reasonable attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

9. This Judgment shall be deemed to have been served upon the Parties at the time of its execution by the Court.

**IT IS SO ORDERED.**

Dated: ___________________

___________________________________
The Honorable William H. Orrick
United States District Judge

**Local Rule 5-1(i)(3) Attestation**

As the signatory whose ECF login was used for this filing, I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

*/s/ Nathan Shaffer*

Nathan Shaffer