| | |
|---|---|
| THOMAS H. ZELLERBACH (SBN 154557)<br>tzellerbach@orrick.com<br>FRANCES S. CHEEVER (SBN 287585)<br>fcheever@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>Telephone:   +1-650-614-7400<br>Facsimile:   +1-650-614-7401<br><br>ARAVIND SWAMINATHAN (*Pro Hac Vice*)<br>aswaminathan@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>701 5th Avenue, Suite 5600<br>Seattle, WA 98104<br>Telephone:   +1-206-839-4300<br>Facsimile:   +1-206-839-4301<br><br>NATHAN SHAFFER (SBN 282015)<br>nshaffer@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94105<br>Telephone:   +1-415-773-5700<br>Facsimile:   +1-415-773-5759<br><br>Attorneys for Plaintiff<br>APPLE INC. | J. Noah Hagey (SBN: 262331)<br>hagey@braunhagey.com<br>Andrew Levine (SBN: 278246)<br>levine@braunhagey.com<br>J. Tobias Rowe (SBN: 305596)<br>rowe@braunhagey.com<br>BRAUNHAGEY & BORDEN LLP<br>351 California Street, 10th Floor<br>San Francisco, CA 94104<br>Telephone:  (415) 599-0210<br>Facsimile:  (415) 276-1808<br><br>Attorneys for Defendant<br>DGL Group, Ltd. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| APPLE INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>MOBILE STAR, LLC, a New York Limited Liability Company, *et al.*,<br><br>          Defendants. | Case No. 3:16-cv-06001-WHO<br><br>**STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT DGL GROUP, LTD. AND ORDER CONSENT JUDGMENT**<br><br>Judge:  Hon. William H. Orrick |

Plaintiff Apple Inc. ("Plaintiff" or "Apple") and Defendant DGL Group, Ltd. ("Defendant") (collectively, the "Parties") stipulate to the following:

1. Plaintiff Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.

2. Defendant DGL Group, Ltd. is a New York corporation with a principal place of business in New Jersey located at 195 Raritan Center Parkway, Edison, New Jersey 08837.

3. This Court has personal jurisdiction over Defendant. Defendant has engaged in business activities in this district and directed business activities to this district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Apple's claims occurred in this judicial district.

5. This Court has subject matter jurisdiction over Apple's claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 (Federal Question Jurisdiction), 1367 (Supplemental Jurisdiction), and 1338(a)-(b) (Trademark, Copyright, and Unfair Competition Jurisdiction).

6. Apple owns the following United States Registered Trademarks used in connection with power adapters and accessories (the "Apple Marks"):

- , Reg. No. 3,679,056
- MAGSAFE, Reg. No. 3,229,791
- EARPODS, Reg. No. 4,891,107
- IPHONE, Reg. No. 3,870,782
- iPhone, Reg. No. 3,669,402
- APPLE, Reg. No. 3,928,818
- IPAD, Reg. No. 4,537,934
- MACBOOK, Reg. No. 3,222,089
- MACBOOK AIR, Reg. No. 3,522,328
- LIGHTNING, Reg. No. 4,726,001
- , Reg. No. 4,726,738
- DESIGNED BY APPLE IN CALIFORNIA, Reg. No. 4,604,456

Apple was the owner of record of each of the above-listed registrations at the time of all acts alleged herein.

7. Apple contends that Defendant used in commerce reproduction, counterfeits, and/or copies of certain of Apple's marks, including without limitation some or all of the marks identified by registration number in Paragraph 6 above, in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive. Apple contends that the copies of Apple's marks used by Defendant are identical to or substantially indistinguishable from Apple's genuine marks.

8. Apple contends that Defendant's acts constitute trademark infringement and counterfeiting in violation of Apple's rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), trademark infringement and false designation of origin in violation of Apple's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), breach of contract between Apple and DGL, and unfair competition against Apple in violation of Cal. Bus. & Prof. Code § 17200 et seq. and the common law of the State of California.

9. Apple contends that Apple has suffered damages and irreparable harm as a result of Defendant's conduct and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts in violation of Sections 32(l) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), and 1125(a), Cal. Bus. & Prof. Code § 17200 et seq. and the common law of the State of California.

10. DGL denies each and every one of Apple's contentions and allegations in paragraphs 7 through 9 and disclaims any liability or wrongdoing whatsoever

11. On July 19, 2017, Plaintiff's First Amended Complaint was deemed filed in the above-captioned action (the "Civil Action"), including claims against Defendant.  On August 30, 2017, Plaintiff filed a Second Amended Complaint (the "Second Amended Complaint"), which is the operative complaint, asserting claims against other parties in addition to those against Defendant for trademark counterfeiting, trademark infringement, false designation of origin, and

- 3 -

STIPULATION FOR ENTRY OF CONSENT JUDGMENT & PERMANENT INJUNCTION AS DGL GROUP, LTD. & ORDER
CASE NO. 3:16-cv-06001-WHO

unfair competition arising under Sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125, and California common law, breach of contract, and unfair competition against Apple, Cal. Bus. & Prof. Code §§ 17200 *et seq*. DGL denies any liability as to the allegations set forth in the First Amended Complaint and Second Amended Complaint.

    12.    Without any admission of liability or wrongdoing, and without admitting the truth of any of Apple's claims, Defendant consents to the entry of judgment against it as set forth below.

    13.    Defendant consents to a permanent injunction as follows:

    a.    Defendant DGL Group, Ltd. and all affiliated or related entities, agents, officers, principals, employees, servants, representatives, successors, assigns, and attorneys, and all other persons acting for, with, by, through or under authority from Defendant, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

    i.    manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products bearing the Apple Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant of the Apple Marks, except this Paragraph shall not apply to Apple's genuine branded products;

    ii.    copying, imitating, or making unauthorized use of any of the Apple Marks or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof;

    iii.    using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public falsely to believe that any product not authorized by Apple is in any manner associated or connected with Apple, or is manufactured, distributed, sold, licensed, sponsored, approved or authorized by Apple;

    iv. engaging in any other activity constituting infringement of any of the Apple Marks

    v. acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions referred to in subparagraphs (i) through (iv) above; and

    vi. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v) above.

  b. Defendant shall, within ten (10) days of the Court's entry of this Judgment, destroy at its own cost any and all infringing, counterfeit, or otherwise unlawful products of any kind that bear, contain, or incorporate any of the Apple Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof ("Counterfeit Goods") that are in Defendant's possession, custody, or control.

14. Each party shall pay its own attorneys' fees and costs.

15. Defendant waives any right to appeal the consent judgment.

16. This Court retains continuing jurisdiction for purposes of enforcement of the judgment and to issue such orders, modifications, and awards for damages, costs, and fees as the Court deems appropriate.

| | | |
|---|---|---|
| 1 | **PLAINTIFF APPLE INC.** | **DEFENDANT DGL GROUP, LTD.** |
| 2 | | |
| 3 | /s/ Nathan Shaffer<br>Thomas H. Zellerbach | /s/ Andrew Levine<br>J. Noah Hagey |
| 4 | (SBN 154577)<br>tzellerbach@orrick.com<br>Frances S. Cheever | Andrew Levine<br>J. Tobias Rowe<br>BRAUNHAGEY & BORDEN LLP |
| 5 | (SBN 287585)<br>fcheever@orrick.com | 351 California Street, Tenth Floor<br>San Francisco, CA 94104 |
| 6 | ORRICK HERRINGTON & SUTCLIFFE LLP | Telephone: (415) 599-0210<br>Facsimile: (415) 276-1808 |
| 7 | 1000 Marsh Road<br>Menlo Park, CA 94025 | hagey@braunhagey.com<br>levine@braunhagey.com |
| 8 | Telephone: 650-614-7400<br>Facsimile: 650-614-7401 | rowe@braunhagey.com |

(Lines 9-28 continue with additional Orrick attorneys:)

Aravind Swaminathan (Pro Hac Vice)
aswaminathan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104
Telephone: 206-839-4300
Facsimile: 206-839-4301

Nathan Shaffer
(SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

Alyssa Caridis
(SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-612-2372
Facsimile: 213-612-2499

- 6 -

STIPULATION FOR ENTRY OF CONSENT JUDGMENT & PERMANENT INJUNCTION AS TO DGL GROUP, LTD. & ORDER
CASE NO. 3:16-cv-06001-WHO

**ORDER FOR ENTRY OF CONSENT JUDGMENT PURSUANT TO STIPULATION**

The Court, having considered the Stipulation for Entry of Consent Judgment and Permanent Injunction as to DGL Group, Ltd. ("Stipulation"), hereby directs the Clerk of the Court to enter the attached form of Consent Judgment in accordance with the parties' Stipulation and this Order.

**IT IS SO ORDERED**.

Dated: _____   _____
                                 The Honorable William H. Orrick
                                 United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MOBILE STAR, LLC, a New York Limited Liability Company, *et al.*,<br><br>    Defendants. | Case No. 3:16-cv-06001-WHO<br><br>**CONSENT JUDGMENT**<br><br>Judge: Hon. William H. Orrick |

**CONSENT JUDGMENT**

Based on the parties' Stipulation for Entry of Consent Judgment and Permanent Injunction, judgment is hereby entered as follows:

1. The Court has jurisdiction over the parties and the subject matter of this Litigation.

2. This Judgment is hereby entered in favor of Apple against Defendant DGL Group, Ltd.

    a. Defendant DGL Group, Ltd. and all affiliated or related entities, agents, officers, principals, employees, servants, representatives, successors, assigns, and attorneys, and all other persons acting for, with, by, through or under authority from Defendant, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

      i. manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products bearing the Apple Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant of the Apple Marks, except this Paragraph shall not apply to Apple's genuine branded products;

      ii. copying, imitating, or making unauthorized use of any of the Apple Marks or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof;

      iii. using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public falsely to believe that any product not authorized by Apple is in any manner associated or connected with Apple, or is manufactured, distributed, sold, licensed, sponsored, approved or authorized by Apple;

      iv. engaging in any other activity constituting infringement of any of the Apple Marks

      v. acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions referred to in subparagraphs (i) through (iv) above; and

      vi. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v) above.

    b. Defendant shall, within ten (10) days of the Court's entry of this Judgment, destroy at its own cost any and all infringing, counterfeit, or otherwise unlawful products of any kind that bear, contain, or incorporate any of the Apple Marks, or any simulation,

reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof ("Counterfeit Goods") that are in Defendant's possession, custody, or control.

3. This Judgment shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers and distributors and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party.

4. Each party shall pay its own attorneys' fees and costs.

5. Defendant waives any right to appeal the consent judgment.

6. This Court retains continuing jurisdiction for purposes of enforcement of the judgment and to issue such orders, modifications, and awards for damages, costs, and fees as the Court deems appropriate.

This Judgment shall be deemed to have been served upon the Parties at the time of its execution by the Court.

**IT IS SO ORDERED.**

Dated: January 7, 2019

_____
The Honorable William H. Orrick
United States District Judge

**Local Rule 5-1(i)(3) Attestation**

As the signatory whose ECF login was used for this filing, I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Nathan Shaffer*
　　　　　　　　　　　　　　　　　　　　　　　　　Nathan Shaffer